UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

EDGEWOOD HIGH SCHOOL OF THE
SACRED HEART, INC.,

        Case No.: 3:21-cv-00118

        Plaintiff,

v.

CITY OF MADISON, WISCONSIN, *et al.*

        Defendants.

---

**FRCP 26(f) JOINT DISCOVERY PLAN AND PRELIMINARY PRETRIAL CONFERENCE REPORT**

---

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Governing Preliminary Conferences, Plaintiff, Edgewood High School of the Sacred Heart, Inc., ("Plaintiff") and Defendants, City of Madison, Wisconsin; City of Madison Zoning Board of Appeals; City of Madison Plan Commission; City of Madison Common Council; Zoning Administrator Matthew Tucker in his official capacity; Director of Madison Building Inspection Division George Hank in his official capacity; and Alder Tag Evers in his official capacity ("Defendants"), by and through their respective counsel, submit the following Preliminary Pre-Trial Conference Report and Joint Discovery Plan:

**I.**     **Concise Statement of the Nature of the Case.**

<u>Plaintiff</u>:   Plaintiff alleges that Defendants violated the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc, *et seq.* ("RLUIPA"), as well as the Federal Constitution, Wisconsin Constitution, and Wisconsin state law by interpreting and applying the City of Madison's ordinances and land use regulations in a manner that wrongly prohibited Edgewood from installing lights on and fully using its athletic field. In particular, Plaintiff alleges that

Defendants acted unlawfully by (1) withholding a fully compliant and granted lighting permit in February 2019; (2) issuing and upholding citations to Edgewood for using its athletic field for daytime "athletic contests" or any other activity beyond physical education classes or practices in the spring/summer of 2019; (3) denying a fully compliant lighting permit in September 2019; (4) delaying Edgewood's requested repeal of its Master Plan until Defendants could change the underlying law upon which Edgewood's requested repeal was predicated; and (5) denying Edgewood's application for a conditional use permit without the requisite evidence to support denial. Edgewood alleges that Defendants' actions have treated Edgewood unequally and substantially burdened the exercise of its sincerely held religious beliefs in, among other ways, denying Edgewood all practical use of its field at night, including for sporting, religious, and community activities, and negatively impacting outreach and enrollment. Edgewood seeks damages and attorneys' fees for injuries; injunctive and mandamus relief requiring Defendants to issue the allegedly wrongfully withheld lighting permits; a declaration of the parties' rights and obligations; a prospective injunction against future violative practices; and, in the alternative, injunctive and mandamus relief requiring Defendants to grant and issue Edgewood a conditional use permit.

Defendants: Defendants maintain that Edgewood's complaint fails to support most of the federal claims that Edgewood brings and includes many allegations that are confusing, immaterial, and irrelevant. Thus, on April 19, 2021, Defendants filed a motion to dismiss Edgewood's federal claims except in one narrow respect, and moved to strike immaterial and irrelevant portions from Edgewood's 344-paragraph complaint (with over 20 attached exhibits). Edgewood filed an opposition brief on May 10, 2021. In addition, for the few remaining claims, there is no liability and Plaintiff is not entitled to any relief.

**II.     Names of Any Related Cases.**

There are no "related cases" as that term is defined in the Civil Cover Sheet. However, a prior, similar case was filed by Edgewood on August 21, 2019, and voluntarily dismissed on February 10, 2020. That prior case was captioned *Edgewood High School of the Sacred Heart, Inc. v. City of Madison, Wisconsin, et al.*, No. 3:19-cv-683, and was assigned to Judge Conley.

**III.    Specific Statement of the Material Factual and Legal Allegations to Be Resolved at Trial.**

<u>Plaintiff</u>:  Plaintiff anticipates litigating at least the following issues:

- Whether Defendants violated RLUIPA's Equal Terms Provision, 42 U.S.C. § 2000cc(b)(1).

- Whether Defendants violated RLUIPA's Substantial Burden Provision, 42 U.S.C. § 2000cc(a)(1).

- Whether Edgewood's Master Plan distinguishes Edgewood from their fellow Campus-Institutional District zoned-schools in the processes and requirements for the granting and issuing of light permits under Madison's ordinances.

- Whether Defendants correctly and consistently interpreted Edgewood's Master Plan to prohibit "athletic contests" and all other uses of Edgewood's athletic field not specified in the Master Plan.

- Whether Defendants correctly and consistently interpreted Edgewood's Master Plan to prohibit the installation of athletic field lights for all uses.

- Whether the Madison Metropolitan School District schools, including James Madison Memorial High School, and the University of Wisconsin-Madison are "comparators" for purposes of RLUIPA's Equal Terms Provision.

- Whether Defendants violated the First Amendment to the Federal Constitution, as incorporated by the Fourteenth Amendment.

- Whether Defendants' prohibition of "athletic contests" on Edgewood's athletic field was unconstitutionally vague and thus violated Edgewood's Due Process Rights.

