UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

EDGEWOOD HIGH SCHOOL OF THE
SACRED HEART, INC.,

        Plaintiff,

v.

CITY OF MADISON, WISCONSIN, *et al.*,

        Defendants.

Case No. 3:21-cv-00118

---

**PLAINTIFF EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC.'S
INTERROGATORIES TO ALL DEFENDANTS**

---

TO:   City of Madison, Wisconsin
       City of Madison Zoning Board of Appeals
       City of Madison Plan Commission
       City of Madison Common Council
       Zoning Administrator Matthew Tucker
       Director George Hank
       Alder Tag Evers
       c/o Attorney Sarah A. Zylstra
       Boardman & Clark LLP
       1 South Pinckney Street, Suite 410
       Madison, WI  53701

Plaintiff Edgewood High School of the Sacred Heart, Inc. ("Edgewood"), by their attorneys, Godfrey & Kahn, S.C., hereby requests that Defendants, in accordance with the Definitions and Instructions set forth below, answer under oath each of the following Interrogatories, pursuant to Federal Rules of Civil Procedure 26 and 33. Responses to these Interrogatories shall be served upon Plaintiff's counsel by email or at the offices of Godfrey & Kahn, S.C., One East Main St., Suite 500 Madison, WI 53703, no later than thirty (30) days from service thereof.

**EXHIBIT B**

**DEFINITIONS AND INSTRUCTIONS**

1. <u>Document</u>:  The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

2. <u>Communication</u>:  The term "Communication" shall mean any inquiry, discussion, conversation, negotiation, agreement, undertaking, meeting, conference, telephone conversation, correspondence, email, text message, social media message, chat, note, telegram or any other form of contact between two or more persons, whether oral or written, formal or informal

3. <u>Relating to, Relate to, Relates to</u>:  The terms "relating to," "relate to" and "relates to" are defined broadly as in any way concerning, comprising, containing, evidencing, mentioning, respecting, bearing on, referring to, being connected with, pertaining to, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

4. <u>Plaintiff, Edgewood</u>:  The terms "Plaintiff" or "Edgewood" mean Edgewood High School of the Sacred Heart, Inc., in its individual capacity, its agents, employees, representatives, and/or all other persons and/or entitles acting for or on its behalf.

5. <u>Defendants, You, Your</u>:  The terms "Defendants," "You," or "Your," mean City of Madison, City of Madison Zoning Board of Appeals, City of Madison Plan Commission, City of Madison Common Council, Zonging Administrator Matthew Tucker, in his official capacity, Director of Madison's Building Inspection Division George Hank, in his official capacity, and Alder Tag Evers, in his official capacity, their agents, employees, representatives, and/or all other persons and/or entities acting for or on their behalf.

2

6. <u>Identify</u>:

    a. The term "Identify," with respect to a natural Person, includes and means to state such Person's (i) full name, (ii) present or last known residential address and telephone number, (iii) present or last known occupation, title, and employer or business affiliation, (iv) present or last known business address and telephone number, and (v) relationship with You. Once a Person has been identified in accordance with this paragraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

    b. The term "Identify," with respect to a non-natural Person, means to state (i) the Person's full corporate name, and any name under which it does business, (ii) its legal form and place of incorporation or organization, (iii) the present or last known address and telephone number of the Person's principal place of business, (iv) its primary business or activity, and (v) its relationship with you. Once a Person has been identified in accordance with this paragraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

    c. The term "Identify," with respect to a Document, means to (i) state its title, (ii) state the date it bears, (iii) state the date it was prepared, (iv) describe the general type of Document (*i.e.*, letter, memorandum, invoice, etc.), (v) describe its physical form and how many pages it contains, (vi) describe its subject matter and contents in detail, (vii) Identify the present or last known Location and custodian of it and its original, (viii) Identify any Person who prepared it, (ix) Identify any Person who transmitted it, (x) Identify any Person who received it, (xi) Identify any Person who read it, (xii) describe which portions of it You read and relied upon, and (xiii) state whether any

draft or other copy of the Document exists that differs in any way from the original Document, and if so, the information requested above with respect to each such draft or copy.

      d.      The term "Identify," with respect to a Communication, means to (i) state the date, time and location it occurred, (ii) state its subject matter and contents, (iii) describe the method or means of the Communication, (iv) Identify any Person who was involved with or witnessed it and describe in detail the Person's participation, including the substance of what each Person said, did, or Communicated, and (v) Identify any Document or Communication relating to it.

      e.      The term "Identify," with respect to an act, event, occurrence, or fact means to (i) provide a detailed description of it, (ii) Identify any Person who was present during, participated in, or witnessed it, (iii) state the date, time and location of it, and (iv) Identify any Document or Communication relating to it.

