UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

EDGEWOOD HIGH SCHOOL OF THE
SACRED HEART, INC.,

        Plaintiff,

v.

CITY OF MADISON, WISCONSIN, *et al.*,

        Defendants.

Case No. 3:21-cv-00118

---

**PLAINTIFF EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC.'S
REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

---

TO:   City of Madison, Wisconsin
       City of Madison Zoning Board of Appeals
       City of Madison Plan Commission
       City of Madison Common Council
       Zoning Administrator Matthew Tucker
       Director George Hank
       Alder Tag Evers
       c/o Attorney Sarah A. Zylstra
       Boardman & Clark LLP
       1 South Pinckney Street, Suite 410
       Madison, WI  53701

Plaintiff Edgewood High School of the Sacred Heart, Inc. ("Edgewood"), by their attorneys, Godfrey & Kahn, S.C., hereby requests that Defendants, in accordance with the Definitions and Instructions set forth below, answer under oath each of the following Requests for Production of Documents ("Requests"), pursuant to Federal Rules of Civil Procedure 26 and 34.  Responses to these Requests shall be served upon Plaintiff's counsel by email or at the offices of Godfrey & Kahn, S.C., One East Main St., Suite 500 Madison, WI 53703, no later than thirty (30) days from service thereof.

**EXHIBIT C**

## **DEFINITIONS AND INSTRUCTIONS**

1. Document:  The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

2. Communication:  The term "Communication" shall mean any inquiry, discussion, conversation, negotiation, agreement, undertaking, meeting, conference, telephone conversation, correspondence, email, text message, social media message, chat, note, telegram or any other form of contact between two or more persons, whether oral or written, formal or informal.

3. Relating to, Relate to, Relates to:  The terms "relating to," "relate to" and "relates to" are defined broadly as in any way concerning, comprising, containing, evidencing, mentioning, respecting, bearing on, referring to, being connected with, pertaining to, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

4. Plaintiff, Edgewood:  The terms "Plaintiff" or "Edgewood" mean Edgewood High School of the Sacred Heart, Inc., in its individual capacity, its agents, employees, representatives, and/or all other persons and/or entitles acting for or on its behalf.

5. Defendants, You, Your:  The terms "Defendants," "You," or "Your," mean City of Madison, City of Madison Zoning Board of Appeals, City of Madison Plan Commission, City of Madison Common Council, Zonging Administrator Matthew Tucker, in his official capacity, Director of Madison's Building Inspection Division George Hank, in his official capacity, and Alder Tag Evers, in his official capacity, their agents, employees, representatives, and/or all other persons and/or entities acting for or on their behalf.

6.     <u>Identify</u>:

    a.  The term "Identify," with respect to a natural Person, includes and means to state such Person's (i) full name, (ii) present or last known residential address and telephone number, (iii) present or last known occupation, title, and employer or business affiliation, (iv) present or last known business address and telephone number, and (v) relationship with You.  Once a Person has been identified in accordance with this paragraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

    b.  The term "Identify," with respect to a non-natural Person, means to state (i) the Person's full corporate name, and any name under which it does business, (ii) its legal form and place of incorporation or organization, (iii) the present or last known address and telephone number of the Person's principal place of business, (iv) its primary business or activity, and (v) its relationship with you.  Once a Person has been identified in accordance with this paragraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

    c.  The term "Identify," with respect to a Document, means to (i) state its title, (ii) state the date it bears, (iii) state the date it was prepared, (iv) describe the general type of Document (*i.e.*, letter, memorandum, invoice, etc.), (v) describe its physical form and how many pages it contains, (vi) describe its subject matter and contents in detail, (vii) Identify the present or last known Location and custodian of it and its original, (viii) Identify any Person who prepared it, (ix) Identify any Person who transmitted it, (x) Identify any Person who received it, (xi) Identify any Person who read it, (xii) describe which portions of it You read and relied upon, and (xiii) state whether any

draft or other copy of the Document exists that differs in any way from the original Document, and if so, the information requested above with respect to each such draft or copy.

   d. The term "Identify," with respect to a Communication, means to (i) state the date, time and location it occurred, (ii) state its subject matter and contents, (iii) describe the method or means of the Communication, (iv) Identify any Person who was involved with or witnessed it and describe in detail the Person's participation, including the substance of what each Person said, did, or Communicated, and (v) Identify any Document or Communication relating to it.

   e. The term "Identify," with respect to an act, event, occurrence, or fact means to (i) provide a detailed description of it, (ii) Identify any Person who was present during, participated in, or witnessed it, (iii) state the date, time and location of it, and (iv) Identify any Document or Communication relating to it.

