UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MADISON, WISCONSIN, *et al*. <br><br> Defendants. | Case No.: 3:21-cv-00118 |

**PLAINTIFF EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DISCOVERY STAY**

## INTRODUCTION

The Defendants' Motion to Extend Discovery Stay is little more than a thinly-veiled motion for reconsideration. In their Rule 26(f) materials and at the scheduling conference, the Defendants asked for an indefinite stay of discovery pending their Partial Motion to Dismiss. That request was denied. Defendants now try again, regurgitating the same platitudes: that this is a complex case requiring broad discovery, and therefore the parties should wait to see if the pending Partial Motion to Dismiss narrows the claims. This is no basis for reconsideration. As this generic argument is as unconvincing now as it was the first go-round, the Defendants lobby for a stay by complaining about the breadth of Edgewood's discovery, previewing their anticipated (but unripe) Motion for Protective Order. But even if these complaints were justified, they are not grounds for a stay. Apart from these substantive deficiencies, Defendants' motion is not timely under the Court's Order to "file discovery motions *promptly* if self-help fails." May 21, 2021 Preliminary Pretrial Conference Order ("Pretrial Conf. Ord."), Dkt. 18, at 4 (emphasis

added). Because of Defendants' tardiness, granting the requested extension now would likely necessitate striking the Court's schedule and delaying the trial—an outcome that Defendants likely desire, but the Court should not consider. The Court should therefore deny Defendants' Motion to Extend ("Mot. to Ext.").

## BACKGROUND

Edgewood filed its Complaint in this matter on February 19, 2021 ("Compl."). *See* Dkt. 1. Edgewood alleges that Defendants violated four federal and three state laws by engaging in a pattern of improperly interpreting and applying the City of Madison's ordinances and land use regulations that prevented Edgewood from installing lights on and fully using its athletic field. *See generally, id.*; *see also* FRCP 26(f) Joint Discovery Plan and Preliminary Pretrial Conference Report ("Rule 26(f) Report"), Dkt. 16, at 1-2.

On April 19, 2021, Defendants filed their Partial Motion to Dismiss and Motion to Strike ("Partial Motion to Dismiss"), Dkt. 12, seeking to dismiss most (but not all) of Edgewood's four federal claims, (*see generally* Defendants' Brief in Support of Partial Motion to Dismiss and Motion to Strike ("Dismissal Br."), Dkt. 13), but leaving intact Edgewood's state law claims. *See generally, id.* On May 10, 2021, Edgewood filed its Opposition in Response to Defendants' Dismissal Brief ("Opp. Br."), Dkt. 15, and Defendants filed their Reply on May 20. Dkt. 17.

On May 19, 2021, the Court held its Preliminary Pretrial Conference. *See* Pretrial Conf. Ord. There, Defendants argued the Court should depart from its Standing Order and stay discovery until the Court rules on Defendants' Partial Motion to Dismiss. This echoed the Defendants' position in the parties' Joint Rule 26(f) Report:

> Defendants respectfully submit that it would be a waste of judicial and municipal resources to require factfinding on issues that will have no bearing on liability or potential recovery. It is impossible

> to know at this juncture what material and legal issues will need to be resolved at trial, given the motions to dismiss and strike, which are likely to dramatically focus or narrow the scope of the litigation. Defendants request that this Court set specific case deadlines in this matter only after ruling on the pending motions.

Rule 26(f) Report, at 4; *see also id.* at 8 ("Defendants request that this Court set a case schedule and deadlines in this matter, including those relating to discovery, only after ruling on the pending motions to dismiss and to strike.").

The Court considered Defendants' arguments, and denied their request orally, which was memorialized in its May 21, 2021 written order, issued after Defendants' Partial Motion to Dismiss was fully briefed and ripe. Pretrial Conf. Ord. at 3.

Under the terms of that order, and in accordance with the Standing Order, the stay was lifted on August 14, 2021. The Defendants did not move to extend the stay, despite having foreshadowed such a motion. *See* Rule 26(f) Report, at 7 ("In fact, Defendants may move to extend the stay of discovery if the Court has not ruled on the motion to dismiss at the end of the current 12-week stay . . ."). On September 13, 2021, Edgewood served its Rule 26(a) Disclosures on Defendants in accordance with the Pretrial Conference Order. After a courtesy reminder from Edgewood's counsel, Defendants served their Rule 26(a) Disclosures on Edgewood on September 24, 2021, and did not mention any forthcoming motion to extend the discovery stay.[1] *See* November 19, 2021 Affidavit of Paul J. Covaleski ("Covaleski Aff."), ¶ 2, ¶ 3, Ex. A.

