IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDGEWOOD HIGH SCHOOL
OF THE SACRED HEART, INC.,
        Plaintiff,

v.

CITY OF MADISON, WISCONSIN;
CITY OF MADISON ZONING BOARD
OF APPEALS; CITY OF MADISON
PLAN COMMISSION; and CITY OF
MADISON COMMON COUNCIL;
        Defendants.

Case No. 3:21-CV-118

## DECLARATION OF TIMOTHY M. PARKS

I, Timothy M. Parks, under penalty of perjury, declare as follows:

1. I am a Planner 3 with the City of Madison, Department of Planning and Community and Economic Development Planning Division. I have been employed by the City of Madison since February of 2004 and in that capacity have served primarily as a development review planner and have served as staff to the City's Plan Commission. I make this declaration in support of defendants' motion for summary judgment. This declaration is based on my own personal knowledge or records kept in the ordinary course of the City's business.

2. On August 26, 2019, the City's Plan Commission held a public hearing and one of the items on the Commission's agenda was the ordinance for Edgewood to repeal its Master Plan, Legistar # 56839. The City's Legislative Information Center (aka " Legistar" ) is a web based management software used to track City

legislation, meetings and other City business. I drafted a memo to the Plan Commission dated August 26, 2019. My memo has been marked as Deposition Exhibit 29. Assistant City Attorney John Strange also drafted a memo to the Plan Commission, of which I received a copy. That memo has been marked as Deposition Exhibit 24. Atty. Strange's memo has been filed in Legistar.

      3.      I attended the Plan Commission meeting on August 26, 2019. The Plan Commission recommended re-referral of the Edgewood repeal matter to the Common Council due back on the September 16, 2019 Plan Commission agenda. The Legistar entry of this meeting provides a summary as to what the Plan Commission decided: "In recommending referral [of the Edgewood repeal matter], members of the Plan Commission requested more information [from City staff] on the impacts of repeal, the relationship between repealing the master plan and the proposed changes to the CI zoning district, ID 56981, and the status of the agreements that govern the property before the property was zoned CI." That is an accurate portrayal of what occurred. Edgewood's Master Plan had incorporated prior agreements between Edgewood and the neighborhood association. Among other things, the Plan Commission questioned what would happen to those agreements with a repeal of the master plan and asked City staff to provide more information.

      4.      At a meeting on September 3, 2019, the Common Council took up a motion by Alder Bidar to re-refer the Edgewood repeal matter to the October 14, 2019 Plan Commission meeting. Three Plan Commission members—Alders Heck,

Rummel and Lemmer—who were also on the Common Council spoke in favor of re-referring the repeal matter to its October meeting. The Common Council voted to re-refer the Edgewood repeal matter to the October 14, 2019 Plan Commission meeting, which was the next meeting after the September 16 meeting.

5. I prepared a memo, dated October 28, 2019, for the Plan Commission addressing the questions members raised at the August 26, 2019 Plan Commission meeting related to the Edgewood repeal matter. That memo has been marked Dep. Ex. 83 and it attached to Atty. Zylstra's declaration.

6. On December 9, 2019, the repeal of Edgewood's Master Plan came before the Plan Commission. I attended that meeting. The Plan Commission recommended to the Common Council that the repeal be "placed on file." "Placed on file" means that the applicant could come back to the Plan Commission at a later date and renew the request, potentially addressing any issue or concerns that the Plan Commission members raised. The City's Legistar notes indicated that "[i]n recommending that the repeal be placed on file, members of the Plan Commission who voted in favor of the motion to place on file did not feel that the repeal met the standard for map amendments based on public health, safety, and welfare." That is an accurate portrayal of the Plan Commission's decision.

7. On January 7, 2020, the Common Council took up the matter of the repeal of Edgewood's Master Plan. The Common Council did not place it on file as the Plan Commission recommended but instead, voted 15 in favor of repeal of the master plan, 4 against, and with one non-voting member.

8.  On March 11, 2020, Edgewood filed a conditional use application for outdoor lighting of its athletic field. Edgewood was proposing construction and installation of either four 80-foot light poles or four 68-foot light poles.

9.  The conditional use application went before the Plan Commission of May 11, 2020. I prepared a staff report, dated May 11, 2020, for the Plan Commission, which has been marked as Deposition Exhibit 33 and is attached to Atty. Zylstra's declaration. A summary of staff's recommendation was "The Planning Division believes that the Plan Commission *can* find the standards for conditional use approval met to approve the installation of lights for the Goodman Athletic Complex at Edgewood High School at 2219 Monroe Street *subject to the recommended conditions* of approval beginning on page 8 of this report *and input at the public hearing*." Dep. Ex. 33 at 1 (emphasis added). Staff did not find that the conditional use standards *were* met but only that the Plan Commission *could* determine they were met after consideration of the input from the public hearing.

10.  The Plan Commission found the standards for conditional use were not met and placed the conditional use on file without prejudice. Specifically, as stated in the minutes of the meeting, "[t]he Plan Commission could not find standard number 3 met finding that the lights would have a substantial negative impact on the uses, values, and enjoyment of surrounding properties and that no evidence was submitted by the applicant that there would not be negative impacts on the lighted use of the field and no mitigation measures proposed to limit those impacts, noise

4

barriers, limits on events, et cetera." That Legistar entry is located in Deposition Exhibit 87 at 8071, attached to Atty. Zylstra's declaration. The notes in Legistar of the Plan Commission meeting also indicated, "Members indicated they would be open to considering the request again. (When it addresses the noise impacts) was presented by the applicant, including improved engagement with the neighborhoods and a limit to the number of games with lights."

11. I wrote a letter to Mike Elliott of Edgewood informing him of the Plan Commission's decision. That letter has been marked as Deposition Exhibit 89, which is attached to Atty. Zylstra's declaration.

12. On May 21, 2020, Edgewood appealed the decision of the Plan Commission. The matter came before the Common Council on January 19, 2021. The Common Council voted 13-4 to uphold the decision of Plan Commission and not grant the appeal.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 20TH day of May, 2022.

Timothy M. Parks

\\msnfs2\share\DOCS\WD\25981\424\A4275591.DOCX