IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDGEWOOD HIGH SCHOOL
OF THE SACRED HEART, INC.,
    Plaintiff,

v.

CITY OF MADISON, WISCONSIN;
CITY OF MADISON ZONING BOARD
OF APPEALS; CITY OF MADISON
PLAN COMMISSION; and CITY OF
MADISON COMMON COUNCIL;
    Defendants.

Case No. 3:21-CV-118

## SECOND DECLARATION OF MATTHEW TUCKER

I, Matthew Tucker, under penalty of perjury, declare as follows:

1. I am an adult resident of the State of Wisconsin, and I was the Zoning Administrator for the City of Madison from June of 2005 to June of 2021. I was then promoted to the position of Building Inspector Division Director, which position I have held since July of 2021. I have previously filed a declaration in support of defendants' motion for summary judgment. This second declaration is based on my own personal knowledge or records kept in the ordinary course of the City's business.

2. I understand that Mike Elliott has filed a declaration in which he contends that Edgewood High School, Edgewood College and Edgewood Campus School are the only private institutions zoned Campus Institutional District. That is incorrect. There are other private institutions that are zoned Campus

Institutional District. By way of examples, Davis Duehr Dean Eye Clinic, Unity Point Children's Psychiatric Hospital, Neighborhood House and the medical building located at 20 South Park Street are all private institutions that are zoned Campus Institutional District.

3. On or about January 18, 2019, I and Assistant City Attorney John Strange met with Attorney Nathan Wautier. I did not say at that meeting that I agreed that the building structure Edgewood sought would be difficult to pass in the Common Council, particularly if a protest petition was filed by neighbors that would then require three quarters of the Common Council to approve. It is not my general practice to make express statements about what would or would not pass the Common Council as I do not believe I have any knowledge or expertise in that area.

4. At that January 18 meeting, I do not recall discussing the potential of Edgewood tabling the Master Plan amendment and instead pursuing lights, upgraded amplified sound, and bleachers each separately under each's administrative process. Rather, I recall Mr. Wautier posing hypothetical questions to me so he could understand the process.

5. I do not believe that I would have expressed to Mr. Wautier that, under a piecemeal approach, with respect to outdoor lighting for the athletic field under M.G.O. Section 10.085, the City would have to approve the lights if they complied with the technical photometric specifications. I was not responsible for enforcing the lighting ordinance.

6. As to Mr. Wautier's statement about amplified sound, there is not a specific City permit for sound. At best, a resident would potentially need an electrical permit for speakers. While I do not recall stating that specifically to Mr. Wautier, based on my practice, if the topic came up, I would have stated just that—that there is no specific permit related to sound but an electrical permit may be required depending on the circumstances.

7. Mr. Wautier indicates that on March 8, I had a phone call with him where I advised that there may be a problem with the height of the light poles under the Master Plan and that the City may not be able to issue the permit. I do not recall having such a call and I do not believe it occurred. At this point in time, Mr. Wautier was primarily having conversations with the City Attorney's office and not directly with staff and when I did have conversations with Mr. Wautier at this time and after, Attorney John Strange was typically present.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 17th day of June, 2022.

_____
Matthew Tucker

\\msnfs2\share\DOCS\WD\25981\424\A4275591.DOCX