UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDGEWOOD HIGH SCHOOL OF THE<br>SACRED HEART, INC.,<br><br>    Plaintiff,<br>v.<br><br>CITY OF MADISON, WISCONSIN, *et al*.<br><br>    Defendants. | Case No.: 3:21-cv-00118 |

**PLAINTIFF EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC.'S
RULE 26(a) DISCLOSURES**

Plaintiff, Edgewood High School of the Sacred Heart, Inc. ("Edgewood"), by and through its attorneys, Dalton & Tomich, PLC and Godfrey & Kahn, S.C., makes the following initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1). Edgewood's investigation and discovery in this case are continuing and these disclosures are made based upon information known to date. Edgewood reserves the right to clarify, amend or supplement these disclosures, including pursuant to Federal Rule of Civil Procedure 26(e).

**I. Persons likely to have discoverable information.**

The following individuals are likely to have discoverable information that Edgewood may use to support its claims or defenses:

1. **Michael Elliott**, the School's President. His office is located at 2219 Monroe St, Madison, WI 53711. Mr. Elliott is to be contacted only through Plaintiff's counsel. Mr. Elliott oversees the business operations and personnel of the school. He has knowledge of the following subjects:

Exhibit UU
Sarah Zylstra Declaration 2

a. Edgewood's business operations, enrollment, and personnel;

b. Edgewood's religious mission and values;

c. Edgewood's history;

d. Edgewood's records maintained in the ordinary course of business;

e. Edgewood's historical, current, and intended use of its athletic field and track;

f. Edgewood's current Campus Master Plan;

g. Edgewood's renovation of its athletic field and track;

h. How athletics are integral to Edgewood's primary religious mission and are engaged in furtherance of the school's sincerely held religious beliefs;

i. How Edgewood's athletics program is a key way Edgewood is able to reach and attract students from underserved communities;

j. How Edgewood has through the years allowed the community to access the field and other parts of its property for recreational purposes;

k. The City's surveillance of, and efforts to shut down, Edgewood's home games;

l. The outdoor lighting applications Edgewood submitted to the City;

m. His communications with City Officials;

n. Edgewood's application for a conditional use permit, submissions for the same, hearings on the same, and its appeals of the same;

o. The burdens and damages that Edgewood has suffered and continues to suffer as a result of the manner in which the City has imposed its land use regulations to restrict the school's use of its athletic field and ability to install outdoor lighting.

2. **Christopher Zwettler**, the School's Athletic Director. His office is located at 2219 Monroe St, Madison, WI 53711. Mr. Zwettler is to be contacted through Plaintiff's

Exhibit UU
Sarah Zylstra Declaration 2

counsel. He has knowledge of the following subjects:

a. Edgewood athletics, including but not limited to:

   i. The goals of Edgewood athletics;

   ii. Edgewood athletic personnel;

   iii. Game management and scheduling;

   iv. Budgeting for and the costs associated with Edgewood sports, including without limitation the cost of hosting Edgewood "home games" at off-campus sites;

   v. Building relationships with parents and student-athletes and other schools in Edgewood's conference;

   vi. WIAA and conference rules and regulations regarding allowable days and hours to host games;

   vii. Ensuring Edgewood athletics abides by and promotes Edgewood's religious mission and values;

   viii. How athletics is a primary way in which Edgewood accomplishes its Catholic mission to educate the whole student, teach personal responsibility, and instill and promote the Sinsinawa Dominican values;

   ix. How athletics is a primary way in which Edgewood students connect with each other and experience the Dominican value of community;

   x. How Edgewood students, through athletics, develop discipline, character, and unity;

   xi. How Edgewood, by hosting athletics on its field, is able to draw people to its campus and display its values to the community;

3

    b. Edgewood's athletic field and track, including the history of athletic and other activities which have occurred on them;

    c. Edgewood's team practices and physical education classes; and

    d. The athletic fields of the Madison public high schools and the athletic games which typically occur on them.

