UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

EDGEWOOD HIGH SCHOOL OF THE
SACRED HEART, INC.,

        Case No.: 3:21-cv-00118

      Plaintiff,

v.

CITY OF MADISON, WISCONSIN, *et al*.

      Defendants.

---

**PLAINTIFF EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC.'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

TO:  Sarah A. Zylstra
      Evan B. Tenebruso
      Tanner G. Jean-Louis
      Boardman & Clark LLP
      P.O. Box 927
      1 South Pinckney Street
      Suite 410
      Madison, WI 53701-0927
      szylstra@boardmanclark.com

*Attorneys for Defendants*

     Edgewood High School of the Sacred Heart, Inc., by and through its undersigned attorneys, and pursuant to Fed. R. Civ. P. 34, hereby submits its written objections and responses to Defendant's First Set of Requests for Production of Documents.

<span style="color:red">Exhibit VV
Sarah Zylstra Declaration 2</span>

## **GENERAL OBJECTIONS**

1. Plaintiff objects to each specific request to the extent that it seeks information that is privileged and/or protected from disclosure by the attorney-client privilege, the work product doctrine, or any other constitutional, statutory, or common law privilege or protection. Nothing contained in these objections and responses is intended to be, or in any way shall be deemed, a waiver of such an available privilege or doctrine.

2. Plaintiff objects to each specific request to the extent it is vague, ambiguous, unduly burdensome, attempts to impermissibly expand the scope of the requests, and/or attempts to impose obligations on Plaintiff beyond those imposed under applicable law or any agreement between the parties.

3. Plaintiff objects to these discovery requests to the extent they are duplicative.

4. Plaintiff objects to each request to the extent it seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.

5. Plaintiff objects to each request to the extent that it purports to require Plaintiff to provide information beyond what is available to it at present after conducting a reasonable search of its own files and a reasonable inquiry of its current employees.

6. To the extent that Plaintiff produces documents and things pursuant to these requests, Plaintiff does not concede that the documents and things requested or produced are relevant to this action. Plaintiff expressly reserves the right to object to further discovery in the subject matter of such requests.

7. Plaintiff objects to any request that seeks or requires the production of documents that are confidential, a trade secret, or proprietary, or that contain such information.

Exhibit VV
Sarah Zylstra Declaration 2

8. Subject to and without waiving the foregoing objections, Plaintiff states that it shall respond hereto in accordance with and as required by the Federal Rules of Civil Procedure.

9. To the extent specific objections are cited in a specific response, those objections are made because they are believed to be particularly applicable to the specific request and are not to be construed as a waiver of any General Objections. These General Objections are incorporated into each of the following responses and are not waived or in any way limited by Plaintiff's specific responses or objections.

10. Each of the foregoing objections shall be considered continuing and is hereby incorporated into each specific response.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Any and all documents supporting your denial or qualified admission in response to any of the Requests for Admissions set forth above.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 1 as constituting more than one request for production as it requests responses for multiple requests for admission. Subject to and without waiving these objections and its General Objections, Edgewood states that it will produce non-privileged documents responsive to this request it consulted or relied upon in denying or making a qualified admission to any RFA.

**REQUEST NO. 2:** Any and all documents reviewed by you or anyone acting on your behalf in responding to the Interrogatories or Requests for Admissions set forth above.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 2 as constituting more than one request for production as it requests responses for multiple requests for admission and interrogatories. Edgewood further objects to RFP 2 because it seeks documents covered by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these and its General Objections, Edgewood states that it will produce non-privileged documents responsive to this request that the below-signed representative from

Exhibit VV
Sarah Zylstra Declaration 2

Edgewood reviewed or relied upon in responding to Defendants' Interrogatories or Requests for Admission.

**REQUEST NO. 3:**  Any and all documents referenced in your Rule 26(a) disclosures.

**RESPONSE:**  In addition to its General Objections, Edgewood objects to RFP 3 as overbroad and unduly burdensome. Edgewood also objects to RFP 3 because certain categories of documents are in the possession of, or are as easily available to, Defendants, such as documents related to the purpose behind City ordinances, UW-Madison's Master Plan, and Memorial High School's lighting applications. Subject to and without waiving these and its General Objections, Edgewood states that it will produce the documents identified in its Rule 26 disclosures in its possession, custody, or control that can be located after a reasonable search.

