UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC., | Case No. 3:21-cv-00118-wmc |
| Plaintiff, | |
| v. | |
| CITY OF MADISON, WISCONSIN, *et al.*, | |
| Defendants. | |

## DECLARATION OF JONATHAN R. INGRISANO

I, Jonathan R. Ingrisano, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am one of the attorneys for Edgewood High School of the Sacred Heart, Inc. ("EHS") in the above captioned matter. I make this declaration on personal knowledge and on my knowledge and familiarity with the activities and records in this case.

2.  After the stay lifted in this matter, I oversaw and directed the service of Plaintiff's written discovery on the Defendants. That discovery was served on November 2, 2021.

3.  From December 2021 through March 2022, counsel for the parties met and conferred on multiple discovery issues. This included work on appropriate search terms for the City to employ in searching for responsive electronic documents. The final key word search terms to be applied by the City were set forth counsel's March 11, 2022, a true and correct copy of which is attached hereto as Exhibit A.

4.  On April 15, 2022, the City produced more than 40,000 pages of records, which I understood to be a production based on the search terms employed.

5.  During the week of April 25, 2022, I took the depositions of George Hank, Alder Tag Evers, and Matthew Tucker. Throughout these depositions, the counsel for the City

stipulated to permit its witnesses to testify as to their discussions with Assistant City Attorney John Strange, provided that such testimony would not be used by Edgewood High School to argue a wholesale subject matter waiver of the privilege. The City deposed EHS President Mike Elliott and EHS Athletic Director Chris Zwettler on May 10 and 26, respectively. On June 2, 2022, I deposed John Strange, who is no longer with the City Attorney's Office. During his deposition, the City again stipulated to permit Mr. Strange to answer questions as to his otherwise-privileged conversations with City representatives.

6. I devoted substantial parts of May and June to responding to the City's motion for summary. The parties' summary judgment submissions, totaling some 200 pages of briefing, almost 500 proposed findings of fact, six deposition transcripts, and fourteen declarations, were completed on June 21, 2022.

7. In July, the parties resumed focus on discovery. Additional depositions were scheduled for August, and third-party subpoenas and more written discovery were issued.

8. On July 15, 2022, I raised with the City's counsel the issue of the production of John Strange's communications with City representatives during 2019, given the breadth of what he and other City witnesses had been permitted to testify to in deposition. Counsel for the Defendant advised she would look into the request upon her return from vacation the following week. This conversation was memorialized in an email, a true and correct copy of which is attached hereto as Exhibit B.

9. I did not hear back on the issue and followed up on August 10, 2022. A true and correct copy of my August 10 correspondence is attached hereto as Exhibit C.

10. Prior to producing any Strange documents, the City's counsel sought to reaffirm the parties' stipulation on privilege. A true and correct copy of the exchange is attached here to

as <u>Exhibit D</u>.  In response, on August 17, 2022, the City produced forty-five file new files related to Attorney John Strange.  These included emails, calendar meeting invitations and draft documents.

11.     I reviewed the August 17 Strange production.  Many of the emails were email strings where the earlier emails were non-privileged emails with third parties.  My paralegals searched our database and confirmed that those earlier emails were not included in the City's document productions to that point.  I compared these emails to the City's March 11 search terms and concluded that multiple of them should have "hit" those search terms.  Paralegals also searched the City's original production for internal communications between key City representatives during the critical period – October 1, 2018 through December 1, 2019 – in which the relevant issues and incidents in this litigation were discussed.  I reviewed the results and found no responsive emails – only emails forwarding neighbor complaints.

12.     I scheduled a call with the City's counsel on August 19 telephone and requested the parties seek an adjournment to address problems I saw in the review of the Strange documents produced on August 17.  I later that day formalized my request and sought corrective action in a letter, a true and correct copy of which is attached hereto as <u>Exhibit E.</u>  Specifically, Plaintiff complained that the August 17 production contained non-privileged, responsive communications that were not previously produced.  In my call and in my letter, I also took issue with the selective redaction in the middle of an email, CITY-DEF-052797, identified separately below as <u>Exhibit M</u>.

13.     On August 23, the City's counsel declined the invitation to adjourn the trial date and further declined to revisit its document production efforts in light of the contents of the

Strange production the week before. A true and correct copy of counsel's August 23 letter is attached hereto as Exhibit F.

14. Attached hereto as Exhibit G is a true and correct copy of my August 24, 2022 reply.

15. Attached hereto as Exhibit H is a true and correct copy from the August 17, 2022 Strange production of John Strange's August 14, 2019 meeting invitation, CITY-DEF-052799.

16. Attached hereto as Exhibit I is a true and correct copy from the August 17, 2002 Strange production of John Strange's August 23, 2019 exchange with Alder Evers, CITY-DEF-052801. From my review, the included Brodsky-to-Evers email would have "hit" on the search terms ("Edgewood" and "Master Plan"). Had I known of this document when I deposed Alder Evers, I followed up on Evers ambiguous answer about not receiving input from constituents on his draft amendment during his deposition.

17. Attached hereto as Exhibit J is CITY-DEF-052764 from the August 17, 2022 Strange production.

18. Attached hereto as Exhibit K is a March 7, 2010 email from George Hank, CITY-DEF-052788, from the August 17, 2022 Strange production.

19. Attached hereto as Exhibit L is "City of Madison Interdepartmental Correspondence" between George Hank and Matt Tucker, CITY-DEF-052753 from the August 17, 2022 Strange production.

20. Attached hereto as Exhibit M is a true and correct copy of CITY-DEF-052797 from the August 17, 2022 Strange production.

5

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of August, 2022.

                                                *Jonathan R. Ingrisano*
                                                Jonathan R. Ingrisano

27760397.1