# EXHIBIT E

**EXHIBIT E**



833 EAST MICHIGAN STREET• SUITE 1800
MILWAUKEE, WISCONSIN 53202-5615

TEL • 414.273.3500   FAX • 414.273.5198

WWW • GKLAW.COM

Direct: 414-287-9611
jingrisa@gklaw.com

August 19, 2022

**VIA EMAIL AND U.S. MAIL**

Sarah A. Zylstra
Boardman & Clark LLP
1 South Pinckney St.
4th Floor
Madison, WI 53701

   RE: <u>Edgewood High School of the Sacred Heart, Inc. v. City of Madison, et al.</u>
      Case No. 3:21-cv-0018-wmc (W.D.Wis.)
      DEMAND FOR PRODUCTION OF DOCUMENTS

Dear Sarah:

  Thank you for the call earlier today. In the event we are unable to come to an agreement on scheduling, I write to formalize my discovery concerns and to set forth my requests for corrective action by the City.

  On Wednesday, August 17, your office produced more than 40 new documents, bates labeled CITY-DEF-052726 to CITY-DEF-052804. These documents were produced in response to your and my July conversation where I requested the City supplement its production to include John Strange as a custodian and in light of the City's repeated-but-limited-waivers of attorney-client privilege in deposition. We are still reviewing the implications of many of these emails, but please advise of what dates, if any, are available for follow-up depositions on or before September 2.

  Multiple of the documents produced are either not privileged or have unprivileged parts of email strings that themselves were not previously produced, but that are relevant and responsive. Given this, my office has gone back and reviewed the City's prior productions. Specifically, from the period of October 1, 2018 to December 1, 2019, we have been unable to identify in your productions <u>any</u> internal communications between the key City officials where those communications are related to Edgewood High School—to its athletic field, its Master Plan or the City's interpretation thereof, the outdoor lighting permit application, the City's denial or withholding of that permit, the Notices of Violation, the repeal of the Master Plan, or Tag Evers's ordinance amendment (the "Litigation Issues"). However, the Strange production this week makes it obvious that such internal communications exist. I understand from you today that this dearth of internal communications may be explained by limitations in the search terms or the search term functionality for the City. Yet the City did produce some internal communications, albeit irrelevant ones, for example, between Mr. Tucker and Ms. Thiele

Sarah A. Zylstra
August 19, 2022
Page 2

regarding the Odilon Ford Winery, and between Ms. Stouder and Mr. Tucker regarding a hotdog stand. (See CITY-DEF-15982, 16168.) Having captured these nonresponsive communications unrelated to the present dispute, it remains to be seen why EHS communications were not captured during the process.

Its potential cause notwithstanding, there appear to be missing responsive, relevant, and highly-probative communications by and between the City's representatives. In the absence of adjourned proceedings, we ask that the City immediately supplement its production. Emails and related documents to, from, or copied to Messrs. Tucker, Hank, Rewey, Strange, Parks, May, Evers, and Harper, and Ms. Stouder and Thiele, related to the Litigation Issues should be produced immediately. EHS will limit this demand to between October 1, 2018 and December 1, 2019.

Further, I write to address the redaction on CITY-DEF-052797. When we discussed this redaction today you advised that it was unrelated to Edgewood High School or the ordinances at issue. Unfortunately, this statement is difficult to take at face value. The email's subject line is "Edgewood." The email is only one paragraph, with the two sentences preceding the redaction pertaining to Alder Evers and his intention to amend CI District ordinance. The sentence following the redaction appears to relate to Evers's introduction of "something" to track the EHS Master Plan repeal, which was at that time being sponsored by the mayor. That last sentence itself appears to relate to the redacted sentence – "I'm not sure if something will come of this in the next few days, but I suppose he could intro something from the floor on August 6 for it to track with the mayor's ordinance." (Emphasis added.) The "this" referred to certainly appears to have been identified in the redacted sentence. This context makes it unlikely this single sentence would be individually or separately privileged from the rest of the email to justify the redaction. Edgewood High School has no interest in embarrassing anyone -- we can consider confidential or "eyes-only" treatment until trial and any other appropriate prophylactic measures thereafter should the prejudice of that sentence outweigh its probative value.

Very truly yours,

GODFREY & KAHN, S.C.

Jonathan R. Ingrisano

cc: Tanner G. Jean-Louis
Noel Sterett
Mike Wittenwyler

27731468.1