UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDGEWOOD HIGH SCHOOL OF THE
SACRED HEART, INC.,

        Plaintiff,

v.

CITY OF MADISON, WISCONSIN, *et al.*,

        Defendants.

Case No. 3:21-cv-00118

---

### DECLARATION OF SARAH A. ZYLSTRA IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL, ADJOURN THE TRIAL AND EXTEND DISCOVERY

---

I, Sarah A. Zylstra, under penalty of perjury, declare as follows:

1. I am an attorney representing the defendants in the above-reference matter. I offer this declaration in support of City Defendants' Brief in Opposition to Plaintiff's Motion to Compel Discovery, to Adjourn Trial, and to Extend Discovery.

2. A true and correct copy of Plaintiff Edgewood High School of the Sacred Heart, Inc.'s Requests for Admission to All Defendants dated November 2, 2021 was previously filed as dkt. #20-01.

3. A true and correct copy of Plaintiff Edgewood High School of the Sacred Heart, Inc.'s Interrogatories to All Defendants dated November 2, 2021 was previously filed as dkt. #20-02.

4. A true and correct copy of Plaintiff Edgewood High School of the Sacred Heart, Inc.'s Requests for Production of Documents to All Defendants dated November 2, 2021 was previously filed as dkt. #20-03.

5. At the time that the discovery referenced in the preceding paragraphs was served, the City Defendants had a motion to dismiss pending. A true and correct copy of Defendants' Motion to Dismiss and Motion to Strike and Brief in Support of Partial Motion to Dismiss and Motion Strike was previously filed as dkt. #12.

6. Plaintiff's discovery was incredibly extensive. Plaintiff served 168 requests for admissions and 58 document requests. Some of the requests for admissions stretched back over 100 years, seeking admission to things that occurred in 1881. Further, some of the 58 document requests also had no time limit or stretched back for many years. As a result, when the City answered the discovery, it objected to a number of plaintiff's requests and proposed its own limit to some of the discovery responses of January 1, 2018.

7. Attached to this Declaration as Exhibit A is a true and correct copy of an email chain between Defendants' counsel and Plaintiff's counsel from November 2, 2021, through January 5, 2022.

8. Attached to this Declaration as Exhibit B is plaintiff's meet and confer letter dated January 4, 2022.

9. Attached to this Declaration as Exhibit C is a true and correct copy of my letter to Plaintiff's counsel dated January 11, 2022, and its attachment.

10. Attached to this Declaration as Exhibit D is a true and correct copy of an email exchange from January 20 in which I explained the searching capabilities of the City's electronic systems to plaintiff.

11. Attached to this Declaration as Exhibit E is a true and correct copy of Plaintiff's February 8, 2022, letter to me specifying searches and timeframes.

12. Attached to this Declaration as Exhibit F is a true and correct copy of Plaintiff's February 8, 2022, letter to me regarding the parties' January 12, 2022, meet and confer conference.

13. Attached to this Declaration as Exhibit G is a true and correct copy of Plaintiff's February 14, 2022, letter to Defense counsel.

14. Attached to this Declaration as Exhibit H is a true and correct copy of Defendants' March 4, 2022, letter to Plaintiff's counsel.  While I spotted an error with respect to plaintiff's missing parenthesis in Search 10, I did not spot the error in Search 1. Despite my drawing to Edgewood's attention the error on Search 10, Edgewood never corrected or changed Search 1. I have asked the City to try to run this search with the added parentheses. The search that Edgewood tried to propose returns over 23,000 documents. A cursory review of the first dozen documents did not reveal any records that were in any way related to the issues in this litigation.

15. Attached to this Declaration as Exhibit I is a true and correct copy of Defendants' March 11, 2022, letter to Plaintiff's counsel.

16. Attached to this Declaration as Exhibit J is a true and correct copy of Defendants' March 23, 2022, letter to Plaintiff's counsel.

17. Attached to this Declaration as Exhibit K are a true and correct copies of emails from Defense Counsel's paralegals Kimberly Crowell and Morgan Rose, dated December 9, 2021, March 4, 2022, April 15, 2022, and April 26, 2022, providing access to Defendants' original and supplemental document productions.  The city Defendants had produced over 52,000 pages by April 15, 2022 and completed its response to plaintiff's first set of discovery by April 26, 2022, producing 52,686 pages of documents by April 26.  The only documents not

produced were a handful of documents produced on August 17 in response to a verbal request for documents made by attorney Ingrisano in July.

18. Attached to this Declaration as Exhibit L is a true and correct copy of the email chain between Attorneys Zylstra and Covaleski from March 8, 2022, to March 29, 2022.

19. Attached to this Declaration as Exhibit M is a true and correct copy of the email chain between Attorneys Zylstra and Covaleski from March 31, 2022. I had a phone conference with plaintiff's counsel on March 31. In that conference, when the City Defendants objected to plaintiff's statement that they could not produce Mr. Elliott before the summary judgment deadline, plaintiff's counsel offered to adjourn the summary judgment deadline and the trial date. I was opposed to adjourning the trial date.

