

ONE EAST MAIN STREET, SUITE 500 • POST OFFICE BOX 2719
MADISON, WISCONSIN 53701-2719

TEL • 608.257.3911   FAX • 608.257.0609

WWW • GKLAW.COM

Direct: 608-284-2619
**pcovaleski@gklaw.com**

January 4, 2022

**VIA EMAIL**

Sarah Zylstra
Boardman & Clark LLP
1 South Pinckney St., Suite 410
P.O. Box 927
Madison, WI 53701

      Re:    Edgewood vs. City of Madison et al., Case No. 21-cv-118
              Defendants' Discovery Responses and Objections

Dear Sarah:

      We write on behalf of Edgewood High School of the Sacred Heart, Inc. ("Edgewood") in regard to Defendants' Responses and Objections to Edgewood's First Set of Requests for Admission, Requests for Production, and Interrogatories (collectively, "discovery requests" and "discovery responses") in the above-captioned matter. The purpose of this letter is to provide Edgewood's position on Defendants' objections to the discovery requests, as well as identify issues and questions for discussion at the parties' January 5, 2022 meet and confer.

      Defendants have objected, in some form or fashion, to each and every one of Edgewood's discovery requests—often through general and boilerplate objections—and Edgewood contends these objections are improper. Edgewood has chosen, however, to only address those discovery responses where Defendants objected and did not respond, responded incompletely, responded evasively, or refused to provide documents. Edgewood has chosen to only address these types of discovery responses for the sake of efficiency and for the convenience of the parties; it should not be construed as, and is not, an admission that the unaddressed objections are proper or a waiver of any arguments regarding the same.  To the extent that Defendants have withheld information or documents, or have narrowly tailored their searches for information or documents, without advising of such in their responses, we expect those responses to be revised to make those limitations clear and express.

      Where Defendants have provided both general/boilerplate objections and more specific objections, Edgewood presumes that Defendants are relying on the specific objections as a basis for withholding their response given the Seventh Circuit's repeated warnings against generic objections. If Defendants intend on relying on each objection in each request as a basis for withholding their response, Edgewood requests they advise accordingly at the meet and confer and explain in detail the basis for each such objection via a reasonably prompt written

<span style="color:red">EXHIBIT B
Declaration of Sarah Zylstra</span>

January 4, 2022
Page 2

correspondence. *See, e.g., Richter v. Mutual of Omaha Ins. Co.*, 2006 WL 1277906, at *2 (E.D. Wis. May 5, 2006) ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. To meet this burden, the objecting party must specifically detail the reasons why each [request] is irrelevant . . . .").

Defendants provided consolidated discovery responses as to all Defendants. Edgewood does not object to this to the extent all responses are the same for each and every Defendant. To the extent an individual Defendant's response to a particular discovery request differs or is otherwise unique, please either supplement Defendants' discovery responses to identify the individual response or provide separate responses as to the discovery request at issue.

Finally, the positions Edgewood provides below are in anticipation of, and meant to facilitate discussion during, the parties' upcoming meet and confer. Edgewood anticipates the parties' exchanging prompt and timely correspondence after the meet and confer memorializing areas of agreement, areas of disagreement, and a plan moving forward as to each individual request. Please let us know as soon as possible if you disagree with this proposed course of action.

## **Defendants' Objections Based on Pending Motion to Dismiss**

First and foremost, Edgewood must address Defendants' objection that it need not respond to various discovery requests due to their pending motion to dismiss. *See, e.g.,* Defs.' Resp. to RFP 8-13, 16, 36, 40; Defs.' Resp. to RFA 9-12, 65, 126.

These objections constitute a ***third attempt*** by Defendants to stay relevant discovery while their motion to dismiss is pending.  This is beyond the pale. Indeed, if a party could simply refuse to respond to any discovery request potentially involving facts or issues included in a motion to dismiss, there would be no need for discovery stays to begin with. But that is not what the federal rules allow for. Moreover, it disregards the Court's ***two prior orders*** specifically denying Defendants the relief they now claim for themselves. *See* Dkts. 18, 23. Defendants' position is therefore baseless and untenable. They are simply repackaging their prior, failed arguments for a stay.  Accordingly, if Defendants insist on withholding responses and/or documents on the basis of this objection, Edgewood will seek sanctions and attorneys' fees in connection with any relief it seeks from the Court compelling responses. Edgewood will not tolerate Defendants' continued attempts to circumvent clear Court orders and avoid its discovery obligations.

