

SARAH A. ZYLSTRA
ATTORNEY
SZYLSTRA@BOARDMANCLARK.COM
DIRECT (608) 283-1741
FAX (608) 283-1709

January 11, 2022

<u>Via E-Mail Only</u>
pcovaleski@gklaw.com

Paul Covaleski
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719

    Re:   Edgewood v. City of Madison, et al.
            Case No. 21-CV-118

Dear Paul:

    I write in response to your January 4, 2022 meet and confer letter. I note that we have a call set up for Wednesday January 12, to meet and confer regarding these discovery matters so I do not intend this letter to be a complete response. However, I felt it important to respond in writing in advance of that call as it relates to some of the items in your letter.

    You complain about defendants' general objections. However, the defendants identify which general objection it was relying upon for every single request. Indeed, if defendants had to repeat the objections with respect to each request, the discovery responses would have been voluminous. To allay any doubts, defendants are relying on the specific general objections noted in response to each individual request, not all the general objections generally.

    You next complain that defendants provided consolidated discovery responses as to all defendants. However Edgewood served consolidated discovery requests to all City defendants, certainly suggesting that a consolidated response was acceptable. In any event, in response to your questions, I do not believe any individual defendant's responses to a particular discovery request differ, although not all defendants have personal knowledge of all of the items identified in the discovery. To the extent that you want to know which defendants have personal knowledge of which facts, you can certainly ask that in depositions or serve an interrogatory as to what specifically you seek.

    Next, you assert that defendants, by making an objection, are attempting to stay relevant discovery or disregard the Court's orders. Nothing could be further from the truth and such is obvious from defendants' responses that such is not occurring. Defendants have objected that plaintiff is seeking information that is beyond the scope of this litigation and not

Exhibit C
Declaration of Sarah Zylstra

JANUARY 11, 2022
PAGE 2

proportional because the issue for this lawsuit is what has occurred at the conditional use process.  Defendants will continue to make that objection to preserve it.  That being said, the CUP process occurred in 2021.  Defendants have repeatedly stated throughout their discovery responses that they were providing documents from January 1, 2018 to present.  This is a transparent and obvious indication that defendants are not limiting discovery to only the CUP process or refusing to produce documents from any time period prior to the CUP in 2021.  Documents from January 1, 2018 include and cover the withdrawal by Edgewood of its master plan, the change in the zoning ordinance, and other matters to which you seek information.  Thus, your assertions in your letter that defendants are circumventing court orders are without merit.

## INTERROGATORIES

- **Interrogatory No. 2**

With regard to Interrogatory No. 2, in which you requested all admissions or statements against interest that Edgewood or its agents or its representatives have made, defendants stand upon the answer in its discovery responses.  Rule 33(d) allows a party to answer an interrogatory by providing business records.  Pursuant to *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 357 (1978), "[W]hen one party directs an interrogatory to another party which can be answered by examination of the responding party's business records, 'it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the parties serving the interrogatory reasonable opportunity to' examine and copy the records, if the burden of deriving the answer would be "substantially the same" for either party."  Here, I have identified the specific records that would contain admissions or statement against interests:  that is, the recordings of the meetings at which Edgewood's representatives spoke at public meetings and the emails that the representatives have sent to the City.  The burden is substantially the same for you to review those records as it is for me to review those records.  In fact, I believe the burden is less for you to review those records as while the City is able to identify what legislation came up at various meetings of the Common Council and the Plan Commission, Edgewood is in the best position to know when its representatives presented at these meetings. I do recognize that we have not yet produced the recordings and emails as those are still in process of being collected.

- **Interrogatories 3 and 6**

First, with regard to your question as to "substantive involvement," nothing calculated or tactical was meant by the term.  Defendants were only trying to identify, for example with Interrogatory 3, those who wrote or edited or had substantive comments as it relates to the recommendation.  Plans are often sent to agencies who may comment on them but City

Exhibit C
Declaration of Sarah Zylstra

JANUARY 11, 2022
PAGE 3

personnel do not recall receiving any comments and the document itself has a notation that no comments were received.

