

ONE EAST MAIN STREET, SUITE 500 • POST OFFICE BOX 2719
MADISON, WISCONSIN 53701-2719
TEL • 608.257.3911   FAX • 608.257.0609
WWW • GKLAW.COM

Direct: 608-284-2619
pcovaleski@gklaw.com

February 8, 2022

**VIA EMAIL**

Sarah Zylstra
Boardman & Clark LLP
1 South Pinckney St., Suite 410
P.O. Box 927
Madison, WI 53701

   Re: Edgewood vs. City of Madison et al., Case No. 21-cv-118
     Memorialization of Meet and Confer

Dear Sarah:

  We write on behalf of Edgewood High School of the Sacred Heart, Inc. ("Edgewood") in regard to the parties' January 12, 2022 meet and confer ("Meet and Confer"). The purpose of this letter is to memorialize the parties' areas of agreement, disagreement, and obligations moving forward with respect to Edgewood's Requests for Production and Interrogatories. In addition, Edgewood needed to confer before providing its position on several of Defendants' compromise proposals. This letter contains Edgewood's position as to those requests.

  As discussed during the Meet and Confer, this letter attempts to succinctly memorialize the outcome of our Meet and Confer so that the parties have a mutual understanding of discovery obligations and continued areas of dispute moving forward. Accordingly, this letter is not intended to be, and is not, a waiver of any of Edgewood's arguments regarding Defendants' responses to Edgewood's discovery requests or concession on its positions.

  As Defendants know, the parties ran out of time at the Meet and Confer and were unable to discuss Defendants' Responses to Edgewood's Requests for Admission. Accordingly, this letter does not attempt to address those, and Edgewood will be reaching out shortly for a subsequent meet and confer focused on its RFAs.

  It was unclear whether you had discussed all of Edgewood's requests with the Defendants and relevant custodians prior to objecting and to the subsequent Meet and Confer. We request that this be done, as it will likely impact the searches for responsive hard-copy documents and the Defendants' burden and overbreadth objections.

  Finally, Edgewood consolidated its discovery requests and addressed Defendants jointly for the convenience of all parties. However, Edgewood's consolidation should not be understood as, and is not, a waiver of Defendants' obligations to answer individually to the extent that one

OFFICES IN MILWAUKEE, MADISON, GREEN BAY AND APPLETON, WISCONSIN AND WASHINGTON, D.C.
GODFREY & KAHN, S.C. IS A MEMBER OF TERRALEX, A WORLDWIDE NETWORK OF INDEPENDENT LAW FIRMS.

Exhibit F
Declaration of Sarah Zylstra

February 8, 2022
Page 2

Defendant's answer differs from the remaining Defendants; nor is it a waiver of Defendant's counsel's obligation to undertake reasonable investigation as to each Defendant. Edgewood understands the parties are in agreement as to this understanding, and the Defendants will supplement their responses if one Defendant's response to a particular request is different from the remaining Defendants' response.

## Interrogatories

- **Interrogatory 2**

The parties are at an impasse with respect to Interrogatory 2. Defendants maintain that their current response satisfies the requirements of Fed. R. Civ. P. 33(d), while Edgewood maintains it does not.

- **Interrogatory 3**

The parties are at an impasse with respect to Interrogatory 3. Defendants maintain that the identities of attorneys involved in the drafting of the May 11, 2020 staff recommendation is protected by the attorney-client privilege and/or work product doctrine, while Edgewood maintains it is not.

- **Interrogatory 4**

Edgewood agrees to limit the Interrogatory to the schools zoned Campus Institutional that were denied lighting permits. Defendants agree to search for and produce outdoor lighting permits denied to Madison area schools zoned Campus-Institutional from 2013-present.

- **Interrogatory 5**

The parties disagree about the appropriate timeframe for this Request. The Defendants agree to consult with Defendant Tucker and supplement this Interrogatory Response as to him, specifically. Edgewood reserves as to other Defendants pending his supplementation.

- **Interrogatory 6**

Defendants confirm that they are not withholding any information with respect to Interrogatory 6, and therefore the parties are not in dispute.

