

ONE EAST MAIN STREET, SUITE 500 • POST OFFICE BOX 2719
MADISON, WISCONSIN 53701-2719

TEL • 608.257.3911   FAX • 608.257.0609

WWW • GKLAW.COM

Direct: 608-284-2619
pcovaleski@gklaw.com

February 14, 2022

**VIA EMAIL**

Sarah Zylstra
Boardman & Clark LLP
1 South Pinckney St., Suite 410
P.O. Box 927
Madison, WI 53701

      Re:    Edgewood vs. City of Madison et al., Case No. 21-cv-118
                Defendants' Objections to Edgewood's RFAs and Request for Depositions

Dear Sarah:

      We write on behalf of Edgewood High School of the Sacred Heart, Inc. ("Edgewood") in regard to Defendants' Responses and Objections to Edgewood's First Set of Requests for Admission ("RFA"). As you know, we provided an overview of Edgewood's positions on Defendants' objections and responses to the RFAs in our January 4, 2022 correspondence. However, the parties were unable to discuss this issue at our January 12, 2022 meet and confer. We agreed that the parties would need to have a subsequent meet and confer focused on the RFAs, and that it would be helpful for Edgewood to provide its position as to each individual RFA in anticipation of that meet and confer. This letter contains those positions.

      Edgewood proceeds with this correspondence under the same assumptions, positions, and reservations it communicated in its January 4, 2022 correspondence, and incorporates Paragraphs 1-5 of that correspondence. Edgewood does not rehash those paragraphs here solely for the sake of brevity. This should not be construed as, and is not, a waiver of any argument in those paragraphs, or otherwise regarding Defendants' discovery responses and objections.

      Finally, and as more fully discussed at the end of this correspondence, Edgewood requests that Defendants provide available dates for deposition in late March for Defendant George Hank and Defendant Tag Evers.

<u>**Requests for Admission ("RFAs")**</u>

- **RFAs 1, 8, 12, 13, 16, 17, 23, 32, 54, 65, 129, 130, 138, 153, 167**

      Edgewood will continue to address Defendants' responses to these RFAs categorically. Rule 36(a)(4) of the Federal Rules of Civil Procedure requires a party asserting lack of knowledge to affirmatively state that it has "made reasonable inquiry and that the information it

<span style="color:red">Exhibit G
Declaration of Sarah Zylstra</span>

February 14, 2022
Page 2

knows or can readily obtain is insufficient to enable it to admit or deny" the request. Edgewood requests the Defendants make this (or a substantially similar) affirmation not to unnecessarily burden Defendants, but because (a) the Rules require that representation and (b) it is unclear from Defendants' discovery responses and explanations during the January 12, 2022 meet and confer what, if any, investigation Defendants and their counsel made, if any, before objecting to the RFAs. For example:

- ➢ RFA 12 asks Defendants to admit that Edgewood's 2015 field renovation included installation of a new scoreboard. It is unclear how a relatively brief consultation with City of Madison representatives such as Heather Stouder, Matt Tucker, or George Hank would not provide the ostensibly lacking information. Moreover, given Defendants know both the date of the renovation and the location, it is unclear how they could not easily find this answer through a cursory review of their records.

- ➢ RFA 13 asks Defendants to admit that scoreboards are used for "tracking scores and game-related information during athletic contests." Defendants maintain they have "insufficient information to admit or deny how all scoreboards everywhere are used." That is fine. But the Federal Rules require Defendants to substantively respond to those parts of the request they do have knowledge of. *See* Fed. R. Civ. P. 36(a)(4). Accordingly, if Defendants are taking the position that they collectively lack knowledge as to how scoreboards are generally used, Edgewood requests confirmation of that, as it would be a surprising development.

- ➢ RFAs No. 129 & 130 ask Defendants to admit to certain statements made by Alder Bidar. Defendants claim insufficient knowledge because "[Edgewood] has not identified when or where Alder Bidar supposedly said this." Edgewood, however, did specifically identify "when or where" Alder Bidar made the pertinent statements—and in fact not only cited to them in its Complaint, but provided a link to them. Defendants' response, therefore, does not seem to indicate that they conducted a "reasonable investigation" before claiming sufficient knowledge as to these requests.

