

SARAH A. ZYLSTRA
ATTORNEY
SZYLSTRA@BOARDMANCLARK.COM
DIRECT    (608) 283-1741
FAX         (608) 283-1709

March 23, 2022

<u>Via E-Mail Only</u>
pcovaleski@gklaw.com

Paul Covaleski
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI  53701-2719

Re:   Edgewood v. City of Madison, et al.
        Case No. 21-CV-118

Dear Paul:

I write in response to your letter dated February 14, 2022 regarding meeting and conferring as to the defendants' responses to plaintiff's request for admissions.  All of the responses below are subject to the objections previously made. The City is not conceding or waiving its objections by providing further answer in this letter.

**RFAs 1, 8, 12, 13, 16, 17, 23, 32, 54, 65, 129, 130, 138, 153, 167**

Your letter begins by again grouping a number of requests together.  I continue to object to your categorical grouping.  However, for some of the admissions in this grouping, you have provided individual statements elsewhere in your letter.  Where you have done so, I address those individually in the order of your letter.  For those that you do not address individually, I stand on my answers to 1, 8, 17, and 32.  For 16 and 23, I add to my objections that we have not received discovery from you nor have depositions been taken. For 138, the City has no way to search for the information to able to admit or deny.  For 153 and 167, the City denies.

**RFA 12**
To the best of the City's knowledge, Edgewood did not seek a permit to erect a new scoreboard. It appears that Edgewood erected a new scoreboard without a permit at some point in time but when and how is not known.

**RFA 13**
The City stands on its objections to this request.  This is completely irrelevant to the matters at hand.

<span style="color:red">Exhibit J
Declaration of Sarah Zylstra</span>

MARCH 23, 2022
PAGE 2

**RFA 129 and 130**

With regard to the statements allegedly made by Alder Bidar, you did provide a link in the complaint. However, the link goes to an article that is behind a firewall and one cannot view the article unless one pays for a subscription to the newspaper in which it appears. You have not attached the article to the complaint nor have you produced it yet in discovery. Therefore, I cannot admit or deny these statements.

**RFA 9-12, 65, 126**

For 9-11, the City lacks insufficient knowledge to admit or deny the requests, except to admit those soccer games for which the City inspector attended in April and May of 2019. I have already addressed 12 above.  For 65, there is no ability for the City to search for the information you seek and thus, it does not have sufficient information to admit or deny the request. This is particularly true because the request has no time limit whatsoever.  For 126, City stands on its objections. The City adds to those objections that to the extent that this request is seeking the motives of any legislative official, it is also objectionable on the basis of legislative privilege.

**RFA 13**

I have already addressed this RFA above.

**RFA 14**

The City denies this request.

**RFA 47**

Defendants deny this request.

**RFA 53**

The City lacks sufficient knowledge to admit or deny the request. The City admits that the term is not defined in the zoning code or municipal code. It would have no ability to search for the information to answer the request.

**RFA 54**

The City lacks sufficient knowledge to admit or deny the request. It would have no ability to search for the information to answer the request.

**RFA 55**

The City stands on its objections. The City adds to those objections that this is an improper hypothetical question which is not proper for a request for admission.  *See, e.g., Buchanan v. Chi. Transit Auth.*, No. 16-cv-4577, 2016 WL 7116591 at *5 (N.D. Ill. Dec. 7, 2016) (quoting *Morley v. Square, Inc.*, No. 4:14cv172, 2016 WL 123118, at *3 (E.D. Mo. Jan. 1, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission."'").

Exhibit J
Declaration of Sarah Zylstra

MARCH 23, 2022
PAGE 3

**RFA 64**
The City lacks sufficient knowledge to admit or deny the request. It would have no ability to search for the information to answer the request.

**RFA 66-88**
    The City again strenuously objects to your repeated attempts to categorically group together more than 22 request for admissions.  As additional answer, the City denies 66, 69, 71, 73, 75, 78, 81; admits 67 and 68; and lacks sufficient knowledge to admit or deny 70, 72, 74, 76, 79, 88.  The City objects to 80 because the admission uses a triple negative and therefore, it is not capable of being answered as stated.

**RFA 91**
    The City stands on its answer to this request.

**RFA 94**
    The City denies this request.

**RFA 96**
    The City stands on its answer to this request.

**RFA 98**
    Your letter misquotes the request and erroneously tries to change what the original request stated.  The City stands on its answer.

**RFA 99**
    The City admits that the lighting permits were not issued due to Edgewood's Master Plan but denies the remainder.

**RFA 100**
    The City denies this request.

**RFA 101**
    The City denies this request.

**RFA 110**
    The City denies this request.

**RFA 113**
    The City further objects to this request on grounds of legislative privilege.

**RFA 121**

MARCH 23, 2022
PAGE 4

The City further objects to this request on grounds of legislative privilege.

**RFA 122-23, 125**

The City further objects to this request on grounds of legislative privilege.

**RFA 124**

The City objects on rule of completeness and disagrees and denies the punctuation but admits a similar statement was made on the floor during a debate at a Plan Commission hearing.

**RFA 128**

The City stands on its answer to this request. The City adds to those objections that this is an improper hypothetical question which is not proper for a request for admission. *See, e.g., Buchanan v. Chi. Transit Auth.*, No. 16-cv-4577, 2016 WL 7116591 at *5 (N.D. Ill. Dec. 7, 2016) (quoting *Morley v. Square, Inc.*, No. 4:14cv172, 2016 WL 123118, at *3 (E.D. Mo. Jan. 1, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission."').

**RFA 129 & 130**

I already addressed these two requests above.

**RFA 137**

The City denies this request.

**RFA 140**

The City admits that the application was on March 11, 2020.

**RFA 145**

The City lacks sufficient knowledge to admit or deny the request.

**RFA 146**

The City admits with the clarification that Edgewood has also leased such facilities.

**RFA 148**

The City stands on its answer to this request.

**RFA 152**

The City stands on its answer to this request.

MARCH 23, 2022
PAGE 5

    As I stated in a prior letter, I have focused on the specific requests in your letter for efficiency sake. My decision not to address other statements you make should not be taken as agreement to those statements.

                                                Very truly yours,

                                                BOARDMAN & CLARK LLP

                                                *Electronically Signed by Sarah A. Zylstra*

                                                Sarah A. Zylstra

SAZ/ja

\\msnfs2\share\DOCS\WD\25981\424\A4451799.DOCX