UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

EDGEWOOD HIGH SCHOOL OF THE
SACRED HEART, INC.,

        Plaintiff,

v.

CITY OF MADISON, WISCONSIN, *et al.*,

        Defendants.

Case No. 3:21-cv-00118

---

**PLAINTIFF EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC.'S
SECOND SETS OF DISCOVERY REQUESTS TO ALL DEFENDANTS**

---

TO:   City of Madison, Wisconsin
       City of Madison Zoning Board of Appeals
       City of Madison Plan Commission
       City of Madison Common Council
       c/o Attorney Sarah A. Zylstra
       Boardman & Clark LLP
       1 South Pinckney Street, Suite 410
       Madison, WI 53701

Plaintiff Edgewood High School of the Sacred Heart, Inc. ("Edgewood"), by their attorneys, Godfrey & Kahn, S.C., hereby requests that Defendants, in accordance with the Definitions and Instructions set forth below, answer under oath each of the following Requests for Admission, Interrogatories and Requests for Production pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 36. Responses to these Requests ("Requests") shall be served upon Plaintiff's counsel by email or at the offices of Godfrey & Kahn, S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin 53202, no later than thirty (30) days from service thereof.

**DEFINITIONS AND INSTRUCTIONS**

    1.  <u>Relating to, Relate to, Relates to</u>: The terms "relating to," "relate to" and "relates to" are defined broadly as in any way concerning, comprising, containing, evidencing, mentioning,

Exhibit O
Declaration of Sarah Zylstra

respecting, bearing on, referring to, being connected with, pertaining to, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

2. <u>Plaintiff, Edgewood</u>: The terms "Plaintiff" or "Edgewood" mean Edgewood High School of the Sacred Heart, Inc., in its individual capacity, its agents, employees, representatives, and/or all other persons and/or entitles acting for or on its behalf.

3. <u>Defendants, You, Your</u>: The terms "Defendants," "You," or "Your," mean City of Madison, City of Madison Zoning Board of Appeals, City of Madison Plan Commission, City of Madison Common Council, their agents, employees, representatives, and/or all other persons and/or entities acting for or on their behalf.

4. As used herein, the singular includes the plural, and the plural includes the singular. Words of one gender include words of all gender, including the neuter.

5. If you rely on a privilege as a basis for not providing a response to any Request in whole or in part, the basis for your claim of privilege must be described in sufficient detail in a privilege log to permit the court to adjudicate the validity of the claim. The privilege log should identify the applicable Request and the basis for the claim of privilege.

6. The following Requests are continuing in nature. You must supplement any response if you obtain information or documents from which you know that your response was incorrect or incomplete when made, or that the response is no longer true; failure to amend the response and/or produce subsequently discovered documents is in substance a knowing concealment.

<u>**REQUESTS FOR ADMISSION**</u>

<u>**REQUEST NO. 169:**</u> Admit that Deposition Exhibit 7 [Edgewood Campus Master Plan, Dkt. No. 40-1 & 40-2] is authentic and may be admitted at trial without further foundation.

<u>**RESPONSE:**</u>

2

Exhibit O
Declaration of Sarah Zylstra

**REQUEST NO. 170:** Admit that Deposition Exhibit 13 [M.G.O. § 28.097] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 171:** Admit that Deposition Exhibit 57 [Wisconsin State Journal Article dated June 15, 2015, Dkt. No. 40-7] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 172:** Admit that Deposition Exhibit 64 [E-mail from Mr. Matthew Tucker to President Mike Elliott dated October 26, 2018, Dkt. No. 40-11] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 173:** Admit that Deposition Exhibit 37 [Edgewood's Outdoor Lighting Application from February 2019, Dkt. No. 40-15] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 174:** Admit that Deposition Exhibit 6 [Letter from Mr. Matthew Tucker to President Mike Elliott dated February 27, 2019, Dkt. No. 40-16] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 175:** Admit that Deposition Exhibit 3 [City of Madison Site Plan Verification, Dkt. No. 40-17] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 176:** Admit that Deposition Exhibit 1 [M.G.O. § 10.085, Dkt. No. 40-18] is authentic and may be admitted at trial without further foundation.