- Whether Defendants violated Edgewood's vested rights under Wisconsin state law.

- Whether the lighting permit applications submitted by Edgewood in February and September of 2019 complied with applicable zoning laws when filed.

- Whether Defendants' denial of Edgewood's application for a conditional use permit to install lights violated state and local law.

- Whether the Plan Commission and Common Council denied Edgewood's conditional use application based on "substantial evidence."

- Whether Defendants violated Article I, Section 18 of the Wisconsin Constitution.

- Whether Defendants' acts caused Plaintiff damages.

Defendants:  Defendants believe that many of the above items may be resolved on the pleadings or at the summary judgment phase. Defendants disagree that Edgewood's former Master Plan (or the City's interpretation of it) remains at issue, after Edgewood voluntarily withdrew that Master Plan and submitted an application under the City's newly enacted conditional-use process. Defendants respectfully submit that it would be a waste of judicial and municipal resources to require factfinding on issues that will have no bearing on liability or potential recovery. It is impossible to know at this juncture what material and legal issues will likely need to be resolved at trial, given the motions to dismiss and strike, which are likely to dramatically focus or narrow the scope of the litigation. Defendants request that this Court set specific case deadlines in this matter only after ruling on the pending motions.

**IV.   Amendments to the Pleadings.**

Plaintiff does not intend to amend its Complaint absent the Court granting Defendants' Partial Motion to Dismiss and/or Motion to Strike. In the event that either motion is granted, Plaintiff will amend its pleadings, if at all, in accordance with any deadlines provided by the Court.

**V.   Any New Parties to Be Added.**

None at this time.

**VI.   Estimated Length of Trial.**

Plaintiff:  Seven (7) to ten (10) days.

Defendants:  Defendants maintain that the length of trial will be highly dependent upon what issues remain after the motions to dismiss and to strike are decided. Defendants request that this Court set specific case deadlines in this matter, including a trial date, only after ruling on the pending motions to dismiss and to strike. Defendants do not expect that a trial of any scope in this case would require seven days, Plaintiff's minimal estimate.

**VII.   Other Matters Affecting the Just, Speedy, and Inexpensive Determination of the Case, or Which the Court Should Consider in Setting the Schedule.**

Plaintiff:  Plaintiff states that it believes time is of particular essence in this matter. If this matter is unnecessarily delayed, current Edgewood students that graduate or whose sporting seasons have passed while this litigation is pending will have missed all of the community, religious, and sporting opportunities and activities that come with Edgewood being able to use its field at night, even if Edgewood ultimately prevails.  Moreover, prospective students considering Edgewood will face continued uncertainty about Edgewood's ability to provide comparable uses of its facilities for its students as those enjoyed by students at other local public high schools. Accordingly, Plaintiff requests the Court only stay discovery on those issues that will be fully disposed of should the Court grant Defendants' pending motion to dismiss.

Defendants: Defendants disagree that this case must proceed outside of the ordinary course and object to Plaintiff's presentation of these arguments without evidence to support them at this stage of the litigation. Defendants oppose Plaintiff's request to alter the discovery stay pending resolution of the motions to dismiss and to strike. While Plaintiff makes reference to time being of the essence, Defendants note that Edgewood had previously sued many of the same Defendants before making similar allegations, and then voluntarily dismissed its case on February 10, 2020.

### VIII. Proposed Case Schedule.

Plaintiff: Plaintiff recognizes that, per the Court's Standing Order on Preliminary Pre-Trial Conferences, this case will be stayed, at least in part, for 12 weeks from the date of Defendants' reply brief. The Plaintiff accordingly has incorporated that stay into its proposed deadlines.

Plaintiff's Proposed Case Schedule

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(1)(A) initial disclosures | September 7, 2021, or thirty (30) days after the Court's ruling on pending motion to dismiss |
| Deadline for adding new parties | October 1, 2021, or in accordance with the Court's order on pending motion to dismiss |
| Deadline for amendments to pleading | October 1, 2021, or in accordance with the Court's order on pending motion to dismiss |
| Plaintiff's Rule 26(a)(2) expert disclosures | December 15, 2021 |
| Defendant's Rule 26(a)(2) expert disclosures | February 15, 2022 |
| Rebuttal expert reports of all parties | March 15, 2022 |
| Dispositive motions deadline | April 1, 2022 |
| Fact Discovery cutoff (non-expert) | May 1, 2022 |
| Expert witness discovery cutoff | May 1, 2022 |

| Rule 26(a)(3) disclosures and all motions in limine | July 15, 2022 |
|---|---|
| Final pretrial conference | August 23, 2022 |
| Trial | September 8-16, 2022 |

Defendants:  Defendants request that this Court set a case schedule and deadlines in this matter only after ruling on the pending motions to dismiss and to strike. Defendants vigorously deny that Edgewood suffers irreparable harm while the litigation is pending and disagree that the denial of a conditional use permit for outdoor lights on an athletic field constitutes a substantial burden on religious exercise or offends the law in any other way. The Court's rulings on the motions to dismiss and to strike may significantly narrow or focus the litigation, and therefore Defendants maintain that the Court and the parties would be better served to wait until the contours of the litigation are better understood. In fact, Defendants may move to extend the stay of discovery if the Court has not ruled on the motion to dismiss at the end of the current 12-week stay, especially considering that some of Plaintiff's allegations stretch back over a century. At a bare minimum, counsel for Defendants attends an annual family vacation that runs through the Labor Day weekend and requests a trial date be selected later in the fall to permit adequate trial preparation, should one be selected now.