7.      As used herein, the singular includes the plural, and the plural includes the singular.  Words of one gender include words of all gender, including the neutral

8.      Answer each Interrogatory separately, fully, in writing and under oath, unless it is objected to, in which event the reasons for the objection must be stated in lieu of an answer.  To the extent any information requested in the following Interrogatories is unknown to you, state so, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.  If any estimate can reasonably be made in place of the unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis

upon which the estimate is made. Evasive or incomplete answers are deemed a failure under Federal Rule of Civil Procedure 26.

9. If you rely on a privilege as a basis for not providing a response to any Interrogatory in whole or in part, the basis for your claim of privilege must be described in sufficient detail in a privilege log to permit the court to adjudicate the validity of the claim. The privilege log should identify the applicable Interrogatory and the basis for the claim of privilege.

10. The following Interrogatories are continuing in nature. You must supplement any response if you obtain information or documents from which you know that your response was incorrect or incomplete when made, or that the response is no longer true; failure to amend the response and/or produce subsequently discovered documents is in substance a knowing concealment.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For the individual Defendants, identify all emails used by you, including personal emails, from which you sent or received emails related to or referencing Edgewood's use of its athletic field.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify all admissions or statements against interest that You contend the Plaintiff or its agents and representatives have made that support Your defenses or contentions, and for each such statement identify all documents relating to or evidencing each admission or statement against interest.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify all persons participating in or contributing to the drafting of the May 11, 2020 Staff Recommendation to conditionally grant Edgewood's conditional use permit.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify all outdoor lighting permits denied to Madison-area schools between 2013 to present.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify all athletic fields associated with public or private school campuses that are not permitted to host athletic contests.

**RESPONSE**:

**INTERROGATORY NO. 6:** Identify all City of Madison officials or employees who reviewed or were consulted about Edgewood's outdoor lighting applications in 2019 and 2020.

**RESPONSE:**

**INTERROGATORY NO. 7:** Identify all drafters, contributors, sponsors and co-sponsors of ORD-19-00069.

**RESPONSE:**

**INTERROGATORY NO. 8:** Identify all city-owned parks and recreational areas that incorporate outdoor lighting sufficient to permit nighttime athletic events and activities, including football, baseball, hockey, basketball, softball, ice skating, roller skating/blading, skateboarding, tennis, pickleball, frisbee golf, soccer, lacrosse, and track and field.

**RESPONSE:**

**INTERROGATORY NO. 9:** Identify all permitted uses of Edgewood's athletic field during the effective dates of Edgewood's Master Plan.

**RESPONSE:**

Dated this 2nd day of November, 2021.

          Respectfully Submitted,

          GODFREY & KAHN, S.C.

          *s/ Paul Covaleski*
          Mike Wittenwyler (SBN 1025895)
          Jonathan Ingrisano (SBN 1033977)
          Paul Covaleski (SBN 1117236)
          One East Main Street, Suite 500
          P.O. Box 2719
          Madison, WI 53701
          Phone: 608-257-3911
          Fax: 608-257-0609
          mwittenw@gklaw.com
          jingrisa@gklaw.com
          pcovaleski@gklaw.com

          DALTON & TOMICH, PLC

          *Noel W. Sterett (IL 6292008)
          401 W. State St., Suite 509
          Rockford, IL 61101
          (815) 986-8050 (telephone)
          (313) 859-8888 (facsimile)
          nsterett@daltontomich.com

          *Admitted *Pro Hac Vice*

          *Attorneys for Plaintiff*

26006441.3