  7. As used herein, the singular includes the plural, and the plural includes the singular.  Words of one gender include words of all gender, including the neutral.

  8. If you rely on a privilege as a basis for not providing a response to any Request in whole or in part, the basis for your claim of privilege must be described in sufficient detail in a privilege log to permit the court to adjudicate the validity of the claim.  The privilege log should identify the applicable Request and the basis for the claim of privilege.

  9. In responding to the following Document Requests, you are required to make a diligent search and furnish all documents that are available to you, including things in the possession, custody, or control of any of your representatives, including, without limitation, your attorneys, accountants, advisors, agents, or other persons directly or indirectly employed you,

and anyone else otherwise subject to your control. Responsive documents shall be produced as they are kept in the ordinary course of business or in a manner organized and clearly labeled to correspond to the following Document Requests. If there are no documents or things responsive to a particular request, state so in writing.

10. Produce electronically stored information ("ESI") in black-and-white, single-page, 300 DPI, Group IV TIFF images or in color in JPEG/JPG image format. Each image should be labeled with a production number on the corresponding page and as an electronically stamped filename (*e.g.*, BATES0000001.TIF). All production documents will be produced with extracted text and load file including the following metadata fields: Start Bates No., End Bates No., Attach Begin, Attach End, File Name, Document Created Date, Document Created Time, Document Last Modified Date, Document Last Modified Time, Document Last Accessed Date, Document Last Accessed Time, File Type, Text Link (path to text), Native Link (path to native file), and Confidentiality Designation. Certain documents that become illegible or unusable when converted to TIFF image or JPEG/JPG format (Microsoft Excel files, Microsoft Project, media files, and html files), must be produced in native format with a placeholder sheet, unless they contain information that requires redaction. Defendants preserve their rights to seek additional electronic documents in their native format.

11. If you deem any documents sought by the following Document Requests to be privileged or otherwise protected from discovery, you must nevertheless provide the following information:

    a. the nature of the privilege asserted;

    b. the person asserting the privilege; and

    c. a description and identification of the requested documents sufficient to frame an appropriate demand for the document and a motion to compel disclosure, setting forth at least the following:

    (i)  the author and/or signatory of the document;

    (ii)  the date of the document;

    (iii)  the identity of the addressee and all others who have received or read the document;

    (iv)  the identity of those who have knowledge of the matters contained in the document;

    (v)  whether the requested documents have any other documents appended to, included with, attached to, incorporated by, or referred to in them;

    (vi)  whether such other documents have been produced in response to any of these requests; and

    (vii)  the general subject matter of the document.

  12.  The following Requests are continuing in nature. You must supplement any response if you obtain information or documents from which you know that your response was incorrect or incomplete when made, or that the response is no longer true; failure to amend the response and/or produce subsequently discovered documents is in substance a knowing concealment.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce all documents and communications that you have in your possession, custody, or control and may use to support Your defenses in this matter.

**RESPONSE:**

**REQUEST NO. 2:** Produce all audio and/or visual recordings of Plaintiff Edgewood, its agents and representatives, and its field.

**RESPONSE:**

**REQUEST NO. 3:** Pursuant to Rule 26(b)(3)(C), produce any and all previous statements by Edgewood, or by its agents or representatives you contend were authorized to make statements on its behalf, about this action or its subject matter, including but not limited to

6

any written statement that Edgewood, or its agents or representatives, signed or otherwise adopted or approved, and/or any contemporaneous stenographic, mechanical, electrical, or other recording – or transcript of it that recites substantially verbatim Edgewood's oral statement, where you contend such statements support your defenses and contentions in this matter.