On November 2, 2021, almost three months after the stay had expired, Edgewood served written discovery on the Defendants. On November 12, 2021, Defendants' counsel called Plaintiff's counsel to inform the Plaintiff that the Defendants were moving to extend the

---

[1] Edgewood granted Defendants a courtesy extension on their Rule 26(a) Disclosure deadline after the deadline had passed, and is not arguing that service of Defendants' Rule 26(a) Disclosures was late or otherwise defective.

discovery stay and to confirm that Edgewood would oppose. *See id.* ¶ 4. No discussion was had on the grounds for this motion nor on any objections to discovery requests. *See id.* ¶ 5. Defendants filed this motion later that same afternoon.[2] *See* Mot. to Ext.

## ARGUMENT

I. **Defendants' Generic Protestations Regarding Breadth And Burden Are Insufficient To Support An Extension Of The Discovery Stay And Do Not Justify Departure From The Prior Denial Or Standing Order.**

With their Motion to Extend, Defendants seek reconsideration of the Court's May 2021 denial of the same, earlier request. Defendants give this Court little new to change its mind. *Compare* Mot. to Ext. at 6 ("If the Court grants Defendants' Partial Motion to Dismiss . . . after extending the stay, the parties will be able to avoid significant time and expense pursuing discovery on moot and failed claims as well as irrelevant and obscure factual issues.") *with* Rule 26(f) Report at 4 ("Defendants respectfully submit that it would be a waste of judicial and municipal resources to require factfinding on issues that will have no bearing on liability or potential recovery."). Their general arguments do not suffice. Defendants fail to provide any substance or specifics regarding any supposed burden they would face if discovery moves forward—a requirement in the Seventh Circuit.

> However, Defendant has not provided any estimate of the cost associated with responding to the discovery, nor do they provide an affidavit or other support for their allegation of undue burden. Courts in this circuit find that *broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation,* does not establish good cause for staying discovery.

---

[2] Edgewood assumes that the Defendants' perfunctory call on November 12 is the "meet and confer" referenced as the prerequisite to Defendants' motion.

*Robinson v. Walgreen Co.*, No. 20-CV-50288, 2021 WL 2453069, at *3 (N.D. Ill. June 16, 2021) (emphasis added). Defendants' failure to provide the requisite substantiation is dispositive of the entire motion.

Instead, the Defendants merely ask this Court to reconsider the same arguments the Court rejected in its May 21, 2021 denial of their original request for an indefinite stay of discovery. Yet to prevail on a such a motion for reconsideration, "a party must clearly establish a manifest error of law or fact or present newly discovered evidence." *Shaw v. Metzen*, No. 13-CV-847, 2015 WL 9027962, at *1 (W.D. Wis. Dec. 15, 2015) (internal quotation omitted). Even if the Court provides Defendants considerable leeway because this is not a *de jure* motion for reconsideration, Defendants fail to meet this standard in spirit or in fact. This is simply another kick at the same can, with a hoped-for different result that will delay the administration of this matter.

Defendants do not argue the Court erred in law or in fact in its May 21, 2021 ruling. As for "newly discovered evidence", Defendants cite to the merits of their Partial Motion to Dismiss. But this supposed "evidence" should play no part in the Court's assessment of this motion.

> The Court finds that a discussion of the merits of the pending motion to dismiss to evaluate whether the stay should be granted would be inappropriate. Allowing a stay of discovery where a party asserts that dismissal is likely would require the Court to make a preliminary finding of the likelihood of success on the motion to dismiss, effectively circumventing the procedures for the resolution of such a motion . . . Courts frequently decline to engage in this sort of analysis when deciding a motion to stay discovery.

*Robinson*, 2021 WL 2453069, at *3 (citations omitted).

Further, nothing about Defendants' merits argument is "newly discovered." Both the Dismissal Brief and Edgewood's Opposition were before the Court when Defendants orally moved for an extension of the discovery stay at the Rule 26 Conference, and Defendants' Reply was filed before the Court issued its written order denying that request. *Compare* Dkts. 12, 15, 17 *with* Dkt. 18; *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (explaining that "newly discovered evidence" must, among other factors, be unknown until after the hearing on the underlying motion). Accordingly, Defendants' merits-based arguments do not support granting their Motion to Extend.