3. **Marykay Zimbrick**, the Chair of the School's Board. Her board office is located at 2219 Monroe St, Madison, WI 53711. Ms. Zimbrick is to be contacted through Plaintiff's counsel. She has knowledge of the following subjects:

    a. Edgewood's business operations, enrollment, and personnel;

    b. Edgewood's religious mission and values;

    c. Edgewood's history;

    d. Edgewood's records maintained in the ordinary course of business;

    e. Edgewood's historical, current, and intended use of its athletic field and track;

    f. Edgewood's current Campus Master Plan;

    g. Edgewood's application for a conditional use permit, submissions for the same, hearings on the same, and its appeals of the same; and

    h. The burdens and damages that Edgewood has suffered and continues to suffer as a result of the manner in which the City has imposed its land use regulations to restrict the school's use of its athletic field and ability to install outdoor lighting

4. **Sister Kathleen Phelan,** or such other representative of the Sinsinawa Dominican Congregation as may be designated at a later date. The Sinsinawa Dominican Congregation's address is 585 Co Rd Z, Sinsinawa, WI 53824 and phone number is (608) 748-4411. Sister Kathleen Phelan, or such other designated representative of the

4

Exhibit UU
Sarah Zylstra Declaration 2

Sinsinawa Dominican Congregation, has knowledge of, and may testify concerning the following:

   a. Edgewood's history and its relationship with the Sinsinawa Dominican Congregation;

   b. The religious beliefs and values of the Sinsinawa Dominicans; and

   c. How Edgewood athletics are compelled by those religious beliefs and values.

5. **Judd Schemmel**, former president of Edgewood High School. Mr. Schemmel is to be contacted through Plaintiff's counsel. He has knowledge of the Edgewood Campus Master Plan and its preparation.

6. **Brian Munson**, Vandewalle & Associates, Inc., can be reached at 120 East Lakeside St., Madison, WI 53715 or by phone at (608) 255-3988. He has knowledge of the Edgewood Campus Master Plan and Edgewood's application for a conditional use permit, submissions for the same, hearings on the same, and its appeals of the same.

7. **Michael Guns** is the Vice President for Business and Finance at Edgewood College located at 1000 Edgewood College Dr, Madison, WI 53711. He has knowledge of the Edgewood Campus Master Plan.

8. **Susan VanderSanden** is the Director of Facilities Operation at Edgewood College located at 1000 Edgewood College Dr, Madison, WI 53711. She has knowledge of the Edgewood Campus Master Plan.

9. **Anne Palzkill** is the President and Principal of Edgewood Campus School located at 1000 Edgewood College Dr, Madison, WI 53711. She has knowledge of the Edgewood Campus Master Plan.

10. **Jennifer Luhman,** or another designated representative of Forward Electric, Inc., 6909

Exhibit UU
Sarah Zylstra Declaration 2

Raywood Rd, Monona, WI 53713 (608) 221-1945, has knowledge of Edgewood's outdoor lighting applications, the City's review of the same, as well as other similar outdoor lighting applications Forward Electric has submitted to the City and for which it has received City approval, including the lighting application submitted on behalf of Madison Memorial High School.

11. **Connor Ramstead** or another designated representative of Musco Lighting, 100 1st Avenue W, Oskaloosa, IA 52577 (641) 673-0411, has knowledge of the design of Edgewood's proposed outdoor lighting.

12. A designated representative of the University of Wisconsin who may be called to testify concerning the activities which occur at the athletic fields and facilities identified in the University of Wisconsin's Campus Master Plan.

13. A designated representative of the Madison Metropolitan School District who may be called to testify concerning the activities which occur at the athletic fields and facilities located on the campus of the Madison public high schools zoned Campus Institutional.

**CITY OFFICIALS AND EMPLOYEES**

Current and former employees, agents, attorneys, or persons under the control of the City, and who have information related to the facts as set forth in the pending complaint, including but not limited to those individuals referenced in the documents already of record and set forth below. Plaintiff presumes that the City will identify all such individuals in its initial disclosures and presumes that the Defendant City already has knowledge of the addresses and telephone numbers of the various City officials and employees disclosed herein.

14. Members of the Zoning Board of Appeals. It is anticipated that the Zoning Board of Appeals members have knowledge of their review of and votes concerning Edgewood's

Exhibit UU
Sarah Zylstra Declaration 2

appeals relating to the issued alleged in the complaint;

15. Members of the City Plan Commission staff. It is anticipated that members of the staff of the Plan Commission have knowledge of their review of and votes concerning Edgewood's conditional use application, including the reasons it recommended the application be approved.