**REQUEST NO. 4:**  Any and all documents referenced in any of your responses to the Interrogatories.

**RESPONSE:**  In addition to its General Objections, Edgewood objects to RFP 4 as constituting more than one request for production as it requests responses for multiple interrogatories. Subject to and without waiving these and its General Objections, Edgewood states that it will produce all documents referenced in its Responses to Defendants' First Set of Interrogatories.

**REQUEST NO. 5:**  Any and all documents supporting or contradicting your responses to the Interrogatories.

**RESPONSE:**  In addition to its General Objections, Edgewood objects to RFP 5 as constituting more than one request for production as it requests responses for multiple interrogatories. Edgewood further objects to RFP 5 as vague, overly broad, unduly burdensome, and because it seeks documents not relevant to any parties' claims or defenses. Edgewood

further objects to RFP 5 to the extent it seeks documents protected by the attorney client privilege and/or work product doctrine. Edgewood stands on its objections as to this RFP.

**REQUEST NO. 6:** An itemization of any damages you claim, and any supporting documents, including the categories of damages mentioned in your Rule 26(a) disclosures.

**RESPONSE:** Subject to and without waiving its General Objections, no itemizations exist to date, but to the extent they exist Edgewood will produce responsive non-privileged documents int its possession, custody and control.

**REQUEST NO. 7:** Any communications involving any of the individuals and/or entities referenced in your Rule 26(a) disclosures and related to the matters set forth in your Complaint. This includes your internal communications, excluding attorney-client privilege communications.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 7 as vague and overly broad as to "involving," "matters set forth in your Complaint, and "entities", unduly burdensome, and unlimited in time. Edgewood further objects to RFP 7 because it seeks documents and communications not relevant to any parties' claims or defenses to the extent it seeks "any communications involving any of the individuals and/or entities." Edgewood stands on its objections as to this RFP.

**REQUEST NO. 8:** All communications, including the from the City Planning Commission [sic], and any Planning Commission or City employees, relating to relating to any issue or allegation identified in your Complaint.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 8 as overly broad, unduly burdensome, and unlimited in time. Edgewood further objects to RFP 8 because it seeks documents and communications equally as available to Defendants, who have access to the communications of the Planning Commission and City employees. Subject to and without waiving these and its General Objections, Edgewood will produce non-privileged communications related to Edgewood's conditional use application, Master plan, field

5

Exhibit VV
Sarah Zylstra Declaration 2

renovation, violations, outdoor lighting attempts and applications, burden, and damages in the possession, custody, or control of Edgewood's agreed-upon custodians that can be located through a reasonable search from 2014-present.

**REQUEST NO. 9:** All communications with any member of the Madison Common Council, or their staff, relating to any issue or allegation identified in your Complaint.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 9 as overly broad, unduly burdensome, and unlimited in time. Edgewood further objects to RFP 9 because it seeks documents and communications equally as available to Defendants, who have access to the communications of the Common Council and the Common Council staff. Subject to and without waiving these and its General Objections, Edgewood will produce non-privileged communications related to Edgewood's conditional use application, Master plan, field renovation, violations, outdoor lighting attempts and applications, burden, and damages in the possession, custody, or control of Edgewood's agreed-upon custodians that can be located through a reasonable search from 2014-present.

**REQUEST NO. 10:** All communications with any member or representative of the Dudgeon Monroe or Vilas Neighborhood Associations relating to any issue or allegation identified in your Complaint.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 10 because it is unlimited in time. Subject to and without waiving these and its General Objections, Edgewood will produce non-privileged communications responsive to this request sent to or from DMNA or VNA leadership in the possession, custody, or control of Edgewood's agreed-upon custodians that can be located through a reasonable search from 2017-present.