20. The depositions George Hank, Tag Evers, and Matthew Tucker proceeded on April 27, 2022, April 28, 2022, and April 29, 2022, respectively. At the depositions of City officials, plaintiff's counsel identified and marked several documents that had not been produced by either party in discovery, despite the fact that the documents were in both parties' possession. Defense counsel did the same. Neither party objected to that until plaintiff raised an objection on August 17 to a document marked at the deposition of Susan VanderSanden. The document to which plaintiff objected contains a number of Edgewood High School representatives on it and thus, is a document that is arguably within Edgewood's documents but was not part of Edgewood's production.

21. During the deposition of George Hank, plaintiff asked questions relating to a February 2019 lighting application that Edgewood submitted to the City. Hank Dep. dkt. #30, 52:16-23. Following the submission of that February 2019 lighting application, there was a discussion between the Zoning Administrator Matthew Tucker, the head of the Building Inspection Division George Hank (who was also Mr. Tucker's supervisor), and then City

4

Attorney John Strange about whether the permit could be issued. When plaintiff's counsel asked questions about that discussion during the George Hank deposition, I objected on grounds of attorney-client privilege. Defense counsel and plaintiff's counsel argued about Assistant City Attorney John Strange's role in the process as it relates to the privilege. However, as a compromise and a hope to move the case forward, I offered a stipulation to allow Mr. Hank to answer the question posed if such would not constitute a waiver of the attorney-client privilege beyond the answer to the question.

22. Similarly, in August of 2019, the City introduced an amendment to the Campus Institutional Zoning District. Alder Tag Evers contacted City Attorney John Strange regarding drafting that amendment. When Alder Evers was deposed, plaintiff's counsel asked Alder Evers regarding his conversation with John Strange as it related to the drafting of the ordinance. I again claimed attorney-client privilege. The parties again agreed on record that if defense counsel allowed Alder Evers to answer the questions regarding his verbal communications with John Strange, plaintiff would not argue that it was a waiver of the privilege.

23. Plaintiff subsequently requested the deposition of John Strange, which occurred on June 1, 2022. Strange Dep., dkt. #56. The parties again agreed to the same stipulation: that Mr. Strange would be permitted to disclose his communications in February 2019 with Matthew Tucker and George Hank about the lighting application and his communications with Alder Tag Evers in late July early August about drafting an amendment to the Campus Institutional District Zoning Ordinance but plaintiff would agree not to argue that it was a waiver of the privilege.

24. On July 8, 2022, the City Defendants served a second set of written discovery on plaintiff, which was due on August 8, 2022.

25. On July 15, 2022, one day before I was going on vacation (from July 16 through July 24), Attorney Ingrisano called and asked whether the defendants would produce written

5

attorney-client privileged communications relating to the two limited topics for which the parties were allowed to answer at deposition. I indicated that I would discuss the matter with my client and get back to Attorney Ingrisano but that I was going on vacation and would not do so until I returned. I indicated that I was leaning towards producing those records.

26. In our July 15 telephone conference, I discussed with Attorney Ingrisano what depositions that we wanted to complete and he discussed what deposition he wanted to complete before the close of discovery. I requested the depositions of Sister Kathleen Phelan, Susan VanderSanden and Maggie Balistreri-Clarke. Attorney Ingrisano wanted to take the depositions of Timothy Parks and representatives from the University of Wisconsin. We agreed to block off five days in August for all five of those depositions to occur.

27. Attached to this Declaration as Exhibit N is a true and correct copy of the email chain between Attorneys Zylstra and Ingrisano from July 15, 2022.

28. Attached to this Declaration as Exhibit O is a true and correct copy of Plaintiff Edgewood High School of the Sacred Heart, Inc.'s Second Set of Discovery Requests to All Defendants that was served on the City Defendants on August 3, 2022.

29. On July 7, 2022, I had record subpoenas served on Vandewalle and Associates, Potter Lawson, Inc., Rettler Corporation, Wood Communications Group, and Irwin A. and Robert D. Goodman Foundation, with a return date of July 28.

30. On August 2, 2022, the City Defendants served a third set of written discovery on plaintiff, which consisted of request for admissions as to the authenticity of certain documents.

31. I received Edgewood's response to the City's second set of discovery that was served in early July on August 8. Attached to this Declaration as Exhibit P is a true and correct copy of Plaintiff Edgewood High School of the Sacred Heart, Inc.'s Responses to Defendants' Second Set of Discovery that I received on August 8, 2022.

6

32. Attached to this Declaration as Exhibit Q is a true and correct copy of a meet and confer letter I sent to Attorney Ingrisano on August 10, 2022.

33. Attached to this Declaration as Exhibit R is a true and correct copy of email chain between me and Attorney Ingrisano between August 10, 2022, and August 15, 2022.

34. Attached to this Declaration as Exhibit S is a true and correct copy of an email from my paralegal, Morgan Rose, dated August 17, 2022, producing documents. Prior to sending those documents, I emailed Attorney Ingrisano to get agreement that our same stipulation would apply as to the attorney-client privilege. He agreed that the City's production of these documents would not operate as any further waiver of the privilege. A true and correct copy of that email is attached as Exhibit T.