January 4, 2022
Page 3

## <u>Defendants' Additional Objections</u>

Edgewood addresses the remaining objections in Defendants' discovery responses below:

### <u>Interrogatories</u>

- **Interrogatory 2**

Defendants point Edgewood to all the recorded Common Council meetings and "all emails between Defendants and Edgewood" without specifying any particular meeting (much less any statement therein) or any particular email. This is insufficient under Fed. R. Civ. P. 33(d) (when directing the requesting party to records, mandating "[a] specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained"). To the extent Defendants have not yet identified the requested statements and/or admissions, they are free to timely supplement their response when they do. However, Edgewood need not accept the Defendants' generalized referral to the universe of documents they have produced.

- **Interrogatories 3 and 6**

Edgewood agrees that Defendants need not identify "clerical staff who had no substantive involvement." However, it is unclear to Edgewood how Defendants are defining "substantive involvement" and therefore request they define that term at the meet and confer. Defendants also object on the bases of the attorney-client privilege and work product doctrine. Please confirm whether names are being withheld on either of these bases, as the identities of persons having privileged communications are not themselves privileged information, and merely identifying those persons involved does not implicate either protection.

- **Interrogatory 4**

Defendants' response to Interrogatory 4 is incomplete and evasive. Defendants must re-respond to Interrogatory 4 and "identify all outdoor lighting permits denied to Madison area schools between 2013 and present," ***not*** which other Madison area schools have applied for outdoor field lighting under the City's conditional use process. Edgewood does not accept the Defendants' attempt to re-write its Interrogatory.  If Defendants refuse to substantively answer, Edgewood requests they re-respond identifying the basis of their objection(s) and so stating.

- **Interrogatories 5 and 8**

Defendants have objected to Interrogatories 5 and 8 because they contend they do not have a time limit or that time limit is vague. Edgewood clarifies that the temporal range for both Interrogatories is the present. Please advise whether, given this clarification, Defendants will be responding.

Exhibit B
Declaration of Sarah Zylstra

January 4, 2022
Page 4

- **Interrogatory 7**

Defendants point Edgewood to the Legistar records for ORD-19-00069 without identifying which records contain the names of drafters, contributors, sponsors, and cosponsors of the ordinance. This is insufficient under Fed. R. Civ. P. 33(d). *See supra* Rog 2. Moreover, Edgewood expects the Defendants to identify any drafters or contributors that were not identified in the Legistar record.

- **Interrogatory 9**

Defendants' response to Interrogatory 9 is evasive and incomplete. Defendant Matt Tucker is on record stating that Edgewood's Master Plan prohibited it from using the field for various activities, including athletic contests. *See* Dkt.1-18. Given this interpretation adopted by the Defendants, the Defendants are to confirm which activities it contends Edgewood could use its field for pursuant to Defendants' interpretation of Edgewood's Master Plan, and which it could not. Merely pointing to the Master Plan is therefore not responsive.

**Requests for Production ("RFPs")**

- **Generally applicable concerns**

In response to numerous requests for production, Defendants object to the time frame requested by Edgewood and instead offer to produce documents since January 1, 2018. While Edgewood addresses its position on this proffered date in connection with each individual response below, Edgewood requests that Defendants explain their position as to why January 1, 2018 is an appropriate limitation for the Defendants to impose on their productions.

Defendants also make numerous objections based on undue burden, and in particular repeatedly state they should not have to search the "communications of [the City's] more than 3,000 employees." *See* RFP Resp. 6, 27-30, 37. This contention ignores the reality of how modern discovery is conducted. Defendants have not explained why they cannot apply search term functionality across Defendants' communication and document management platforms. Edgewood is willing to work with Defendants on agreeable search terms, and requests Defendants produce proposed search terms reasonably promptly after the meet and confer if they so choose to utilize them.