With regard to the objection on attorney-client privilege and work product doctrine, I disagree with your statement that the identities of persons having privileged communications are not themselves privileged when put in context of your interrogatory. I think we agree that the substance of the communication between an attorney and client is protected. The problem here is that your interrogatory has identified the substance of the communication, namely that anyone who participated in or contributed to the drafting of a recommendation. Therefore, identifying whether attorneys were consulted about it, whether they were involved with it, whether the City asked the attorneys anything related to the recommendation would itself be privileged. I am not confirming that such was done, because such would be a waiver of the privilege.

- **Interrogatory No. 4**

Interrogatory No. 4 is overly broad and seeks information that is not proportional in light of the issues in this case. I do not see a basis to seek information back to 2013, especially given your own complaint. Indeed, your complaint begins that "[F]or more than three years, Edgewood High School has sought outdoor lights…." Your complaint was filed on February 19, 2021. Going back three years (and to the beginning of that year) is January 1, 2018, which is the date the City has used for its searching. In fact, the City believes that issues did not arise between Edgewood and the City until fall of 2018. To extend discovery back nine years is not proportional. Further your reference to Madison area schools is itself vague and ambiguous. Public schools? Private schools? Daycares that offer education? This matters because permits are organized by address, not whether a school applied versus any other entity. The City attempted to respond to the interrogatory in a way that was proportional to this case. I will discuss our answer to Interrogatory No. 4 with the City and discuss it further with you at the meet and confer but I still maintain that your request is overbroad.

- **Interrogatory Nos. 5 and 8**

With regard to Interrogatory Nos. 5 and 8, you have addressed only a portion of our objection, noting a change to the time limit. It is not just that there was no time limit identified in the interrogatories. The other objections apply. Even with the change in the time limit, the requests are so overly broad, indefinite, and not proportional that I do not believe that the City could answer either interrogatory. I do not believe this resolves our dispute and will be prepared to discuss it further on our call if you wish.

- **Interrogatory No. 7**

Exhibit C
Declaration of Sarah Zylstra

JANUARY 11, 2022
PAGE 4

Defendant stands on its reference to the Legistar records for ORD-19-0069 as sufficient under Rule 33(d). We are process of producing those records. We expect to have those records produced prior to our call on Wednesday. I would suggest you review those records, which clearly identify those drafters and contributors of the ordinance, and determine whether there is any other dispute given those records.

- **Interrogatory No. 9**

Defendants deny that its response to Interrogatory No. 9 is evasive or incomplete. Interrogatory No. 9 asks to identify all permitted uses of the Edgewood's athletic field during the effective dates of its master plan. First, Edgewood voluntarily withdrew its master plan and thus whether uses were permitted or not permitted under a document that is no longer in effect is overly broad, unduly burdensome and not proportional. Further, this lawsuit is about Edgewood's request for lighting for its outdoor field, not athletic contests. In any event, whatever uses are permitted under the master plan are contained within the master plan. Plaintiffs can review that document just as easily as defendants can. While defendants expect to stand on its Rule 33(d) reference to the master plan, we can discuss this on Wednesday.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**General Concerns**

You request that defendants explain their position as to why January 1, 2018 is an appropriate time limitation on the production of documents. First, plaintiff in most of the requests for production of documents does not identify any specific time period, suggesting at least unlimited and timeless discovery. In view of that, defendants could have simply objected and not searched for records at all. Rather than doing that, defendants attempted to pick a date that would not broker disagreement with plaintiff. January 1, 2018 was picked to capture any documents related to the City's receipt of complaints about Edgewood's use of its athletic field, Edgewood's decision to withdraw its master plan, the submission of applications by Edgewood for lights and the conditional use process. Quite frankly, I am surprised by any resistance by you to the January 1, 2018 date as it captures nearly everything contained in your complaint. Further, as mentioned above, your own complaint suggests a three-year period is reasonable.