- **Interrogatory 7**

Defendants confirm that they are not withholding any information with respect to Interrogatory 7, and therefore the parties are not in dispute.

February 8, 2022
Page 3

- **Interrogatory 8**

Defendants agree to search for and identify city-owned parks and recreational areas that incorporate outdoor lighting sufficient for nighttime recreational activities.

- **Interrogatory 9**

The parties are at an impasse with respect to Interrogatory 9. Defendants maintain this interrogatory seeks information not relevant to the claims and defenses in this matter, while Edgewood maintains it does.

### Requests for Production ("RFPs")

- **RFP 4**

Defendants agree to search for and produce non-privileged documents they relied upon in denying any of Edgewood's Requests for Admission or qualifying any admission to Edgewood's Requests for Admission.

- **RFP 5**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed-upon custodians.[1] The parties will revisit the scope and time frame of this request after sharing and analyzing the resulting hit counts The Defendants will search for responsive hard-copy files in the possession, custody and control of the Defendants and agreed-upon custodians.

- **RFP 8**

The parties are at an impasse with respect to RFP 8. Defendants maintain that the documents sought by Edgewood are irrelevant because they relate to issues prior to the denial of Edgewood's conditional use permit, while Edgewood maintains that responsive documents and issues are relevant to this matter as framed in Edgewood's Complaint.

- **RFP 9**

The parties are at an impasse with respect to RFP 9. Defendants maintain that the documents sought by Edgewood are irrelevant because they relate to issues prior to the denial of Edgewood's conditional use permit, while Edgewood maintains that those documents and issues are relevant to this matter.

---

[1] Defendants provided a list of proposed custodians, and Edgewood is providing Defendants its proposed edits contemporaneously herewith, but agrees that the agreed-to search terms will be run across the final custodian list.

February 8, 2022
Page 4

    Edgewood understands that Defendants have agreed to produce documents in response to other requests that allegedly overlap with this request. Edgewood therefore requests confirmation that all documents responsive to RFP 9 are otherwise being produced, and specifically confirmation that documents responsive to RFP 9 will be actively and independently searched for rather than passively collected while searching for documents responsive to other requests.

- **RFP 10**

    The parties are at an impasse with respect to RFP 10. Defendants maintain that the documents sought by Edgewood are irrelevant because they relate to issues prior to the denial of Edgewood's conditional use permit, while Edgewood maintains that those documents and issues are relevant to this matter.

- **RFP 11**

    The parties are at an impasse with respect to RFP 11. Defendants maintain that the documents sought by Edgewood are irrelevant because they relate to issues prior to the denial of Edgewood's conditional use permit, while Edgewood maintains that those documents and issues are relevant to this matter.

- **RFP 12**

    The parties are at an impasse with respect to RFP 12. Defendants maintain that the documents sought by Edgewood are irrelevant because they relate to issues prior to the denial of Edgewood's conditional use permit, while Edgewood maintains that those documents and issues are relevant to this matter.

- **RFP 13**

    The parties are at an impasse with respect to RFP 13. Defendants maintain that the documents sought by Edgewood are irrelevant because they relate to issues prior to the denial of Edgewood's conditional use permit, while Edgewood maintains that those documents and issues are relevant to this matter.

- **RFP 16**

    The parties are at an impasse with respect to RFP 16. Defendants maintain that the documents sought by Edgewood are irrelevant because they relate to issues prior to the denial of Edgewood's conditional use permit, while Edgewood maintains that those documents and issues are relevant to this matter.

- **RFP 17**

    Defendants advise that they are not withholding any documents pursuant to their privilege objection to this request, so any dispute is moot.

February 8, 2022
Page 5

Moreover, the parties agree that each party can withhold privileged communications between them and their respective outside litigation counsel, including outside counsel for the prior iteration of this litigation, without entering such communications into a privilege log. Edgewood will circulate a stipulation to that effect.

- **RFP 18**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession, custody and control of the Defendants and agreed-upon custodians.

- **RFP 19**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 20**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 21**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 22**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms,

February 8, 2022
Page 6

Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 24**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 26**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 27**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 28**

Edgewood agrees to limit the timeframe for this Request. The parties agree that Defendants will search for and produce all communications between the Defendants, including the City of Madison and the individuals identified in RFP 28 relating to Edgewood from January 1, 2018 to present.