- ➢ At the January 12, 2022 meet and confer, Defendants also stated on several occasions that they would (or had to) meet with City representatives such as Matt Tucker or Tim Parks to determine whether potentially responsive documents existed and where they are stored. While Edgewood appreciates Defendants doing so, this also indicates that Defendants did not engage in discovery discussions—or at least did not sufficiently engage in discovery discussions—before serving their discovery responses, including to Edgewood's RFAs. *See* Feb. 8, 2022 Corr. to Sarah Zylstra, at 9-11.

Given the above, Edgewood simply wants confirmation that Defendants have satisfied their investigation requirements under Fed. R. Civ. P. 36. And to clarify, Edgewood does not

February 14, 2022
Page 3

want Defendants to edit their RFA responses to include the statutory language as to each and every request; rather, a blanket confirmation will suffice to the extent it would be appropriate.[1]

- **RFA 9-12, 65, 126**

Defendants object to these requests "because the request seeks information about facts prior to the CUP and matters prior to the CUP are subject to a pending motion to dismiss." These objections constitute a ***third attempt*** by Defendants to stay relevant discovery while their motion to dismiss is pending. This is beyond the pale. Indeed, if a party could simply refuse to respond to any discovery request potentially involving facts or issues included in a motion to dismiss, there would be no need for discovery stays to begin with. But that is not what the federal rules allow for. Moreover, it disregards the Court's ***two prior orders*** specifically denying Defendants the relief they now claim for themselves. *See* Dkts. 18, 23. Defendants' position is therefore baseless and untenable. They are simply repackaging their prior, failed arguments for a stay. Accordingly, if Defendants insist on withholding responses on the basis of this objection, Edgewood will seek sanctions and attorneys' fees in connection with any relief it seeks from the Court compelling responses.

- **RFA 13**

Defendants claim insufficient knowledge to answer this request because they cannot "admit or deny how all scoreboards everywhere are used." But Edgewood did not ask how every scoreboard everywhere is always used—it asked Defendants to admit how scoreboards are generally used. The Federal Rules require Defendants to substantively respond to those parts of the request they have knowledge of. *See* Fed. R. Civ. P. 36(a)(4). Presumably, Defendants can substantively answer this—and if they feel compelled to qualify their response, they may.

- **RFA 14**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. Besides being boilerplate, these objections have no merit. Request 14 relates to the City's historical interpretation and application of its lighting and electrical permit processes and implicitly how they compare to Tucker's interpretation and application of them—and the comparison is particularly relevant because both are for Edgewood's field.

- **RFA 47**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. Besides being boilerplate, these objections have no merit. Request 47 seeks admission of a fact or, at minimum, admission of law related to facts of the case, i.e., that Edgewood did not have to list

---

[1] To the extent Defendants are unable to confirm they have conducted a "reasonable investigation" as to **any** of these RFAs, Edgewood is entitled to a supplemental response after such investigation is completed.

3

February 14, 2022
Page 4

all activities performed on its athletic field for those activities to be allowed during the term of the Master Plan. This request relates to what impact, if any, the Edgewood Master Plan had (or should or should not have had) on the permitted uses of Edgewood's athletic fields and Edgewood's application for outdoor lighting permits.

- **RFA 53**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. Besides being boilerplate, these objections have no merit. Request 53 seeks admission of a fact—that the City has never defined "athletic contests." This request relates to whether Edgewood was entitled to its outdoor lighting application when it applied for it in February 2019[2]; whether Tucker's interpretation of Edgewood's Master Plan and its interplay with the City's ordinances was arbitrary; and whether Tucker's interpretations were consistent with his prior interpretations for public applicants.