Exhibit O
Declaration of Sarah Zylstra

**RESPONSE:**

**REQUEST NO. 177:**  Admit that the Deposition Exhibits 9 and 11 [Notices of Violation, Dkt. No. 40-21] are authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 178:**  Admit that Deposition Exhibit 74 [Edgewood's Appeal Application to the Zoning Board of Appeals, Dkt. No. 40-22] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 179:**  Admit that Deposition Exhibit 76 [Zoning Board of Appeals Hearing Transcript for July 11, 2019, Dkt. No. 40-23] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 180:**  Admit that Deposition Exhibit 12 [Letter from City Attorney May dated July 12, 2019, Dkt. No. 40-24] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 181:**  Admit that Deposition Exhibit 50 [Edgewood Accreditation Report dated October 11, 2015, Dkt. No. 40-46] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 182:**  Admit that Deposition Exhibit 18 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

4


Exhibit O
Declaration of Sarah Zylstra

**REQUEST NO. 183:** Admit that the Planning Division Staff Report dated March 24, 2014, relating to the Edgewood Campus Master Plan approval contains a true and correct copy of the terms of the Campus Institutional District zoning ordinance as it existed in 2014 prior to its material amendment in 2019.

**RESPONSE:**

**REQUEST NO. 184:** Admit that Deposition Exhibit 65 [Letter from Edgewood High School's counsel to Mr. Matthew Tucker dated November 20, 2018, Dkt. No. 40-14] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 185:** Admit that Deposition Exhibit 62 [November 14, 2018 Application to Amend Edgewood Campus Master Plan, Dkt. 40-12] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 186:** Admit that Deposition Exhibit 70 [Letter from Attorney Wautier dated March 12, 2019, Dkt. No. 40-19] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 187:** Admit that Deposition Exhibit 2 [Memorial Lighting Application dated August 17, 2018, Dkt. 40-40] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 188:** Admit that Deposition Exhibit 46 [University of Wisconsin-Madison Campus Master Plan, Dkt. No.'s 40-43 – 45] is authentic and may be admitted at trial without further foundation.

Exhibit O
Declaration of Sarah Zylstra

**RESPONSE:**

**REQUEST NO. 189:** Admit that Deposition Exhibit 23 [City Attorney John Strange's e-mail to Attorney Wautier dated July 17, 2019] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 190:** Admit that Deposition Exhibit 22 [Formal request for repeal of Edgewood Campus Master Plan dated July 29, 2019] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 191:** Admit that Deposition Exhibit 21 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 192:** Admit that Deposition Exhibit 19 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 193:** Admit that Deposition Exhibit 33 [Planning Division Staff Report dated May 11, 2020, Dkt. 40-35] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 194:** Admit that Deposition Exhibit 87 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 195:** Admit that Deposition Exhibit 83 is authentic and may be admitted at trial without further foundation.

Exhibit O
Declaration of Sarah Zylstra

**RESPONSE:**

**REQUEST NO. 196:**  Admit that Deposition Exhibit 90 [Letter from President Mike Elliott dated May 21, 2020, Dkt. 40-37] is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 197:**  Admit that Deposition Exhibit 18 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 198:**  Admit that Deposition Exhibit 20 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 199:**  Admit that Deposition Exhibit 24 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 200:**  Admit that Deposition Exhibit 25 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 201:**  Admit that Deposition Exhibit 26 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 202:**  Admit that Deposition Exhibit 27 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 203:** Admit that Deposition Exhibit 28 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 204:** Admit that Deposition Exhibit 29 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 205:** Admit that Deposition Exhibit 30 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 206:** Admit that Deposition Exhibit 38 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 207:** Admit that Deposition Exhibit 43 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 208:** Admit that Deposition Exhibit 44 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 209:** Admit that Deposition Exhibit 83 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 210:** Admit that Deposition Exhibit 107 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

8


Exhibit O
Declaration of Sarah Zylstra

**REQUEST NO. 211:** Admit that Deposition Exhibit 108 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 212:** Admit that Deposition Exhibit 109 is authentic and may be admitted at trial without further foundation.