Discovery Plan

Plaintiff:  All discovery shall be completed in accordance with the above Proposed Case schedule. Subjects on which discovery may be needed include (1) liability; (2) damages; and (3) any and all subjects reasonably related to the pleadings.

Plaintiff anticipates that discovery may include written interrogatories, requests for production of documents, requests for admissions, lay witness depositions, and expert depositions.

Plaintiff anticipates that any depositions will take place in or around Madison, Wisconsin or at another mutually agreeable location.

Defendants:  Defendants request that this Court set a case schedule and deadlines in this matter, including those relating to discovery, only after ruling on the pending motions to dismiss and to strike.

IX. **Other Issues**.

    A.    **Settlement Discussion/ADR Plans**

If the parties are unable to resolve this matter on their own, they will consider whether ADR is appropriate, including but not limited to a settlement conference before Magistrate Oppeneer.

    B.    **Electronic Service.**

The parties' consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E). For documents not filed with the Court, service shall be made to those email addresses for counsel set forth on the Court's electronic docket, with such service deemed complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

    C.    **Electronic Copies**

The parties agree that copies of all written discovery requests shall be provided and/or served electronically in text-searchable form, that produced documents are bates-numbered (or, for spreadsheets, videos, and other items not easily displayed on paper format, produced natively), and that copies of all proposed findings of fact as required by the Court's standing order, in addition to being filed, shall be provided via email in text-searchable form.

D.  **Protective Order / Privileged Matter**

<u>Joint</u>: Before discovery, the parties will seek from the Court the entry of a Protective Order governing confidential information if necessary, in a form to be agreed upon by the parties.

<u>Plaintiff</u>: Plaintiff proposes that the inadvertent disclosure of privileged or otherwise protected materials shall be governed by Fed. R. Civ. P. 26(b)(5)(B). Plaintiff further proposes that communications or documents that are privileged or protected as work product and that are generated after the commencement of this litigation need not be included in a privilege log under Fed. R. Civ. P. 26(b)(5).

<u>Defendants</u>: Defendants do not stipulate at this stage of the litigation to any modification of the Federal Rules of Civil Procedure but remain open to discussing that issue with Plaintiff at the appropriate juncture, if necessary.

E.  **Electronically Stored Information ("ESI")**

The parties anticipate that discovery may include the review and production of electronically stored information ("ESI"). The parties intend to work cooperatively to minimize the burden associated with the review and production of ESI at the appropriate stage of the litigation. At that time, the parties further intend to work cooperatively to identify an appropriate form or forms of ESI production that will enable all parties to produce, store, organize, and access ESI in an appropriate and cost-efficient manner.

At this time, the parties do not see the need to agree to or submit a separate ESI protocol. However, they will do so if it becomes necessary.

Dated: May 14, 2021

| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEY FOR DEFENDANTS** |
|---|---|
| By: *s/Paul Covaleski* | By: *s/Barry Blonien* |
| Mike Wittenwyler | Barry J. Blonien |
| State Bar No. 1025895 | State Bar No. 10778848 |
| Jonathan Ingrisano | BOARDMAN & CLARK, LLP |
| State Bar No. 1033977 | 1 South Pinckney Street, Suite 410 |
| Paul Covaleski | P.O. Box 927 |
| State Bar No. 1117236 | Madison, WI 53701-0927 |
| GODFREY KAHN S.C. | Phone: 608-257-9521 |
| One East Main Street, Suite 500 P.O. Box 2719 Madison, WI 53701-2719 | Fax: 608-283-1709 |
| Phone: 608-257-3911 | bblonien@boardmanclark.com |
| Fax: 608-257-0609 | |
| mwittenwyler@gklaw.com | |
| jingrisano@gklaw.com | |
| pcovaleski@gklaw.com | |

DALTON & TOMICH, PLC

*Noel W. Sterett
IL Bar No. 6292008
*Sorin A. Leahu
IL Bar No. 6315515
401 W. State Street
Rockford, IL 61101
(815) 986-8050 (telephone)
(313) 859-8888 (facsimile)
nsterett@daltontomisch.com
sleahu@daltontomich.com

*Admitted *Pro Hac Vice*