**RESPONSE:**

**REQUEST NO. 4:**  To the extent any of your responses to a Request for Admission served contemporaneously herewith was anything other than an unqualified admission, for each such Request for Admission produce all documents and communications supporting or otherwise relied upon for your denial or qualified admission.

**RESPONSE:**

**REQUEST NO. 5:**  Produce all documents and communications related to or referencing any complaints you received since 2010, written or oral, from any residents of the City of Madison concerning Edgewood's use of its athletic field.

**RESPONSE:**

**REQUEST NO. 6:**  Produce all communications and documents containing, evidencing, relating to or referencing communications, including electronic communications, made by the City of Madison or any of its agents relating to Edgewood's use of its athletic field where such communication was made or sent between January 1, 2018 and the present.

**RESPONSE:**

**REQUEST NO. 7:**  Produce all documents and communications related to or referencing your involvement with, or communications with organizers of, nonewstadium.org.

**RESPONSE:**

**REQUEST NO. 8:**  Produce all documents and communications in which the City has defined "athletic contest" for zoning purposes.

**RESPONSE:**

**REQUEST NO. 9:**  Produce all documents and communications related to or referencing how the City became aware that Edgewood was hosting "athletic contests" on its field.

**RESPONSE:**

**REQUEST NO. 10:**  Produce all documents and communications relating to or referencing your efforts to inspect and/or monitor whether the University of Wisconsin was using its athletic fields and facilities in accordance with its Master Plan.  If none, so state.

**RESPONSE:**

**REQUEST NO. 11:**  Produce all documents, including notes and memoranda, relating to or referencing the surveilling of Edgewood athletic activities by City staff or employees.

**RESPONSE:**

**REQUEST NO. 12:**  Produce all documents relating to or referencing zoning citations or violations issued by the City relating to (a) hosting of athletic contests and/or (b) uses of fields or facilities in violation of the provisions of a Master Plan.

**RESPONSE:**

**REQUEST NO. 13:**  Produce all documents and communications relating to or referencing the City's consideration and/or approval of Edgewood's Master Plan.

**RESPONSE:**

**REQUEST NO. 14:**  Produce all documents and communications relating to or referencing the City's consideration, deferral, and/or approval of Edgewood's repeal of its Master Plan.

**RESPONSE:**

**REQUEST NO. 15:**  Produce all documents and communications related to the timing and scheduling of the Common Council's consideration of the proposed amendment to M.G.O. § 28.097(2)(d), which resulted in the passage of ORD-19-00069 on October 10, 2019.

**RESPONSE:**

**REQUEST NO. 16:**  Produce all documents and communications relating to or referencing the City's reasons or grounds for contending that the installation and use of outdoor lighting for its field would have violated Edgewood's Master Plan.

**RESPONSE:**

**REQUEST NO. 17:**  Produce all documents cited or referenced in, or consulted in formulating, any answer to Edgewood's Interrogatories.

**RESPONSE:**

**REQUEST NO. 18:**  Produce all documents relating to or referencing Edgewood's 2015 renovation of its athletic field.

**RESPONSE:**

**REQUEST NO. 19:**  Produce all documents relating to Edgewood's installation of a scoreboard at its athletic field.

**RESPONSE:**

**REQUEST NO. 20:**  Produce all documents relating to the City's decision to create the Campus-Institutional Zoning District.

**RESPONSE:**

**REQUEST NO. 21:**  Produce all documents relating to the enactment of M.G.O § 28.097.

**RESPONSE:**

**REQUEST NO. 22:** Produce all documents relating to Edgewood's Campus Master Plan and Ordinance 14-0082.

**RESPONSE:**

**REQUEST NO. 23:** Produce all documents and communications relating to City of Madison OFFICIAL NOTICES dated April 1, 2019 and May 15, 2019, which were issued by the Building Inspection Division to Edgewood.

**RESPONSE:**

**REQUEST NO. 24:** Produce all documents and communications received by the City of Madison or any City official, employee, Common Council Member, Plan Commission member from the Dudgeon Monroe and Vilas Neighborhood Associations relating to Edgewood's Campus Master Plan or use of its athletic field.