The Court already denied Defendants' request for an extended stay once. Its Standing Order, a product of this Court's experience and discretion in managing thousands of cases, specifically envisions the very scenario Defendants complain about, yet creates no exception. *See* Standing Order ("If a defendant files a motion to dismiss before the preliminary pretrial conference, then the court will stay discovery until 12 weeks after the reply brief is filed or until the court rules on the motion, whichever comes first.") Defendants provide nothing in their Motion to Extend that warrants a departure from either the Court's prior denial or Standing Order. Defendants had the benefit of a twelve week stay. It is time for the case to proceed.

**II.     Defendants' Objections To The Scope Of Edgewood's Discovery Requests Are Improper, Premature, And Do Not Support Extending The Discovery Stay.**

Defendants cite to their anticipated dispute over the scope of Edgewood's discovery requests as grounds for extending the discovery stay. *See* Mot. to Ext. at 6-8 (identifying Requests for Admission 1, 8, 17-28, Interrogatories 8-9, and Requests for Admission 22, 30, 41, and 43 as objectionable). However, a stay is not a proper remedy for allegedly overbroad discovery. That is what protective orders limiting the scope of discovery are for, and an unripe

6

complaint about the Plaintiff's requests does not justify freezing discovery in its entirety. *See, e.g., Ellenby Tech., Inc. v. Fireking Sec. Grp.*, No. 20-CV-2253, 2021 WL 1387879, at *4 (N.D. Ill. Apr. 13, 2021) (providing that a determination as to whether a party is seeking overly burdensome discovery "is more properly made on a Rule 26 discovery motion and not on a motion to stay discovery . . ."); *Harper v. Central Wire, Inc.*, No. 19-CV-50287, 2020 WL 5230746, at *3-4 (N.D. Ill. Sept. 2, 2020) (denying motion to stay discovery pending motion to dismiss based on the alleged "costs and burdens of unnecessary discovery" and noting that "if Defendants believe that Plaintiff's discovery requests are overly broad or unduly burdensome, they may seek the Court's assistance in ruling on any such objections").

In their rush to point at Plaintiff's discovery and say "I told you so," the Defendants throw procedure to the wind. Defendants have not met and conferred with Edgewood on any discovery complaints. *See* Covaleski Aff. ¶¶ 4-5. Federal Rule 37 and the Preliminary Pretrial Conference Order set forth the specific process the parties must use to resolve disputes regarding the scope of discovery. *See* Fed. R. Civ. P. 37(a)(1); Pretrial Conf. Ord. at 4. Defendants did not follow that process, and the Court should therefore disregard Defendants' arguments regarding the purportedly improper scope of specific discovery requests. *See, e.g., Stella v. LVMH Perfumes and Cosmetics USA, Inc.*, No. 07-CV-6509, 2009 WL 780890, at *2 (N.D. Ill. Mar. 23, 2009) (a "Court should refuse to hear [a discovery] motion" when there is an "incomplete meet and confer process . . ."); *see also, e.g. Thompson v. Ret. Plan for Emps. of S.C. Johnson & Son, Inc.*, No. 07-CV-1047, 2012 WL 3544739, at *2 (E.D. Wis. Aug. 16, 2012) (denying motion to compel for failure to properly meet and confer).

No mere formality, a meet and confer here would have demonstrated to the Defendants that their claims of overbreadth, irrelevance, and undue burden are simply incorrect. Edgewood's