16. Members of the Plan Commission. It is anticipated that members of the Plan Commission have knowledge of their review of and votes concerning Edgewood's conditional use application and the hearing on the same, including the reasons it ignored its own staff's recommendation to approve Edgewood's application.

17. Members of the Madison Common Council. It is anticipated that members of the Common Council have knowledge of their review of and votes concerning Edgewood's conditional use application, the appeal of the Plan Commission's denial thereof, and the Common Council hearing on the same, including the reasons it ignored the staff's recommendation to approve Edgewood's application.

18. **Defendant Matt Tucker**, the City's Director or Madison's Building Inspection Division, has knowledge of:

    a. The City's ordinances and land use regulations;

    b. The manner in which he imposed the City's ordinances and land use regulations to restrict Edgewood's use of its athletic field and track;

    c. The manner in which he imposed the City's ordinances and land use regulations to deny Edgewood the approvals needed to install outdoor lighting at its athletic field;

    d. His communications, opinions, reports and conclusions concerning Edgewood's

7

Exhibit UU
Sarah Zylstra Declaration 2

Master Plan and Edgewood's use of its athletic field and track;

e. Edgewood's use of its athletic field and track;

f. The other institutions operating in Campus Institutional Zoning Districts;

g. The University of Wisconsin's Master Plan and the activities that occur on the athletic fields identified on the University of Wisconsin's Master Plan;

h. Edgewood's lighting applications; and

i. The matters which are set forth in the complaint that relate to Mr. Tucker and form the basis of Edgewood's claims against the Defendants.

19. Upon information and belief, **Defendant George Hank**, the former Director of Madison's Building Inspection Division, has knowledge of:

a. The administration and management of the Building Inspection Division's policies and procedures, programs and operations, as well as the City's ordinances and land use regulations;

b. The manner in which the City's ordinances and land use regulations were imposed to restrict Edgewood's use of its athletic field and track;

c. The manner in which the City's ordinances and land use regulations were imposed to deny Edgewood the approvals needed to install outdoor lighting at its athletic field;

d. His communications, opinions, reports, and conclusions, if any, concerning Edgewood's Master Plan and Edgewood's use of its athletic field and track;

e. The other institutions operating in Campus Institutional Zoning Districts;

f. The University of Wisconsin's Master Plan and the activities that occur on the athletic fields identified on the University of Wisconsin's Master Plan; and

Exhibit UU
Sarah Zylstra Declaration 2

g. The matters which are set forth in the complaint that relate to Mr. Hank and form the basis of Edgewood's claims against Defendants.

20. **City Planner Timothy Parks**, has, upon information and belief, knowledge of the City's ordinances and land use regulations, Edgewood's Master Plan, the public hearings concerning Edgewood's Master Plan, and his opinions, statements, communications, or reports concerning Edgewood's Master Plan and the ordinance to terminate Edgewood's Master Plan.

21. **Heather Stouder**, the Director of the City's Planning Division, has, upon information and belief, knowledge of the City's ordinances and land use regulations, Edgewood's Master Plan, the public hearings concerning Edgewood's Master Plan, and her opinions, statements, communications, and reports concerning Edgewood's Master Plan, the ordinance to terminate Edgewood's Master Plan, the ordinance to impose a conditional use permit application process on Edgewood, and Edgewood's conditional use application and appeals.

22. **Steve Rewey**, City Code Enforcement officer, has knowledge of Edgewood's lighting applications.

23. **Jacob Moskowitz**, Assistant Zoning Administrator, has knowledge of his inspection of Edgewood's use of its athletic field and the notices of violation which were issued.

24. **Alder Tag Evers**. Upon information and belief, Alder Evers' office is located at 210 Martin Luther King, Jr. Blvd., Room 417, Madison, WI 53703. It is anticipated that Alder Evers has knowledge of, and may be called to testify concerning, his various efforts to oppose and limit Edgewood's use of its athletic field and track, Edgewood's Master Plan, the ordinance to terminate Edgewood's Master Plan, the ordinance to impose a

9

Exhibit UU
Sarah Zylstra Declaration 2

conditional use permit application process on Edgewood, Edgewood's conditional use application and appeals, personal statements he has made about Edgewood, and Edgewood's use of its athletic field and track, as well as any communications he has had with others concerning Edgewood and its efforts to use its property.