**REQUEST NO. 11:** All notes or written summaries of meetings between Edgewood and any member(s) or representative(s) of the Dudgeon Monroe or Vilas Neighborhood Associations from January 1, 2017 to present.

Exhibit VV
Sarah Zylstra Declaration 2

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 11 to the extent it seeks documents in the possession of persons other than Edgewood's employees. Edgewood further objects to RFP 11 because it seeks documents not relevant to any parties' claims or defenses. Edgewood stands on its objections as to this request.

**REQUEST NO. 12:** All communications to or from Edgewood and any other individual or entity relating to Edgewood's use of its field for athletic contests, including but not limited to any complaints from January 1, 2017 to present.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 12 as vague, overly broad, and unduly burdensome. Edgewood further objects to RFP 12 because it seeks documents not relevant to any parties' claims or defenses such as, for example, a parent asking routine questions about dropping off or picking up their child for a game or communications with other schools regarding scheduling. Edgewood stands on its objections as to this request.

**REQUEST NO. 13:** All communications with Vandewalle & Associates, LLP, or any other urban planning, architecture, or engineering firm relating to or referencing Edgewood's athletic field from January 1, 2017 to present.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 13 as vague, overbroad, unduly burdensome, and seeking documents and communications not relevant to any parties' claims or defenses to the extent it seeks "all communications" "relating to or referencing Edgewood's athletic field." Subject to and without waiving these and its General Objections, Edgewood states that it will produce non-privileged documents and communications responsive to this request created by, sent to, or shared with Edgewood's agreed-upon custodians that can be located through reasonable search terms.

**REQUEST NO. 14:** All documents related to any noise studies related to or referencing Edgewood's athletic field from January 1, 2017 to present.

Exhibit VV
Sarah Zylstra Declaration 2

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 14 as vague, overbroad, unduly burdensome, and seeking documents not relevant to any parties' claims or defenses to the extent it seeks "all documents" "related to or referencing Edgewood's athletic field." Edgewood further objects to RFP 14 because it seeks documents not relevant to any parties' claims or defenses. Edgewood stands on its objections as to this request.

**REQUEST NO. 15:** All documents or communications relating to the installation of new lighting at Edgewood's field.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 15 because it is unlimited in time. Edgewood further objects to RFP 15 as vague, overbroad, and unduly burdensome to the extent it seeks "all documents or communications relating to the installation of new lighting." Subject to and without waiving these and its General Objections, Edgewood states that it will produce non-privileged documents and communications responsive to this request created by, sent to, or shared with Edgewood's agreed-upon custodians that can be located through reasonable search terms from 2017-present.

**REQUEST NO. 16:** Copies of all permit applications submitted by Edgewood to the City of Madison or any of its employees with respect to Edgewood's athletic field and/or lighting and/or stadium from January 1, 2017 to present.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 16 because the word "stadium" is vague and undefined, and because Edgewood does not have a stadium. Subject to and without waiving this and its General Objections, Edgewood states that it will produce non-privileged documents responsive to this request.

**REQUEST NO. 17:** All documents and communications relating to or referencing the installation of outdoor lighting at Edgewood's athletic field.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 17 because it is unlimited in time, vague, overbroad, and unduly burdensome in that it seeks "all

8

Exhibit VV
Sarah Zylstra Declaration 2

documents or communications relating to or referencing" the installation of outdoor lighting. Subject to and without waiving these and its General Objections, Edgewood states that it will produce non-privileged documents and communications responsive to this request created by, sent to, or shared with agreed-upon custodians that can be located through reasonable search terms from 2017-present.

**REQUEST NO. 18:**  All documents and communications relating to or referencing Edgewood's decision to withdraw its 2014 Master Plan.

**RESPONSE:**  In addition to its General Objections, Edgewood objects to RFP 18 because it is unlimited in time. Edgewood further objects to RFP 18 as vague, overbroad, and unduly burdensome because it seeks "all documents or communications relating to or referencing" Edgewood's decision to withdraw its 2014 Master Plan. Edgewood further objects to RFP 18 to the extent it seeks documents and communications protected by the attorney client privilege and/or work product doctrine. Subject to and without waiving these and its General Objections, Edgewood states that it will produce non-privileged documents and communications responsive to this request created by, sent to, or shared with agreed-upon custodians that can be located through reasonable search terms from 2019-present.