35. Susan VanderSanden was listed as a witness on plaintiff Edgewood's Rule 26 initial disclosures and the City Defendants deposed her on August 17, 2022.

36. Attached to this Declaration as Exhibit U is a true and correct copy of Deposition Exhibit 119 as marked at the deposition of Susan VanderSanden and was produced by Potter Lawson pursuant to a subpoena that defendants had served in July.

37. Deposition Exhibit 119 was an email between Edgewood High School's then president Judd Schemmel, Ms. VanderSanden and Potter Lawson principal Doug Hursh relating to one of the central issues in the case. Deposition Exhibit 119 was not produced by Plaintiff to Defendants.

38. The parties took the deposition of three UW witnesses the following day on Thursday (August 18), and Attorney Ingrisano asked to speak to me the next day, on Friday morning.

39. On August 19, 2022, I had a phone conference with Attorney Ingrisano. He requested the defendants stipulate to adjournment of the trial date and to extend discovery by

three or four months. I asked Attorney Ingrisano what additional discovery that plaintiff wanted to do. He indicated that Edgewood had a desire to take the deposition of a representative from Potter Lawson to understand Potter Lawson's role in the submission of Edgewood's master plan. He also admitted that the email marked in Susan VanderSanden's deposition (Dep. Ex. 119), which had been produced by Potter Lawson, took him by surprise. He explained that while it was an Edgewood internal email, the email was not previously available to him due to the age of the document.

40. In addition to taking the deposition of Potter Lawson, Attorney Ingrisano also indicated in the phone call on August 19 that he wanted to take the deposition of Alan Harper due to the an email produced as part of the Strange production on August 17.

41. Finally, Attorney Ingrisano indicated that he was having difficulty locating any emails internal emails between City staff between October 1, 2018 to and November 1, 2018. Attorney Ingrisano also stated that he intended to supplement the plaintiff's summary judgment response and while he was hoping the City Defendants would stipulate to adjournment, he would likely move for adjournment even if the City Defendants objected.

42. Later in the afternoon on August 19, 2022, I received the letter attached as Exhibit E to the Declaration of Jonathan Ingrisano.

43. On August 23, 2022, I sent the letter attached as Exhibit F to the Declaration of Jonathan Ingrisano. The City was opposed to adjourning the trial date. Further, allowing months of more discovery and delaying trial would increase the damages that plaintiff contends that the City owes. Plaintiff seeks damages for renting field for night games of its athletic field as well as attorney's fees and costs as compensatory damages. Further, plaintiff seeks the difference in cost to erect the lights that have occurred from the time that they requested the lights to now.

Plaintiff is also seeking its attorney's fees under RLUIPA. Thus, delay is incredibly prejudicial to the City.

44. I did make efforts to address plaintiff's concerns. I offered to search for records involving Alan Harper and produce those. I also offered plaintiff the opportunity to depose Mr. Harper on August 31.

45. On August 30, 2022, I produced documents related to Allan Harper and plaintiff took the deposition of Allan Harper on August 31, 2022. Of the over 52,000 pages of documents that the City produced by April 26, 2022, And such is undisputedly true because of the over 52,000 pages of records that the City has produced, Alan Harper did not appear on any document. Further, in doing a search of documents involving Mr. Harper, he did not appear in any other documents involving Edgewood High School other than this one email exchange.

46. In addition, plaintiff has scheduled a Rule 30(b)(6) deposition of Potter Lawson and a deposition of Doug Hursch from Potter Lawson for September 2, 2022.

47. Plaintiff maintains that he could find no internal emails between City officials relating to Edgewood between October 1, 2018 and November 1, 2019. Plaintiff's statement is in error. There are emails between Alder Tag Evers and Zoning Administrator Matthew Tucker regarding Edgewood on May 3, 2019 (CITY-DEF-43155) and May 5, 2019 (CITY-DEF-43158) and again on July 30, 2019 (CITY-DEF -44373). There is an internal email involving Timothy Park and Heather Stoddard on August 23, 2019 (CITY-DEF-44143). There are internal emails between Matthew Tucker and Jason Freeman on July 9, 2019 (CITY-DEF-43632, 44469, 44470). There are internal City emails involving Heather Stoddard at CITY-DEF-44473 and 44476. There are a number of City internal emails between Matthew Tucker and Carey Perzan. *See* CITY-DEF-43147-43157.

48.     Timothy Parks testified that his office is 100 feet from Matthew Tucker's and thus, much of their communications occurred orally. Parks Dep., 74:19-23. Alan Harper testified that his office was 50 feet from George Hank. The Harper transcript is not yet available as the deposition just occurred on August 31. The Parks deposition is being filed with this response. The City has produced some outlook calendar meeting invitations during October 1, 2018 through November 1, 2019 demonstrating that there were internal meetings and verbal discussions among the relevant city personnel.

49.     Defendants have produced and over 52,000 pages in discovery to date.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 1st day of September, 2022.

>                                                                  */s/ Sarah A. Zylstra*
>                                                                  Sarah A. Zylstra

\\msnfs2\share\DOCS\WD\25981\424\A4639550.DOCX