- **RFP 4**

Edgewood clarifies that it is only seeking documents reviewed or relied upon by Defendants in denying or qualifying an admission in response to Edgewood's Requests for Admission. Please confirm, given this clarification, when Defendants will be supplementing their production.

January 4, 2022
Page 5

- **RFP 5**

Edgewood requested documents and communications relating to any complaints the City has received about Edgewood's use of its athletic field since 2010. Defendants have objected, but agreed to produce such documents since January 1, 2018. As a compromise, Edgewood offers to change its requested date to January 1, 2013, the year when Edgewood was zoned Campus-Institutional. Please confirm that, given this compromise, Defendants will supplement their response.

- **RFPs 8-13, 16, 36, 40**

Defendants object to each of these requests "because the request seeks information about facts prior to the CUP." As noted above, this is a thinly-veiled third attempt to stay discovery pending Defendants' motion to dismiss—a request that the Court has already twice denied. This is an improper basis to object to Edgewood's requests for production. *See supra* page 2.

Defendants' objections that these requests have "no time limit" is equally unavailing. All these requests have narrow time limits built into the request. For example, Request No. 10 seeks documents regarding whether the University of Wisconsin was using its athletic fields "in accordance with its Master Plan." UW's Master Plan was only adopted in 2017, thus providing an outer "time limit." Request Nos. 12, 13, and 16 likewise are tied to master plans, which only have existed since 2013. Edgewood need not belabor the point: the remaining requests also all have self-contained time limits.

- **RFP 17**

Please confirm whether Defendants have withheld any documents on the basis of attorney-client privilege or the work product doctrine and, to the extent they have, provide a privilege log of such documents.

- **RFPs 15 and 48**

Defendants responded that they are "still in the process of locating records to determine what they can produce." Edgewood requests that Defendants timely supplement their responses to advise when they are producing records in response to those requests.

- **RFPs 18, 19, 29, 42**

Defendants' objections that these requests are overly broad in time is baseless. All these requests are tethered to concrete, non-continuing events and therefore narrowly limited in time. All the events described in these requests occurred in 2015 or later and are therefore not overly broad.

January 4, 2022
Page 6

- **RFPs 20-22**

Defendants likewise object that these requests are overly broad as to time "as the ordinance change was in 2012." Edgewood is unclear whether Defendants' contend that documents from 2012 are categorically irrelevant and overly broad, or that the request is overly broad because it seeks documents from 2012-present. To the extent Defendants argue the former, the reason behind and purpose of the City's enactment of Campus-Institutional Zoning, M.G.O. § 28.097, Edgewood's Master Plan, and Ordinance 14-0082 are central to Edgewood's claims and Defendants' defenses. To the extent Defendants argue the latter, each request is tethered to concrete, non-continuing events and therefore narrowly limited in time. They are not overly broad.

- **RFPs 24, 28, 32, 38**

Defendants have objected, but agreed to produce documents since January 1, 2018. As a compromise, Edgewood hereby offers to change its requested date to January 1, 2017, which would encapsulate most documents and communications relevant to the parties' claims and defenses and impose minimal additional burden on Defendants.

- **RFPs 26, 27, 30, 31, 41, 43, 45**

Defendants have objected, and have either refused to produce documents or only agreed to produce documents since January 1, 2018. These requests seek documents and communications relating to, among other relevant topics, Edgewood's Master Plan and the City's interpretation and enforcement of its laws involving Campus-Institutional zoning districts, all of which began after the City's 2013 ordinance amendments. Accordingly, Edgewood maintains that its request for responsive documents beginning in January 2013 is proper. Edgewood recognizes that Requests No. 31, 32, and 43 do not currently have a begin date, and accordingly clarifies that January 2013 is the intended begin date for those requests.

- **RFPs 35, 37, 46**

Defendants have objected, but agreed to produce documents since January 1, 2018. Edgewood accepts this proposal.