You next complain about the City objecting to searching communications of the City's more than 3,000 employees. You contend that such objection ignores the reality of how modern discovery is conducted. I disagree. It is unduly burdensome for the City to conduct such a wide-ranging search and it is not reasonable or proportional. In any event, even limiting the search to certain custodians and search terms "Edgewood" and "EHS" has produced over 28,000 records. I am providing with this letter the listing of custodians used

Exhibit C
Declaration of Sarah Zylstra

JANUARY 11, 2022
PAGE 5

for searching.  We certainly plan to discuss this issue further on Wednesday as reviewing 28,000 records is too many to review.

- **Request for Production No. 4**

Defendants do not intend to supplement their production on the basis of your clarification.  However, to be clear, defendants are supplementing their production as it is engaged currently in a rolling production and still has documents to produce.

- **Request for Production No. 5**

Defendants still object.  First, 2013 has limited if any relevance to any items in this lawsuit.  Second, limiting the search to January 1, 2018 has produced over 28,000 records.  Requesting the search be increased to add records for five additional years is overly broad and unduly burdensome.

- **Request for Production Nos. 8-13, 16, 36, 40**

Defendants object to your attempt to lump nine requests for production of documents together as if they all addressed a single issue.  They do not.  Again, as it relates to the objection for the conditional use process, the City has agreed to produce documents prior to the CUP and thus the objection is for preservation.

- **Request for Production No. 17**

You requested a privilege log.  I will provide a privilege log but prefer to wait until the discovery disputes are determined so that it can be done at one time.

- **Request for Production Nos. 15 and 48**

You have asked for a progress report on the ongoing production.  As it relates to the Legistar documents, we hope to have them produced by the end of the week.

- **Request for Production Nos. 18, 19, 29 and 42**

With regard to these requests for production, you focus on only one of the objections, which relates to overbroad and time.  That objection is not baseless.  For Requests 18, 19 and 42, all appear to relate to a 2015 field renovation by Edgewood and its scoreboard.  Such requests are not proportional and overbroad in light of this case.  This is years prior to the City receiving any complaint about Edgewood's use of the athletic field, prior to any discussions Edgewood had relating to those complaints, prior to Edgewood withdrawing its master plan, which is no longer in effect, and certainly long before the lighting applications

Exhibit C
Declaration of Sarah Zylstra

and the CUP which is the subject of this lawsuit came into being.  We certainly have a dispute about your ability to delve into a 100 year-old history of Edgewood and everything that occurred during that century.  The City does not believe a 2015 scoreboard has enough relationship to anything in this case to warrant attempts to find records in response to these requests.  Given the number of records from limiting the search from January 1, 2018 to present, searching for records prior to that time period is not reasonable.

As to Request No. 29, that is equally overly broad in time, but it is also not proportional and unduly burdensome.  Edgewood's own complaint includes facts to show that the University of Wisconsin is not a similarly-situated comparator and the University has not sought any permission or submitted an application for a conditional use permit.  That being said, we will discuss further with you on our call whether we could produce a limited set of records.

- **Request for Production Nos 20-22**

These requests appear to relate to a version of the ordinance that existed back in 2012.  Again, this is long before any complaint received by the City as relating to Edgewood's use of the field and certainly long before Edgewood sought even a request for lights for its athletic field.  We do not see the relevance of these documents and contend they are overly broad in time and unduly burdensome.

- **Request for Production Nos. 24, 28, 32 and 38**

The City has already started searching for documents and has used the January 1, 2018 date.  That has resulted in far too many documents, over 28,000.  What do you believe occurred between January 1, 2017 and January 1, 2018 that would have any relevance on the claims and issues?

- **Request for Production Nos. 26, 27, 30, 31, 41, 43 and 45**

First, defendants object to grouping requests together that do not rely on the same objections or seek the same information.  That being said, defendants do not believe that it is appropriate to seek records back to January of 2013.  As we have explained above, even going back to January 1, 2018 has produced too many documents.

- **Request for Production Nos. 39 and 44**

I still maintain that the information you seek is not proportional or relevant.  Your own complaint demonstrates that UW Madison and Madison Memorial are not suitable comparators.  That being said, I have discussed this further with the City.  We will produce

Exhibit C
Declaration of Sarah Zylstra

JANUARY 11, 2022
PAGE 7

Madison Memorial's lighting application and documents related to that but will limit our search.  We will discuss this with you further on our call.