- **RFP 29**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will

February 8, 2022
Page 7

search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 30**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 31**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 32**

Edgewood agrees to limit the timeframe of this request. The parties are not in dispute with respect to RFP 32. Defendants will search for and produce responsive documents from January 1, 2018.

- **RFP 36**

The parties are at an impasse with respect to RFP 36. Defendants maintain that the documents sought by Edgewood are irrelevant because they relate to issues prior to the denial of Edgewood's conditional use permit, while Edgewood maintains that those documents and issues are relevant to this matter.

Notwithstanding, Defendants have agreed to confer further regarding this request and may supplement their response and produce responsive documents. Edgewood requests an update on the status of supplementation or confirmation that Defendants will not be supplementing.

- **RFP 38**

The parties agree that Edgewood will draft search terms for Defendants' review targeted at identifying documents responsive to this request from 2017-2020. The parties further agree that after they agree to search terms, Defendants will run the agreed upon search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts

February 8, 2022
Page 8

resulting from Defendants' search. Depending on the number of hit counts, Defendants will either produce responsive documents from January 1, 2018 or January 1, 2017.

- **RFP 39**

Defendants offered to either search for office and custodial files responsive to this request or run agreed upon targeted search terms across the agreed upon custodians to locate and produce documents and communications responsive to this request. Edgewood rejects Defendants' either/or proposal. Nothing in the Federal Rules of Civil Procedure empowers a responding party to limit its production to either hard copy or electronic documents; rather, the responding party must produce all responsive hard copy and electronic documents, so long as they are not duplicative.

Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Edgewood requests that Defendants either confirm they will search office and custodial files and run search terms, or confirm they stand on their objections with respect to either or both and state the reason(s) therefore.

- **RFP 40**

The parties are at an impasse with respect to RFP 40. Defendants maintain that the documents sought by Edgewood are irrelevant because they relate to issues prior to the denial of Edgewood's conditional use permit, while Edgewood maintains that those documents and issues are relevant to this matter

- **RFP 41**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 42**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

February 8, 2022
Page 9

- **RFP 43**

The parties agree that Edgewood will suggest search terms for Defendants' review targeted at identifying documents responsive to this request. Upon agreement to the search terms, Defendants will run the search terms across the agreed upon custodians. The parties will revisit this request after receiving the hit counts resulting from Defendants' search. The Defendants will search for responsive hard-copy files in the possession custody and control of the Defendants and agreed-upon custodians.

- **RFP 44**

Defendants agree to confirm their statement that there were no applications to the City for outdoor lights for the Nielsen Outdoor Tennis Court Expansion on the grounds that it is state property and therefore no application was required. Defendants further agree that if there was an application, or if the City did not require an application because of UW's Master Plan, they will search for and produce responsive documents regarding such application or determination.

- **RFP 45**

Defendants agree to discuss internally and search for any informal criteria or guidance for lighting approval under M.G.O. § 10.085 *et seq*. such as (but not limited to) flow charts, manuals, checklists, internal memos, decision trees, etc., and search for and produce any such documents.

- **RFP 51**

Defendants agree to confirm that there are a limited number of leases responsive to this request and, if so, search for and produce responsive leases. If there are a significant number of leases potentially responsive to this request, Defendants agree to inform Edgewood and the parties will further discuss this request at this time.

- **RFPs 54 & 55**

Defendants proposed to "look[] into" whether they could produce a report of all site plan reviews, "which would cover new construction but . . . not include changes to pre-existing construction, such as Madison Memorial's application." Jan. 11, 2022 Zylstra Corr., at 7. Edgewood rejects this proposal because outdoor lighting applications and permits relating to pre-existing construction are both most directly relevant to this case and likely to exist, as evidenced by the fact that both Edgewood and Memorial's applications were for changes to pre-existing construction.