- **RFA 54**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. Besides being boilerplate, these objections have no merit. Request 54 seeks admission of a fact—that the City has never taken a position it is taking against Edgewood. This request relates to whether Edgewood was entitled to its outdoor lighting application when it applied for it in February 2019; whether Tucker's interpretation of Edgewood's Master Plan and its interplay with the City's ordinances was arbitrary; and whether Tucker's interpretations were consistent with his prior interpretations for public applicants.

- **RFA 55**

Defendants object to this request as seeking inadmissible evidence and being overbroad in time. This request seeks to confirm Defendant Tucker's (and thus the City's) historical interpretations of the City's land use regulations as applied to Edgewood. Tucker is a party to the case; can and will be deposed; and can and will be called to testify on this very subject. Edgewood therefore requests Defendants explain how and why this request seeks evidence that is inadmissible. Defendants' overbreadth argument is also unreasonable—Edgewood seeks information regarding a party to the case on a discrete, highly pertinent issue at a single moment in time.

- **RFA 64**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. Besides being boilerplate, these objections have no merit. Request 64 seeks admission of a fact—whether

---

[2] These requests are also central to Edgewood's vested rights claim, which Defendants do not seek to dismiss.

4

Exhibit G
Declaration of Sarah Zylstra

February 14, 2022
Page 5

other entities zoned Campus Institutional have received zoning violations for the activities that Edgewood received violations for. This request relates to Defendants' differing and disparate treatment toward Edgewood than public entities under the City's codes and ordinances.

- **RFAs 66-88**

Edgewood will also continue to address RFAs 66-88 categorically. To prevail on its RLUIPA unequal treatment claim, Edgewood must identify a comparator. Edgewood contends that Madison Memorial High School and UW-Madison are suitable comparators, and have pled substantial allegations to that effect. Edgewood is now entitled to take discovery to establish that they do meet RLUIPA's definition of comparator for purposes of summary judgment and/or trial. RFAs 66-88 all seek admissions of fact that are probative of UW-Madison and Memorial's suitability as comparators.

- **RFA 91**

In response to RFA 91, Defendants "admit Edgewood met the lighting but not zoning requirements." This response does not fairly address the substance of Edgewood's request, which asks Defendants to "[a]dmit that Edgewood's February 22, 2019 lighting permit application met all objective criteria in the City's outdoor lighting ordinance under M.G.O. § 10.085 *et seq*." Please confirm that Defendants' admission, as written, is an admission that "Edgewood's February 22, 2019 lighting permit application met all objective criteria in the City's outdoor lighting ordinance under M.G.O. § 10.085 *et seq*," and, if not, provide a supplementary response addressing the substance of this request.

- **RFA 94**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. Besides being boilerplate, these objections have no merit. Request 94 seeks admission of a fact—that Memorial's lighting application was approved by the City within 14 days. This request relates to Defendants' differing and disparate treatment toward Edgewood than public entities under the City's codes and ordinances.

- **RFA 96**

In response to RFA 96, Defendants "admit that Exhibit E is authentic, but deny that Edgewood's lighting application was approved as it violated Edgewood's Master Plan that Edgewood voluntarily entered into." This response does not fairly address the substance of Edgewood's request, which only seeks admission that Exhibit E is authentic. This should be a straightforward answer – Defendants either admit Exhibit E is authentic or they do not. Edgewood requests Defendant supplement their response accordingly.

Exhibit G
Declaration of Sarah Zylstra

February 14, 2022
Page 6

- **RFA 98**

In response to RFA 98, Defendants "admit that Edgewood's lighting permits were not issued." This is only a partial response, as Edgewood requests that Defendants "admit that the City withheld the permits *claiming that the lights could not be used for hosting 'athletic contests' on Edgewood's athletic field*." Defendants must respond to the second half of this request, or confirm that their failure to respond constitutes an admission under Rule 36.

- **RFA 99**

In response to RFA 99, Defendants "admit that Edgewood's lighting permits were not issued." This is only a partial response, as Edgewood requests that Defendants admit that *"the City withheld the lighting permits claiming that allowing Edgewood to install the lights would violate Edgewood's Master Plan because the Master Plan did not specifically identify lighting for the field."* Defendants must respond to the second half of this request, or confirm that their failure to respond constitutes an admission under Rule 36.