**RESPONSE:**

**REQUEST NO. 213:** Admit the City has issued no notices of violation and taken no enforcement action against the University of Wisconsin-Madison ("UW") with respect to the uses of the open spaces and athletic fields identified in UW's Campus Master Plan since the effective date of that plan.

**RESPONSE:**

**REQUEST NO. 214:** Admit that the decision to prohibit Edgewood from hosting athletic contests on its athletic field was not supported by a compelling governmental interest.

**RESPONSE:**

**REQUEST NO. 215:** Admit that the decision to deny Edgewood's conditional use permit application for lights was not supported by a compelling governmental interest.

**RESPONSE:**

**REQUEST NO. 216:** Admit that City's interests in denying Edgewood's conditional use permit application for lights could have been furthered by less restrictive means than a complete denial of Edgewood's application.

**RESPONSE:**

**REQUEST NO. 217:** Admit that team practices may involve athletic contests.

**RESPONSE:**

**REQUEST NO. 218:**  Admit that physical education classes may involve athletic contests.

**RESPONSE:**

### INTERROGATORIES

**INTERROGATORY NO. 10:**  If you deny or provide a qualified admission for any of the requests for admission above, please identify the basis for your denial or qualification.

**RESPONSE:**

**INTERROGATORY NO. 11:**  Identify any communications the City has had with UW concerning the uses of its open spaces and athletic fields since the effective date of UW's Campus Master Plan

**RESPONSE:**

### REQUESTS FOR PRODUCTION

**REQUEST NO. 59:**  All communications relating to UW's uses of its open spaces and athletic fields since the effective date of UW's Campus Master Plan.

**RESPONSE:**

**REQUEST NO. 60:**  All documents relating the permit Edgewood received to install the electrical conduit under the field in July 2015.

**RESPONSE:**

**REQUEST NO. 61:**  All documents and communications authored by or sent or received by John Strange relating to (a) Edgewood's February 22, 2019 outdoor light application and/or (b) the drafting of the ordinance reflected in Deposition Exhibit 20, including drafting and revisions to its title, and first, second and third substitutes.

**RESPONSE:**


Exhibit O
Declaration of Sarah Zylstra

**REQUEST NO. 62:** All documents and communications authored by or sent or received by Tag Evers relating to (a) Edgewood's February 22, 2019 outdoor light application and/or (b) the drafting of the ordinance reflected in Deposition Exhibit 20, including drafting and revisions to its title, and first, second and third substitutes.

**RESPONSE:**

**REQUEST NO. 63:** All documents and communications authored by or sent or received by Matt Tucker relating to (a) Edgewood's February 22, 2019 outdoor light application and/or (b) the drafting of the ordinance reflected in Deposition Exhibit 20, including drafting and revisions to its title, and first, second and third substitutes.

**RESPONSE:**

Dated this 3rd day of August, 2022

          Respectfully Submitted,

          GODFREY & KAHN, S.C.

          _____
          Mike Wittenwyler (SBN 1025895)
          Jonathan Ingrisano (SBN 1033977)
          833 East Michigan Street, Suite 1800
          Milwaukee, WI 53202
          Phone:  (414) 273-3500
          Fax:  (414) 273-5198
          mwittenw@gklaw.com
          jingrisa@gklaw.com

          DALTON & TOMICH, PLC

          *Noel W. Sterett (IL 6292008)
          401 W. State St., Suite 509
          Rockford, IL 61101
          Phone:  (815) 986-8050
          Fax:  (313) 859-8888
          nsterett@daltontomich.com
          *Admitted *Pro Hac Vice*

          *Attorneys for Plaintiff*

Exhibit O
Declaration of Sarah Zylstra