**RESPONSE:**

**REQUEST NO. 25:** Produce all written summaries of any Edgewood/neighborhood meetings received by the City or any City official, employee, Common Council Member, or Plan Commission member.

**RESPONSE:**

**REQUEST NO. 26:** Produce all documents relating to Edgewood's Campus Master Plan or use of its athletic field which were sent by the City or any City officials, Common Council members, Plan Commission members, or zoning staff members to the Dudgeon Monroe and Vilas Neighborhood Associations or their members.

**RESPONSE:**

**REQUEST NO. 27:** Produce all documents and communications pertaining to any communications by and between the City of Madison (including any current or former agent,

employee, attorney, or Common Council Members of the City) and Edgewood representatives from 2013 to the present related to Edgewood's field or the Master Plan.

**RESPONSE:**

**REQUEST NO. 28:**  Produce all documents and communications pertaining to any communications by and between the City of Madison (including **any** current or former agent, employee, attorney or Common Council Members of the City of Madison) and the following individuals:

- Sarah Bahauddin
- Rachel Fields
- Craig Stanley
- Daryl Sherman
- Marc Gartler
- Thomas Huber

**RESPONSE:**

**REQUEST NO. 29:**  Produce all documents and communications pertaining to any communications by and between the City of Madison (including any current or former agent, employee, attorney, or Common Council Members of the City of Madison) and the University of Wisconsin relating to the University of Wisconsin's athletic facilities and fields located in the Campus-Institutional District from the date upon which the University of Wisconsin applied for approval of its Campus Master Plan to the present.

**RESPONSE:**

**REQUEST NO. 30:**  Produce all records of any oral or written correspondence between any current or former agent or employee of the City, including but not limited to the mayor, Common Council members, Plan Commission members, planners, zoning staff, attorneys and third parties relating in any way to this case, Edgewood's 2014 Master Plan, and Edgewood's use of its athletic field to host athletic contests.

11

**RESPONSE:**

**REQUEST NO. 31:**  Produce all documents and communications which relate in any way to this case, to Edgewood, and/or to any of the events described in the complaint.

**RESPONSE:**

**REQUEST NO. 32:**  Produce all documents and communications relating to any inspections of Edgewood's property and use of its athletic field.

**RESPONSE:**

**REQUEST NO. 33:**  Produce a copy of all non-public City regulations, guidelines, policies, or criteria that the City contends regulate Edgewood's use of its athletic field.

**RESPONSE:**

**REQUEST NO. 34:**  Produce a copy of all non-public City regulations, guidelines, policies, or criteria that the City contends regulate Edgewood's ability to install outdoor lighting at its athletic field.

**RESPONSE:**

**REQUEST NO. 35:**  Produce all documents and communications relating to Edgewood's outdoor lighting applications.

**RESPONSE:**

**REQUEST NO. 36:**  Produce all documents and communications relating to any alleged government interest(s) which the City contends it was acting in furtherance of in restricting Edgewood's use of its athletic field to team practices and physical education classes.

**RESPONSE:**

**REQUEST NO. 37:**  Produce all documents and communications to and from any current or former employee, appointed official or elected official, or representative of the City of Madison with respect to Edgewood's appeal to the Zoning Board of Appeals.

**RESPONSE:**

**REQUEST NO. 38:**  Produce all documents and communications between any paid or volunteer members of City Alder Tag Evers' staff and any other person, whether a City official or not and including City residents and/or members of the Dudgeon Monroe or Vilas neighborhood associations, that relates to Edgewood's use of its field, Edgewood's Campus Master Plan, and lighting applications.

**RESPONSE:**

**REQUEST NO. 39:**  Produce all documents relating to Madison Memorial High School's lighting application on or around July 30, 2018.

**RESPONSE:**

**REQUEST NO. 40:**  Produce all documents and communications that City Zoning Administrator Matthew Tucker relied upon when he decided that Edgewood could not host athletic contests on its athletic field.

**RESPONSE:**

**REQUEST NO. 41:**  Produce all documents that relate to the uses of, or activities which have occurred on or in, the athletic fields and facilities located on the campuses of the City's four public high schools, Breese Stevens, and the University of Wisconsin from 2013 to the present.