discovery requests are not overbroad or unduly burdensome. Edgewood will be able to demonstrate to the Defendants the relevance and probative value of each request to one or more elements in Edgewood's state and federal claims. Conversely, Defendants' objections to relevance, breadth and burden are not to be granted in a vacuum, and must be supported by satisfactory evidence. *See Richter v. Mutual of Omaha Ins. Co.*, No. CV-05-498, 2006 WL 1277906, at *2 (E.D. Wis. May 5, 2006) ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. To meet this burden the objecting party must specifically detail the reasons why each [request] is irrelevant . . . .") (internal quotation omitted) ; *Schaap v. Executive Indus. Inc.*, 130 F.R.D. 384, 386 (N.D. Ill. 1990) (objecting party is required to specifically detail the reason why each interrogatory is irrelevant – whether it be by simple affidavit or some other evidence which supports its objections"); *Fish v. Kobach*, No. 16-2105, 2016 WL 893787, at *1 (D. Kan. Mar. 8, 2016) ("Objections based on undue burden must be clearly supported by an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.") Edgewood served ***nine*** interrogatories with no subparts. *See* Mot. to Ext. Ex. B, Dkt. 20-2. It served 58 requests for production with no subparts, an ordinary amount for a case of this complexity and magnitude.[3] *See id.* Ex. C, Dkt. 20-3. And while Edgewood did serve numerous requests for admission, each was tied to particular contentions relevant to state and federal claims in the Complaint.[4] And if the Defendants believe that they cannot answer a particular

---

[3] Nor does Edgewood expect Defendants to produce all documents within 30 days; rather, it envisions a "rolling" production. A meet and confer would have clarified that for the Defendants.

[4] Defendants also incorrectly assert that granting their Motion to Dismiss would render many of Edgewood's discovery requests moot, including those relating to the Edgewood Master Plan, Edgewood's unequal treatment claims, Edgewood's claims against the individual defendants, "or some combination thereof." Mot. to Ext. at 6. This

*footnote continued on next page…*

request for admission after reasonable investigation, the Federal Rules contain a specific mechanism that allows them to respond, in effect, "we don't know" where appropriate. *See* Fed. R. Civ. P. 36(a)(4).

Even if properly presented and evidenced, Defendants' objections to Edgewood's discovery requests would not be a reason to stop discovery completely. That Defendants' objections are both premature and unsubstantiated confirms the Court should deny their motion.

### III. Defendants' motion for extension is untimely.

Beyond these substantive inadequacies, the Court should deny Defendants' Motion to Extend because they sat on it for three months while allowing Edgewood to draft discovery requests and deadlines to approach. *See* Pretrial Conf. Ord. at 4 (requiring parties to "file discovery motions promptly if self-help fails."). Had Defendants brought their motion promptly, the Court could have considered interim and iterative proposals, such as discrete, temporary stays until the parties had to begin discovery to ensure compliance with remaining deadlines. Those are likely no longer possible, and tellingly Defendants do not bother to explain how their request for an indefinite extension can be rectified with the remaining deadlines set by the Court.

Most likely, what Defendants ***actually*** want is a stay of discovery sufficiently long to necessitate new trial dates. The Court should recall that Defendants initially argued that no schedule should be set until after the Partial Motion to Dismiss was ruled upon. The Motion to Extend is therefore also a *de facto* motion to amend the Court's schedule. The Court should not entertain any such amendment—regardless who prevails, the outcome of this case will impact hundreds (if not thousands) of people: current Edgewood students and families; perspective

---

is false—there is substantial overlap between the discovery Edgewood needs for its state law claims (which Defendants did not move to dismiss) and for its federal claims.

Edgewood students and families; and residents of the Vilas and Dudgeon-Monroe neighborhoods, to name some. They, along with the parties, deserve the case to move forward as scheduled. The Court should therefore not countenance Defendants' inexplicable and prejudicial delay.

## CONCLUSION

Regardless of how it is characterized, Defendants' Motion to Extend Discovery Stay fails.  It fails as a motion to stay. It fails as a motion for reconsideration.  It fails as a motion for protective order.  It fails as a motion to amend the scheduling order.  For the reasons provided above, the Court should deny Defendants' Motion to Extend Discovery Stay, with prejudice.

Dated:  November 19, 2021

**ATTORNEYS FOR PLAINTIFF**

By:  *s/Paul Covaleski*
Mike Wittenwyler
State Bar No. 1025895
Jonathan Ingrisano
State Bar No. 1033977
Paul Covaleski
State Bar No. 1117236
GODFREY KAHN S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
mwittenwyler@gklaw.com
jingrisano@gklaw.com
pcovaleski@gklaw.com

DALTON & TOMICH, PLC

*Noel W. Sterett
IL Bar No. 6292008

401 W. State Street  
Rockford, IL 61101  
(815) 986-8050 (telephone)  
(313) 859-8888 (facsimile)  
nsterett@daltontomisch.com  
*Admitted *Pro Hac Vice*

26246597.5