25. All persons with knowledge and witnesses identified by Defendant.

## II. Documents and things.

The following categories comprise the documents, electronically-stored information, and/or tangible things that Edgewood has in its possession, custody, or control and that it may use to support its claims and defenses in this action. Any proprietary and/or confidential business documents that are discoverable in this lawsuit will only be produced upon entry of a suitable protective order. The following items are located at Edgewood's offices or at the offices of its counsel:

    A.    Edgewood's Articles of incorporation and bylaws;

    B.    Documents concerning Edgewood's religious mission and values;

    C.    Records concerning Edgewood's athletic field and track and the School's use of the same, including but not limited to school yearbooks, *Unbreakable Bonds* by Michael Menzer and Thomas Martinelli, and *Edge of the Woods: A History of the Edgewood High School Buildings* by Lori Venturella;

    D.    Photographs of Edgewood's athletic field and track over the years, some of which were used as demonstrative exhibits at various Zoning Board of Appeals hearings;

    E.    Edgewood's Campus Master Plan;

    F.    Documents relating to Edgewood's renovation of its athletic field and track;

Exhibit UU
Sarah Zylstra Declaration 2

G. Communications and documents created or produced by City officials, alders, and employees regarding Edgewood's Campus Master Plan and the ordinances and regulations restricting Edgewood's athletic field and track;

H. Documents related to Edgewood's outdoor lighting applications;

I. Documents which were part of the record of Edgewood's hearings and appeals in front of the Plan Commission, Zoning Board of Appeals, and Common Council related to its lighting or conditional use applications;

J. The transcript and exhibits, submissions, or attachments of all hearings and appeals in front of the Plan Commission, Zoning Board of Appeals, and Common Council related to Edgewood's lighting or conditional use applications;

K. University of Wisconsin's Campus Master Plan;

L. James Madison Memorial High School's lighting applications referenced in the complaint, including any exhibits and/or attachments thereto or materials submitted therewith.

M. Documents relating to the costs and burdens suffered by Edgewood as a result of the manner in which the Defendants have imposed the City's land use regulations and restricted Edgewood's use of its athletic field and track and ability to install outdoor lighting;

N. Documents related to the purpose behind, and enactment of, the ordinances that repealed Edgewood's Campus Master Plan and required Edgewood to apply for a conditional use permit for its athletic field lights;

O. All documents, records, and transcripts related to Edgewood's conditional use application, the City staff's recommendations, the Plan Commission's denial thereof, Edgewood's appeal thereof, and the City Council's denial of Edgewood's appeal;

Exhibit UU
Sarah Zylstra Declaration 2

P.  Any other documents already of record in this litigation, including all documents attached to Edgewood's Complaint as exhibits.

Edgewood reserves the right to supplement and amend this initial disclosure to identify additional documents or tangible things that Edgewood may discover as its investigation and discovery continue.

## III. Damages.

Edgewood seeks damages as set forth in its Complaint. Damages will be sought for the ongoing costs and burdens of not being able to host certain games/activities on Edgewood's athletic field as it anticipated it would be able to do by 2021/2022 school year. These costs include, but are not limited to, expenditures for field rentals from 2019 to date and associated expenses, such as concession stock fees, extra payroll expenses, and extra time spent by employees of the athletic office.

Edgewood also anticipates that it will have to pay increased costs of construction based on the delay of construction it has faced, and is now facing, due to the City's ongoing refusal to approve Edgewood's installation of outdoor lighting on its field. Edgewood will not be able to calculate how much the costs of construction will be until the outdoor lighting is approved. However, the costs of materials and labor have greatly increased since Edgewood initially applied for, and was granted, its lighting application, but it was withheld.

As these impacts/harms are ongoing and Edgewood is still learning their extent, Edgewood is unable to calculate this measure of damages at this time and reserves the right to supplement its disclosures at a later date.