**REQUEST NO. 19:**  All documents in your possession related to any lights or permit applications at Memorial High School, Madison West High School and/or the University of Wisconsin-Madison as it relates to any matter in your Complaint.

**RESPONSE:**  In addition to its General Objections, Edgewood objects to RFP 19 as unlimited in time. Edgewood also objects to RFP 19 as vague, overbroad, and unduly burdensome because it seek "all documents" "related to any lights or permit applications . . . as it relates to any matter in your Complaint." Subject to and without waiving these and its General Objections, Edgewood states that subject to the parties' agreeing to a reasonable time frame, it is generally willing to produce documents responsive to this request. However, it is unclear to

9

Exhibit VV
Sarah Zylstra Declaration 2

Edgewood what documents Defendants are seeking other than the applications and permits themselves, which are in the possession of Defendants. Edgewood will therefore meet and confer with Defendants to clarify the scope and purpose of the request.

**REQUEST NO. 20:** All communications between Edgewood and the City of Madison, including the City Planning Commission, and any Planning Commission or City employees, relating to relating to [sic] any issue or allegation identified in your Complaint.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 20 because it is unlimited in time. Edgewood further objects to RFP 20 as vague, overbroad, and unduly burdensome to the extent it seeks "all communications" between Edgewood and Defendants "relating to any issue or allegation identified in your Complaint." Edgewood further objects to RFP 20 to the extent it is duplicative of other RFPs. Subject to and without waiving these and its General Objections, Edgewood will produce non-privileged communications related to Edgewood's conditional use application, Master plan, field renovation, violations, outdoor lighting attempts and applications in the possession, custody, or control of Edgewood's agreed-upon custodians that can be located through a reasonable search from 2014-present.

**REQUEST NO. 21:** All documents related to any meetings at which Edgewood attended related to any issue or allegation identified in your Complaint.

**RESPONSE:** In addition to its General Objections, Edgewood objects to RFP 21 because it is unlimited in time. Edgewood further objects to RFP 21 as vague, overbroad, and unduly burdensome to the extent it seeks "all documents" related to "any meetings at which Edgewood attended" "related to any issue or allegation identified in Your Complaint." In particular, it is unclear to Edgewood whether Defendants seek documents from internal meetings, or just external meetings. Edgewood also objects to RFP 21 to the extent it seeks documents protected by the attorney-client and attorney work product privileges. Edgewood

Exhibit VV
Sarah Zylstra Declaration 2

further objects to RFP 21 to the extent it is duplicative of other RFPs. Edgewood stands on its objections as to this RFP.

**REQUEST NO. 22:**  All audio, visual or other electronic recordings and/or photographs related to any meetings at which Edgewood attended related to any issue or allegation identified in your Complaint.

**RESPONSE:**  In addition to its General Objections, Edgewood further objects to RFP 22 because it is unlimited in time, vague, overbroad, and unduly burdensome to the extent it seeks documents and recordings "related to any meetings at which Edgewood attended related to any issue or allegation identified in your Complaint." Edgewood further objects to RFP 22 to the extent it seeks documents and communications not in Edgewood's possession, custody, or control. Subject to and without waiving these and its General Objections, and subject to the parties agreeing to a reasonable time frame, Edgewood states that it will provide audio, visual, or other electronic recordings and/or photographs created by, sent to, or shared with Edgewood's agreed-upon custodians at, or in connection with, any meeting between Edgewood and City representatives, the DMNA, or the VNA that can be identified through a reasonable search.

**REQUEST NO. 23:**  All documents and communications related to Talaske and/or TLC of Wauwatosa, and/or Professional Audio Designs, Inc. with respect to Edgewood's athletic field from January 1, 2017 to present.

**RESPONSE:**  Subject to and without waiving its General Objections, Edgewood objects to RFP 23 because it seeks documents and communications that are not relevant to any parties' claims or defense. Edgewood stands on its objections as to this request.