- **RFPs 39, 44**

Defendants object to these requests as overbroad, unduly burdensome, and irrelevant. All are baseless. These requests are facially obviously relevant to Edgewood's allegations that UW-Madison and Madison Memorial are comparators for purposes of its RLUIPA equal treatment claim. If Defendants' relevance objections are based on its contention that this claim is unlikely to proceed given their pending motion to dismiss, such an objection is equally unavailing for the reasons set forth above. Moreover, these requests only seek documents and communications regarding two discrete lighting applications and permits from 2017 and 2018. It is unreasonable

January 4, 2022
Page 7

to maintain that this extremely narrow request is overbroad or imposes an undue burden on Defendants.

- **RFP 45**

Edgewood clarifies that it seeks documents sufficient to show the formal and informal criteria for lighting approval under M.G.O. § 10.085. Please confirm that, given this clarification, Defendants will supplement their response.

- **RFP 51**

Defendants contend this request does not have a time limit. Edgewood clarifies that the temporal range for this request is current. Please confirm that, given this clarification, Defendants will be supplementing their responses.

- **RFPs 54, 55**

Requests No. 54 and 55 narrowly request lighting applications and permits for 2018-2019. Defendants contend they do not "maintain the information in such a way to respond to this request without significant burden." The Defendants must explain how this information is stored and why it imposes a significant burden at the meet and confer.

- **RFPs 56, 57**

Defendants contend these requests are not relevant or proportional because Madison West's current expansion project does not contain a lighting proposal. The Defendants are again seeking to re-write Edgewood's discovery.  Edgewood requested all documents regarding the proposed installation of lights, regardless whether they were ultimately approved or included in the proposal. If representatives from the City, for example, advised West that it should temporarily exclude lighting proposals from its expansion project while this suit is pending, it would be highly relevant to most of Edgewood's claims. Conversely, if there has never been *any* discussion or proposal for lights as part of Madison West's expansion project, Edgewood requests Defendants change their response to "none."

- **RFP 58**

Edgewood contends this request is relevant and properly tailored in scope and time. The Defendants must explain how this request, which only seeks complaints regarding noise, sound, and lighting from two facilities since 2015, is overly broad or imposes an undue burden on Defendants.

January 4, 2022
Page 8

**Requests for Admission ("RFAs")**

- **RFAs 1, 8, 12, 13, 16, 17, 23, 32, 54, 65, 129, 130, 138, 153, 167**

Defendants maintain they have insufficient knowledge to respond to any of these requests. However, Rule 36(a)(4) of the Federal Rules of Civil Procedure requires a party asserting lack of knowledge to affirmatively state that it has "made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." It appears as if Defendants could have found the answer to many of these requests with minimal effort. *See, e.g.,* RFA 12, 13, 129, 130, 153. Accordingly, Defendants must expressly confirm they made a "reasonable inquiry" into each of these requests before claiming insufficient knowledge.

- **RFAs 9-12, 65, 126**

Defendants object to each of these requests "because the request seeks information about facts prior to the CUP and matters prior to the CUP are subject to a pending motion to dismiss." Again, this is a thinly-veiled third attempt to stay discovery pending Defendants' motion to dismiss—a request that the Court has already twice denied. This is an improper basis to object to Edgewood's requests for admissions. *See supra* page 2.

- **RFAs 14, 47, 53, 54, 64, 66-88, 94, 100, 101, 145, 146**

Defendants object to these requests as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. These boiler-plate objections are baseless as to each and every request.

As an initial matter, each of these requests seeks only the admission of a particular ***fact***; thus, Defendants' contentions that these requests seek admissions of law in any respect, much less admissions of law "unrelated to the facts of the case," ignores the plain language of the requests themselves. To the extent any of these requests do seek an admission of law, they all relate to facts indisputably at the core of Edgewood's claims, as further explained below.

Equally as obvious is that these requests cannot possibly subject Defendants to an "undue burden." Edgewood seeks only the admission of ascertainable facts from the last several years. Accordingly, to the extent Defendants intend to rely on their undue burden objections to withhold responses, they must specify in detail how reasonably inquiring into discrete topics from recent history and drafting a response constitutes an undue burden on them.

As for Defendants' objections on relevance and overbreadth—these requests are plainly relevant and narrowly tailored toward the claims as pled.