As to Request 44, the Nielsen Outdoor Tennis Court Expansion project involves state property and thus, the City does not control or issue permits for state properties.  The City does not believe any application was submitted to the City but will check on that.

- **Request for Production No. 45**

Your letter clarifies that for Request 45, you seek documents sufficient to show the formal and informal criteria for lighting approval under M.G.O. § 10.085.  That clarification is helpful to narrow the request but still poses some challenges.  For the formal criteria, the City would refer you to both to the lighting and zoning code as that criteria depending upon the project.  In addition, an entity's master plan could also contain criteria.  The City does not understand the reference to informal criteria and does not believe there is any.

- **Request for Production No. 51**

Defendants still maintain that the sought-for information is not relevant and not proportional to any issues in the case.  Please indicate why the leases between the City and another public high school has any relevance to any of the claims or issues in this lawsuit.

- **Request for Production Nos. 54 and 55**

You requested more information about the burdensome nature of these requests.  Applications and permits like those you seek are not organized by subject matter such as outdoor lighting.  The City stores these items by address. Lighting proposals are sometimes processed as part of a site plan review or they sometimes are submitted as a stand alone request as part as an electrical plan permit.  Not every site plan review includes an electric plan review so the City would have no way to isolate those records without pulling every one and looking to see if there was a lighting component related to outdoor lights.  Further, some of the applications are in hard copy and in storage and some are large documents on 36-40 inches sheets of paper.  Those documents are not scanned or kept in electronic form. Some electrical plans are also sent to the State of Wisconsin and not kept by the City.  The City is looking into whether it could produce a report of all site plan reviews, which would cover new construction but such report would not include changes to pre-existing construction, such as Madison Memorial's application.

- **Request for Production Nos. 56 and 57**

The City maintains that the requests are over broad and not proportional.  With regard to the Madison West expansion project, there were plans submitted by West in or around

Exhibit C
Declaration of Sarah Zylstra

October of 2021, but none of those plans showed any athletic field lighting. Given that searching on Edgewood alone has produced over 28,000 documents, the City objects to further searching given the proportionality of matter. As a compromise, the City will produce documents relating to Madison West's expansion project that are in Legistar. In addition, the City will collect and produce the folder that the City planner working on the Madison West expansion project has. The City objects to further searching and production as it would be too burdensome.

- **Request for Production No. 58**

You have asked for further explanation of the burdensome nature of this request. First, there is no special repository or process for a complaint to be made to the City. Complaints come in frequently to the City about a host of matters, anywhere from a citizen being upset with the trash removal, snow plowing, potholes, you name it. Complaints may come to any City personnel or Alder and may come in a variety of ways from email to phone calls to speaking at a meeting and from just meeting a City official at an event. There is no reasonable way to search for the information that you request.

## REQUEST FOR ADMISSIONS

I begin by objecting your grouping of voluminous requests for admissions and suggesting that those groupings are sufficient for a meet and confer. I note that I considered seeking a protective order prior to answering the discovery as serving 168 requests for admissions that span back over 100 years is oppressive and not in keeping with the purpose of discovery. That being said, I attempted to respond to the requests individually and particularly the ones that were relevant to the lawsuit. While I will not respond individually as to the request for admissions given your letter, I will attempt to respond to some of the points that you have made on a more general level.

First, you complain that defendants have maintained they have insufficient knowledge to respond to some of the requests and demand that we expressly confirm that we have made a reasonable inquiry before claiming insufficient knowledge. By way of example, you list Requests No. 1 and Request No. 8 as the first two requests for which you want defendants to expressly confirm they have made a reasonable inquiry. Request No. 1 asked defendants to admit that Edgewood is a Catholic high school founded in 1881 by the Congregation of the Dominican Sisters of Sinsinawa. Defendants admitted that Edgewood was a Catholic high school but indicated it had insufficient information to admit whether it was founded in 1881 by the Congregation of the Dominican Sisters of Sinsinawa. That you insist defendants must expressly confirm they made a reasonable inquiry when they have indicated a lack of knowledge about what occurred in 1881 is a bit unbelievable. Indeed, defendants even included in their answer that they did not believe there is anyone alive with personal knowledge to be able to testify to this admission. Similarly, Request No. 8 wanted the City