Edgewood appreciates Defendants' additional information regarding how outdoor lighting applications and permits are stored and why it may be difficult to locate some. Edgewood disagrees, however, that to meet their obligations for this request Defendants would have to "pull[] every" site plan review "to see if there was a lighting component related to

February 8, 2022
Page 10

outdoor lightings." *Id*. Counsel need only confer with Defendants and/or their custodians as to whether responsive documents exist and where they might be located. Edgewood's expectation is that Defendants engaged in ordinary discovery procedures before responding (and objecting) to Edgewood's discovery requests, i.e., had custodial interviews with, at a minimum, each of the named Defendants and asked rudimentary questions such as "do you know of any such applications and permits, and if so, where are they located."

Accordingly, Edgewood's position is that Defendants are required to confer with any Defendant or agreed-upon custodian that may reasonably be expected to have knowledge of documents responsive to this request. Defendants are entitled to rely on the answers to their custodial interviews, i.e., can satisfy their obligations as to this request by searching for and producing those hard copy files that Defendants and their custodians identify in their custodial interviews, and then running agreed upon search terms across agreed upon custodians for any responsive electronic documents. This is basic discovery procedure. If Defendants refuse to engage in this process, or refuse to produce after engaging in the process claiming undue burden, irrelevance, or any other objection, Edgewood requests Defendants promptly notify Edgewood.

- **RFPs 56 & 57**

Defendants propose producing documents "related to Madison West's expansion project that are in Legistar" and to "collect and produce the folder that the City planner working on the Madison West expansion project has." Jan. 11, 2022 Zylstra Corr., at 7-8. Edgewood rejects this proposal because it omits critical communications and again misconstrues the nature of Defendants' obligations.

At least one of Defendants and/or their proposed custodians have been intimately involved with, and have knowledge of, West High School's expansion project, including whether there have been communications regarding the installation of lights. Counsel need only confer with that person (or those persons) and ask whether any such communications occurred. If the answer is "no," Defendants need only supplement their answer to so state. If the answer is "yes," Defendants can easily locate those communications through additional information collected in their custodial interviews and targeted search terms, which Edgewood will suggest. If Defendants refuse to engage in this process, or refuse to produce after engaging in the process claiming undue burden, irrelevance, or any other objection, Edgewood requests Defendants promptly notify Edgewood.

- **RFP 58**

Defendants offered to either ask Matt Tucker and Tim Parks whether there have been any complaints against the entities specified in this request and, if so, produce documents relating to those complaints, or run agreed upon targeted search terms across the agreed upon custodians to locate and produce documents and communications responsive to this request. Edgewood rejects Defendants' either/or proposal. Nothing in the Federal Rules of Civil Procedure empowers a responding party to limit its production to either hard copy or electronic documents; rather, the

February 8, 2022
Page 11

responding party must produce all responsive hard copy and electronic documents, so long as they are not duplicative.

Moreover, this proposal suggests that counsel has not yet conferred with its clients as to whether responsive documents exist and where they might be located. Edgewood's expectation is that Defendants engaged in ordinary discovery procedures before responding (and objecting) to Edgewood's discovery requests, i.e., had custodial interviews with, at a minimum, each of the named Defendants and asked rudimentary questions such as "do you know of any such complaints, and if so, where are they located." It is therefore unclear why Defendants are now offering these basic obligations as a "compromise" proposal.

Accordingly, Edgewood's position is that Defendants are required to confer with Mr. Parks, Mr. Tucker, and any other Defendant or agreed-upon custodian that may reasonably be expected to have knowledge of documents responsive to this request. If no such documents exist, Defendants must supplement their answer and so state. If responsive documents do exist, Edgewood requests Defendants notify Edgewood immediately and search for hard copy complaints while Edgewood drafts suggested search terms. If responsive documents exist but Defendants refuse to produce claiming undue burden, irrelevance, or any other objection, Edgewood requests Defendants promptly notify Edgewood. This applies to all of Edgewood's discovery requests.

*****

Again, please promptly let us know if you disagree with any of Edgewood's characterizations above. We will be in touch shortly regarding a meet and confer regarding Edgewood's Requests for Admission. We are also sending over proposed search terms and custodians contemporaneously with this letter. Finally, we would appreciate if you could provide an estimate as to the timing of Defendants' next "rolling production" installment.

Very truly yours,

GODFREY & KAHN, S.C.

Paul Covaleski

26690500.2