- **RFA 100**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. Besides being boilerplate, these objections have no merit. Request 100 seeks admission of fact or, at minimum, an admission of law related to facts of the case—whether the Master Plan ordinances override the City's lighting ordinances. This request relates to whether Edgewood was entitled to its outdoor lighting application when it applied for it in February 2019; whether Tucker's interpretation of Edgewood's Master Plan and its interplay with the City's ordinances was arbitrary; and whether Tucker's interpretations were consistent with his prior interpretations for public applicants.

- **RFA 101**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. Besides being boilerplate, these objections have no merit. Request 101 seeks admission of fact or, at minimum, an admission of law related to facts of the case—the impact of the Master Plan on the City's lighting ordinances. This request relates to whether Edgewood was entitled to its outdoor lighting application when it applied for it in February 2019; whether Tucker's interpretation of Edgewood's Master Plan and its interplay with the City's ordinances was arbitrary; and whether Tucker's interpretations were consistent with his prior interpretations for public applicants.

- **RFA 110**

In response to RFA 110, Defendants "admit that the City voted and approved Edgewood's request to repeal its Master plan." That is not what Edgewood asked—Edgewood's request focuses on whether its application for Master Plan repeal was fully compliant when filed.

February 14, 2022
Page 7

Defendants must fairly respond to the substance of Edgewood's request, and this response does not. *See* Fed. R. Civ. P. 36.

- **RFA 113**

In response to RFA 113, Defendants "admit that the Common Council voted on changes to its Zoning Code prior to voting on the matter involving Edgewood's request to repeal its Master Plan." That was the subject of RFA 112. RFA 113 focuses on the reason behind that delay, which Defendants completely ignore. Defendants must fairly respond to the substance of Edgewood's request, and this response does not. *See* Fed. R. Civ. P. 36.

- **RFA 121**

In response to RFA 121, Defendants "admit that Alder Evers voted in favor of hearing the matter related to Edgewood's repeal of its Master Plan at a later meeting and voted in favor of amending the City Zoning Code prior to hearing the matter for withdraw of Edgewood's Master Plan." Edgewood is aware how Alder Evers voted on these matters, as they are public record. RFA 121, therefore, focuses on whether Alder Evers *sought* the leapfrog, which Defendants ignore. Defendants must fairly respond to the substance of Edgewood's request, and this response does not. *See* Fed. R. Civ. P. 36.

Separately, Defendants contend that their response to RFA 121 is protected by the legislative privilege. Edgewood requests that Defendants explain the basis for the privilege, including legal authority, as Edgewood does not believe it applies to this request.

- **RFA 122-23, 125**

Defendants contend that their responses to RFAs 122, 123 and 125 are protected by the legislative privilege. Edgewood requests that Defendants explain the basis for the privilege, including legal authority, as Edgewood does not believe it applies to these requests.

- **RFA 124**

Edgewood requests that Defendants advise as to whether they have located the statement in question, and contend they have now had more than ample time to locate a statement in a public hearing that Edgewood specifically identified in its Complaint.

- **RFA 128**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. In addition, they object to this request as "inadmissible speculation." Edgewood understands why the Defendants do not want to respond to this Request for Admission on "but for" causation, but their objections are an ill-founded excuse to avoid a central issue in this case. The City's attorneys are on record as stating that the repeal of Edgewood's Master Plan would result in the

Exhibit G
Declaration of Sarah Zylstra

February 14, 2022
Page 8

approval of Edgewood's lighting permit application.  The only reason the pre-existing application was not approved was the passage of Defendant Evers' amended ordinance that now requires a CUP.  The Defendants should therefore supplement this response.

- **RFAs 129 & 130**

Defendants object to these requests as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. These requests seek admission of facts—what Alder Bidar said. And these facts are relevant to whether the City intentionally gerrymandered the legislative process to deny Edgewood its lighting permit. Moreover, Defendants claim insufficient knowledge to respond to this request because "Plaintiff has not identified when or where Alder Bidar supposedly said this." But Edgewood's Complaint contains footnotes that direct Defendants to the exact quotes at issue and information providing the sought after "when and where." *See* Compl., Dkt. 1, ¶ 163 n. 11, ¶ 164 n.12. It is hard to imagine how this could be overly burdensome given this information.