**RESPONSE:**

**REQUEST NO. 42:**  Produce all electrical permits that were applied for and granted as part of Edgewood's 2015 field renovation.

**RESPONSE:**

**REQUEST NO. 43:**  Produce all documents relating to zoning violations related to a school's hosting an athletic contest on its property.

**RESPONSE:**

**REQUEST NO. 44:**  Produce all documents and communications related to the application and approval of outdoor lights for the Nielsen Outdoor Tennis Court Expansion project.

**RESPONSE:**

**REQUEST NO. 45:**  Produce all documents and communications relating to or referencing the criteria for lighting approval under M.G.O. § 10.085 *et seq*.

**RESPONSE:**

**REQUEST NO. 46:**  Produce all documents and communications relating to or referencing Defendant City of Madison Zoning Board of Appeals vote to uphold the City's citations to Edgewood for using its field to host girls' soccer and track competitions.

**RESPONSE:**

**REQUEST NO. 47:**  Produce all documents and communications relating to or referencing the August 26, 2019 vote by Defendant City Plan Commission to delay a vote on approval of Edgewood's Master Plan repeal.

**RESPONSE:**

**REQUEST NO. 48:**  Produce all documents and communications relating to or referencing the introduction, consideration, timing of consideration and/or voting, and approval of ORD-19-00069.

**RESPONSE:**

**REQUEST NO. 49:**  Produce all documents and communications relating to or referencing any action taken on or consideration of Edgewood's September 19, 2019 lighting application.

**RESPONSE:**

**REQUEST NO. 50:**  Produce all documents relating or referencing the May 11, 2020 Staff Recommendation, including its drafting, revisions, communication to the Plan Commission, and any feedback or commentary from the Plan Commission.

**RESPONSE:**

**REQUEST NO. 51:**  Produce all leases between the City and Madison-area public high schools related to City-owned recreational and athletic areas.

**RESPONSE:**

**REQUEST NO. 52:**  Produce all documents and communications containing the "substantial evidence" in support of the denial of Edgewood's conditional use permit, both at the Plan Commission and Common Council levels.

**RESPONSE:**

**REQUEST NO. 53:**  Produce all documents and communications, relating to or referring to the drafting, introduction, debate, discussion and/or passage of ORD-19-00069.

**RESPONSE:**

**REQUEST NO. 54:**  Produce all applications for outdoor lighting, including but not limited to sports lights, the City approved in 2018 and 2019.

**RESPONSE:**

**REQUEST NO. 55:**  Produce all outdoor lighting permits issued by the City in 2018 and 2019.

**RESPONSE:**

**REQUEST NO. 56:**  Produce all documents and communications related to the Plan Commission, Common Council, or Zoning Board of Appeals' decision to approve the expansion of Madison West High School's athletic facilities, including the proposed installation of lights on its athletic fields.

**REQUEST NO. 57:**  Produce all documents and communications between City officials or between the City and Madison West High School, including its agents, representatives, supporters, lobbyists, employees, teachers, administrators, or students, related to the installation of lights in connection with Madison West's current expansion project.

**RESPONSE:**

**REQUEST NO. 58:**  Produce all complaints, including informal complaints and communications, relating to sound, noise, or lighting at Madison Memorial High School or Breese Stevens Field from 2015 to present.

**RESPONSE:**

Dated this 2nd day of November, 2021

Respectfully Submitted,

GODFREY & KAHN, S.C.

*s/Paul Covaleski*
Mike Wittenwyler (SBN 1025895)
Jonathan Ingrisano (SBN 1033977)
Paul Covaleski (SBN 1117236)
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701
Phone: 608-257-3911
Fax: 608-257-0609
mwittenw@gklaw.com
jingrisa@gklaw.com
pcovaleski@gklaw.com

DALTON & TOMICH, PLC

*Noel W. Sterett (IL 6292008)
401 W. State St., Suite 509
Rockford, IL 61101
(815) 986-8050 (telephone)
(313) 859-8888 (facsimile)
nsterett@daltontomich.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiff*

17