Edgewood will also seek damages as determined by the jury for the aggravation and inconvenience Edgewood has suffered and continues to suffer as a result of the manner in which

Exhibit UU
Sarah Zylstra Declaration 2

the Defendants have imposed the City's land use regulations. Such damages are recoverable under *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-306 (1986), *Carey v. Piphus*, 435 U.S. 247, 253 (1978), *World Outreach Conference Center v. City of Chicago*, 787 F.3d 839 (7th Cir. 2015) (recognizing damages could be awarded to the extent RLUIPA violation "distracted the leadership of the organization"), and *City of Watseka v. Illinois Public Action Council*, 796 F.2d 1547, 1558 (7th Cir. 1986) (damages for how municipal action affected plaintiff's ability to recruit and disseminate views in the community).

Edgewood also intends to seek attorney fees and costs pursuant to 28 USC § 2202, Fed. R. Civ. P. 65, 42 USC § 1983, 42 USC § 1988, and applicable state law. The precise amount of attorney fees Edgewood will be determined at the conclusion of the case pursuant to 28 USC § 2202, Fed. R. Civ. P. 65, 42 USC § 1983, and 42 USC § 1988. The amount of costs will also be determined at the conclusion of the matter pursuant to 428 USC § 2202, Fed. R. Civ. P. 65, 42 USC § 1983, and 42 USC § 1988.

IV. **Insurance.**

Edgewood is unaware of any applicable insurance policy at this time.

Dated: September 13, 2021

**ATTORNEYS FOR PLAINTIFF**

By: *s/Paul Covaleski*
Mike Wittenwyler
State Bar No. 1025895
Jonathan Ingrisano
State Bar No. 1033977
Paul Covaleski
State Bar No. 1117236
GODFREY KAHN S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719

Exhibit UU
Sarah Zylstra Declaration 2

Phone: 608-257-3911
Fax: 608-257-0609
mwittenwyler@gklaw.com
jingrisano@gklaw.com
pcovaleski@gklaw.com

DALTON & TOMICH, PLC

*Noel W. Sterett
IL Bar No. 6292008
401 W. State Street
Rockford, IL 61101
(815) 986-8050 (telephone)
(313) 859-8888 (facsimile)
nsterett@daltontomisch.com
*Admitted *Pro Hac Vice*

25891307.1

14

Exhibit UU
Sarah Zylstra Declaration 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

EDGEWOOD HIGH SCHOOL OF THE
SACRED HEART, INC.,

    Case No.: 3:21-cv-00118

  Plaintiff,

v.

CITY OF MADISON, WISCONSIN, *et al.*

  Defendants.

**PLAINTIFF EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC.'S
SUPPLEMENTAL RULE 26(a) DISCLOSURES**

Plaintiff, Edgewood High School of the Sacred Heart, Inc. ("Edgewood"), by and through its attorneys, Dalton & Tomich, PLC and Godfrey & Kahn, S.C., makes the following supplemental initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1). Edgewood's investigation and discovery in this case are continuing and these disclosures are made based upon information known to date. Edgewood reserves the right to clarify, amend or supplement these disclosures, including pursuant to Federal Rule of Civil Procedure 26(e).

**I. Persons likely to have discoverable information.**

The following individuals are likely to have discoverable information that Edgewood may use to support its claims or defenses:

 15. **Nathan J. Wautier** of Reinhart Boerner Van Dueren s.c., 22 East Mifflin Street, Suite 700, Madison, WI 53703, has knowledge of the positions taken and expressed by City officials related to Edgewood's use and development of its athletic field.

Exhibit UU
Sarah Zylstra Declaration 2

Dated: June 9, 2022

                                  ATTORNEYS FOR PLAINTIFF

By: _____
    Mike Wittenwyler
    State Bar No. 1025895
    Jonathan Ingrisano
    State Bar No. 1033977
    State Bar No. 1117236
    GODFREY KAHN S.C.
    One East Main Street, Suite 500
    P.O. Box 2719
    Madison, WI 53701-2719
    Phone: 608-257-3911
    Fax: 608-257-0609
    mwittenwyler@gklaw.com
    jingrisano@gklaw.com

DALTON & TOMICH, PLC

*Noel W. Sterett
IL Bar No. 6292008
401 W. State Street
Rockford, IL 61101
(815) 986-8050 (telephone)
(313) 859-8888 (facsimile)
nsterett@daltontomisch.com
*Admitted *Pro Hac Vice*

27315888.1

2

Exhibit UU
Sarah Zylstra Declaration 2