**REQUEST NO. 24:**  All documents and communications related to Musco Lighting with respect to Edgewood's athletic field from January 1, 2017 to present.

**RESPONSE:**  Subject to and without waiving its General Objections, Edgewood states that it will produce non-privileged documents responsive to this request in the possession,

Exhibit VV
Sarah Zylstra Declaration 2

custody, or control of Edgewood's agreed-upon custodians that can be located through a reasonable search.

**REQUEST NO. 25:**  All documents sent to any expert.

**RESPONSE:**  Subject to and without waiving its General Objections, Edgewood states that it has not retained any experts in this matter. Accordingly, there are no responsive documents.

**REQUEST NO. 26:**  All invoices from any expert.

**RESPONSE:**  Subject to and without waiving its General Objections, Edgewood states that it has not retained any experts in this matter. Accordingly, there are no responsive documents.

**REQUEST NO. 27:**  All documents and communications relating to or referencing Edgewood's 2015 renovation of its athletic field. ** The City Defendants seek answer to this request only to the extent that Edgewood refuses to withdraw its similar document request, moves to compel the City Defendants and the Court holds that such request is relevant.

**RESPONSE:**  Edgewood objects to RFP 27 as vague, overbroad, unduly burdensome, and seeking documents not relevant to either parties' claims or defenses because it seeks "all documents and communications" "relating to or referencing" Edgewood's 2015 athletic field renovation. In particular, there are likely to be tens of thousands of internal Edgewood emails discussing, for example, excitement over, or minute logistical details regarding, the field renovation. Edgewood further objects to RFP 21 to the extent it is duplicative of other RFPs. Subject to and without waiving these or its General Objections, Edgewood will produce non-privileged documents and communications crated by, sent to, or shared with its agreed-upon custodians regarding Edgewood's intended use of its athletic field and putting the City on notice of Edgewood's intended use of its athletic field that can be located through a reasonable search

12

Exhibit VV
Sarah Zylstra Declaration 2

from 2014-2016. Edgewood will also produce all filings with the City in connection with its 2015 renovation.

**REQUEST NO. 28:**  All documents and communications relating to or referencing Edgewood's installation of a scoreboard at its athletic field. ** The City Defendants seek answer to this request only to the extent that Edgewood refuses to withdraw its similar document request, moves to compel the City Defendants and the Court holds that such request is relevant.

**RESPONSE:**  In addition to its General Objections, Edgewood objects to RFP 28 as vague, overbroad, unduly burdensome, and seeking documents not relevant to either parties' claims or defenses because it seeks "all documents and communications" "relating to or referencing" Edgewood's scoreboard installation. Edgewood further objects to RFP 28 as unlimited in time. Subject to and without waiving these and its General Objections, Edgewood will produce documents and communications crated by, sent to, or shared with its agreed-upon custodians regarding the installation of Edgewood's scoreboard in 2015 that can be located through a reasonable search from 2014-2016. Edgewood will also produce all filings with the City in connection with its 2015 scoreboard installation.

Dated: March 17, 2022.

Respectfully Submitted,

GODFREY & KAHN, S.C.

*s/Paul Covaleski*
Mike Wittenwyler (SBN 1025895)
Jonathan Ingrisano (SBN 1033977)
Paul Covaleski (SBN 1117236)
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701
Phone: 608-257-3911
Fax: 608-257-0609
jingrisa@gklaw.com
pcovaleski@gklaw.com
mwittenw@gklaw.com

13

Exhibit VV
Sarah Zylstra Declaration 2

                    DALTON & TOMICH, PLC

                    *Noel W. Sterett (IL 6292008)
                    401 W. State Street
                    Rockford, IL 61101
                    (815) 986-8050 (telephone)
                    (313) 859-8888 (facsimile)
                    nsterett@daltontomich.com

                    *Admitted *Pro Hac Vice*

                    *Attorneys for Plaintiff*

26769810.3

Exhibit VV
Sarah Zylstra Declaration 2