> ➢ Request No. 14 relates to the City's historical interpretation and application of its lighting and electrical permit processes and implicitly how they compare to Tucker's interpretation and application of them.

January 4, 2022
Page 9

> Request No. 47 relates to what impact, if any, the Edgewood Master Plan had (or should or should not have had) on the permitted uses of Edgewood's athletic fields and Edgewood's application for outdoor lighting permits.

> Requests No. 53, 54, 100, and 101 relate to whether Edgewood was entitled to its outdoor lighting application when it applied for it in February 2019[1]; whether Tucker's interpretation of Edgewood's Master Plan and its interplay with the City's ordinances was arbitrary; and whether Tucker's interpretations were consistent with his prior interpretations for public applicants.

> Requests No. 64, 94, 145, and 146 relate to Defendants' differing and disparate treatment toward Edgewood than public entities under the City's codes and ordinances.

> Requests No. 66-88 relate to Edgewood's allegations that Madison Memorial and UW-Madison are comparators for purposes of its RLUIPA unequal treatment claim.

Defendants should advise whether they will continue to contend these requests are overbroad and irrelevant because they relate to facts and issues that Defendants claim are subject to the pending motion to dismiss. If Defendants contend these requests are overbroad or irrelevant for some other reason, please explain how and why as to each request.

- **RFAs 13, 49, 52, 54, 91, 96, 98, 99, 110, 113, 121, 124, 128, 129, 130, 137, 140, 142, 148, 152**

Defendants' responses to these requests are evasive and do not fairly respond to the substance of the request. *See* Fed. R. Civ. P. 36(a)(4) (requiring responding party to admit or deny the substance of the request). Edgewood accordingly requests that Defendants re-respond to these requests with responses that fairly address the substance of the underlying request.

- **RFA 55**

Defendants object to this request as seeking inadmissible evidence and being overbroad in time. This request seeks to confirm Defendant Tucker's (and thus the City's) historical interpretations of the City's land use regulations as applied to Edgewood. Tucker is a party to the case; can and will be deposed; and can and will be called to testify on this very subject. Edgewood therefore requests Defendants explain how and why this request seeks evidence that is inadmissible. Defendants' overbreadth argument is also unreasonable—Edgewood seeks information regarding a party to the case on a discrete, highly pertinent issue at a single moment in time.

---

[1] These requests are also central to Edgewood's vested rights claim, which Defendants do not seek to dismiss.

January 4, 2022
Page 10

- **RFAs 121-123, 125**

    Defendants maintain that these requests are protected by the legislative privilege. Please confirm whether Defendants refused to respond, or refused to respond completely, to any of these requests, in whole or in part, on the basis of the legislative privilege. If so, Defendants should explain their position as to why and how the legislative privilege applies to these requests.

- **RFAs 124, 129-130**

    Defendants objected and did not respond to Request 124 because they are still in the process of locating the public hearing at issue. Defendants likewise objected and did not respond to Requests 129 and 130 because Edgewood ostensibly did not "identif[y] when or where Alder Bidar supposedly said this." This is nonsense. Edgewood's Complaint contains footnotes that direct Defendants to the exact quotes at issue and information providing the sought after "when and where." *See* Compl., Dkt. 1, ¶ 163 n. 11, ¶ 164 n.12.

- **RFA 128**

    The City's attorneys are on record as stating that the repeal of Edgewood's Master Plan would result in the approval of Edgewood's lighting permit application.  The only reason the pre-existing application was not approved was the passage of Defendant Evers' amended ordinance that now requires a CUP.  Edgewood understands why the Defendants do not want to respond to this Request for Admission on "but for" causation, but their objections are an ill-founded excuse to avoid a central issue in this case.  The Defendants should supplement this response.

*****

    We look forward to discussing these issues with you further at the parties' meet and confer on January 5, 2022. We would also greatly appreciate if you could provide an estimate at that meet and confer as to the timing of Defendants' next "rolling production" installment. If you have any questions in the interim, please feel free to reach out.

Very truly yours,

GODFREY & KAHN, S.C.

Paul Covaleski