Exhibit C
Declaration of Sarah Zylstra

JANUARY 11, 2022
PAGE 9

defendants to admit that for nearly 100 years that Edgewood has lawfully and openly used its track and field to host athletic contests.  The City defendants indicated that it did not have sufficient knowledge, again indicating that they did not believe there was anyone alive with personal knowledge to be able to testify to the admission of what Edgewood did lawfully or openly 100 years ago.  Defendants will stand on its answers and welcome you to raise the issue with the court.

Next, you raise the CUP issue.  That has been addressed above.

Finally, you have offered hypothetical questions as requests for admissions and seek to know what the City would have done if certain facts not in evidence existed.  Such is not the purpose of a request for admission.  *See, e.g., Buchanan v. Chi. Transit Auth.*, No. 16-cv-4577, 2016 WL 7116591 at *5 (N.D. Ill. Dec. 7, 2016) (quoting *Morley v. Square, Inc.*, No. 4:14cv172, 2016 WL 123118, at *3 (E.D. Mo. Jan. 1, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission."'). To the extent your requests ask what the City would have done, such hypotheticals are not appropriate as request for admissions and defendants stand on those objections.

We can discuss any remaining issues further on Wednesday's call.

Very truly yours,

BOARDMAN & CLARK LLP

*Electronically Signed by Sarah A. Zylstra*

Sarah A. Zylstra

SAZ/ja

\\msnfs2\share\DOCS\WD\25981\424\A4369358.DOCX

Exhibit C
Declaration of Sarah Zylstra

# EDGEWOOD HIGH SCHOOL V CITY OF MADISON
# CASE NO. 3:21-CV-00118 (Federal Court)

Period of Time: January 1, 2018 through the present

Search Terms: **"Edgewood"** OR **"EHS"**

Individual Emails:

**Planning/Zoning Staff**

| | |
|---|---|
| Natalie Erdman | NErdman@cityofmadison.com |
| George Hank | GHank@cityofmadison.com |
| Matt Tucker | MTucker@cityofmadison.com |
| Tim Parks | TParks@cityofmadison.com |
| Heather Stouder | HStouder@cityofmadison.com |
| Jacob Moskowitz | JMoskowitz@cityofmadison.com |
| Christine Thiele | CThiele@cityofmadison.com |
| General Building Inspection | BInspection@cityofmadison.com |

**Attorney**

John Strange — JStrange@cityofmadison.com

**Mayor's Office**

Christine Baumel — CBaumel@cityofmadison.com

**Alders**

| | | |
|---|---|---|
| district13 | district13@cityofmadison.com | (Alder Evers) |
| district 2 | district2@cityofmadison.com | (Alder Zellers and Alder Heck) |
| district 6 | district6@cityofmadison.com | (Former Alder Rummel and Alder Benford) |
| district 3 | district3@cityofmadison.com | (Alder Lemmer) |
| district 5 | district5@cityofmadison.com | (Former Alder Bidar and Alder Vidaver) |
| district 1 | district1@cityofmadison.com | (Alder Harrington-McKinney) |
| district 12 | district12@cityofmadison.com | (Alder Abbas) |
| district 14 | district14@cityofmadison.com | (Alder Carter) |

**Plan Commission**

| | |
|---|---|
| Kathleen Spencer | klanespencer@uwalumni.com |
| Jason Hagenow | jshagenow@yahoo.com |
| Nicole Solheim | nicole.solheim@gmail.com |
| Bradley Cantrell | bacantrell@charter.net |
| Ledell Zellers | ledell.zellers@gmail.com |
| Eric W. Sundquist | ewsundquist@gmail.com |
| Andrew J. Statz | ajstatz2@madison.k12.wi.us |
| Keetra S. Burnette | keetrasburn@gmail.com |
| Marsha Rummel | marsha.rummel@gmail.com |

Exhibit C
Declaration of Sarah Zylstra