- **RFA 137**

Defendants admit that "ORD-19-00069 contained a requirement for conditional use approval for certain lighting." This response does not fairly or fully address the substance of Edgewood's request, which requests Defendants admit that the ordinance "enacted a new conditional use permit process for ***outdoor lighting by Campus Institutional District applicants like Edgewood***." Defendants must supplement their response to this request to fairly address the substance of the request in its entirety.

- **RFA 140**

Defendants admit "only [that] Edgewood submitted a conditional use application." Please confirm whether Defendants therefore deny that Edgewood submitted a conditional use application ***on March 11, 2020***.

- **RFA 145**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. This request seeks admission of a fact—whether UW Madison and Madison College rent their fields for commercial gain. This request relates to whether the City allows UW-Madison and Madison College to rent their fields to other entities, including other entities zoned Campus-Institutional, and including for nighttime uses. Accordingly, it relates to Defendants' differing and disparate treatment toward Edgewood than public entities under the City's codes and ordinances.

- **RFA 146**

Defendants object to this request as requesting admissions of law unrelated to the facts of the case; and as overly broad, unduly burdensome, irrelevant, and disproportionate. This request

8

Exhibit G
Declaration of Sarah Zylstra

February 14, 2022
Page 9

seeks admission of a fact—whether the City has approved certain leases. This request relates to Defendants' differing and disparate treatment toward Edgewood than public entities under the City's codes and ordinances, in that it seeks admission that the City rents its parks to public high schools for uses involving nighttime outdoor lighting in similar neighborhoods, but refuses to allow Edgewood to install lights on its own property.

- **RFA 148**

In response to RFA 148 Defendants "admit but with the clarification that '[m]embers indicated that they would be open to considering the request again if some redress of the noise impacts was presented by the applicant, including improved engagement with the neighborhoods and a limit to the number of games with lights.'" This additional information does not constitute a "qualification" as permitted by Rule 36; rather, it is an improper attempt to pre-emptively rebut the substance of Edgewood's request and obfuscate the record. Given that Defendants only made two unqualified admissions out of 168 requests, Defendants should supplement their response to this request in a manner consistent with Rule 36.

- **RFA 152**

In response to RFA 152, Defendants admit "that Edgewood's application involved consideration of a conditional use for the establishment, improvement, or modification of a secondary use occurring outside of an enclosed building, to allow installation of lights for the stadium at Edgewood High School." That response does not fairly respond to the substance of Edgewood's request, which seeks admission that Edgewood's CUP application "involved no new uses being approved." *See* Fed. R. Civ. P. 36. This should be a straightforward response—either Edgewood's CUP requested a new use for their property, or it did not.

### Requests for Depositions of Alder Evers and George Hank

Please allow this to serve as Edgewood's request to schedule the depositions of Defendants Alder Tag Evers and George Hank for a mutually agreeable time at the end of March, 2022. Edgewood will provide Defendants with a formal notice of deposition, including a list of topics and document rider, in the near future. However, we are aware that the scheduling process can be cumbersome, so wanted to reach out immediately to begin trying to find a mutually agreeable date and time.

*****

Edgewood requests that before or during the parties' forthcoming meet and confer, Defendants identify whether any responsive documents are being withheld or not being searched for on the basis of the legislative privilege.

We look forward to discussing these issues with you further at our to-be scheduled meet and confer. We would also greatly appreciate if you could provide an estimate at that meet and

Exhibit G
Declaration of Sarah Zylstra

February 14, 2022
Page 10

confer as to the timing of Defendants' next "rolling production" installment. If you have any questions in the interim, please feel free to reach out.

                                           Very truly yours,

                                           GODFREY & KAHN, S.C.

                                           Paul Covaleski

26721441.1

10