**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC.,

Plaintiff,

v.

CITY OF MADISON, WISCONSIN, *et al.*

Defendants.

Case No.: 3:21-cv-00118

---

**PLAINTIFF EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC.'S RESPONSES TO DEFENDANTS' SECOND SET OF DISCOVERY**

---

TO: Sarah A. Zylstra
Evan B. Tenebruso
Tanner G. Jean-Louis
Boardman & Clark LLP
P.O. Box 927
1 South Pinckney Street
Suite 410
Madison, WI 53701-0927
szylstra@boardmanclark.com
etenebruso@boardmanclark.com
tjeanlouis@boardmanclark.com

*Attorneys for Defendants*

Edgewood High School of the Sacred Heart, Inc., by and through its undersigned attorneys, and pursuant to Fed. R. Civ. P. 33, hereby submits its written objections and responses to Defendants' Second Set of Discovery.

## GENERAL OBJECTIONS

1. Plaintiff objects to each specific request to the extent that it seeks information that is privileged and/or protected from disclosure by the attorney-client privilege, the work product

doctrine, or any other constitutional, statutory, or common law privilege or protection. Nothing contained in these objections and responses is intended to be, or in any way shall be deemed, a waiver of such an available privilege or doctrine.

2. Plaintiff objects to each specific request to the extent it is vague, ambiguous, unduly burdensome, attempts to impermissibly expand the scope of the requests, and/or attempts to impose obligations on Plaintiff beyond those imposed under applicable law or any agreement between the parties.

3. Plaintiff objects to these discovery requests to the extent they are duplicative.

4. Plaintiff objects to each request to the extent it seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.

5. Plaintiff objects to each request to the extent that it purports to require Plaintiff to provide information beyond what is available to it at present after conducting a reasonable search of its own files and a reasonable inquiry of its current employees.

6. To the extent that Plaintiff produces documents and things pursuant to these requests, Plaintiff does not concede that the documents and things requested or produced are relevant to this action. Plaintiff expressly reserves the right to object to further discovery in the subject matter of such requests.

7. Plaintiff objects to any request that seeks or requires the production of documents that are confidential, a trade secret, or proprietary, or that contain such information.

8. Subject to and without waiving the foregoing objections, Plaintiff states that it shall respond hereto in accordance with and as required by the Federal Rules of Civil Procedure.

9. To the extent specific objections are cited in a specific response, those objections are made because they are believed to be particularly applicable to the specific request and are

Exhibit P
Declaration of Sarah Zylstra

not to be construed as a waiver of any General Objections. These General Objections are incorporated into each of the following responses and are not waived or in any way limited by Plaintiff's specific responses or objections.

10. Each of the foregoing objections shall be considered continuing and is hereby incorporated into each specific response.

**REQUESTS TO ADMIT**

**REQUEST FOR ADMISSION NO. 1 (NO. 22):** Admit that Deposition Exhibit 101 (produced natively by Edgewood as EHS_000024) accurately reflects Edgewood High School's enrollment numbers from the 2006-2007 school year to the 2017-2018 school year.

**RESPONSE:** Admits in part and denies in part. Admits that the numbers on Exhibit 101 accurately reflect enrollment for each year at the beginning of the particular school year. Denies it accurately reflects enrollment at the end of each particular school year.

**REQUEST FOR ADMISSION NO. 2 (NO. 23):** Admit that Deposition Exhibit 101 is authentic and may be admitted at trial without testimony as to its authenticity.

**RESPONSE:** Admits.

**REQUEST FOR ADMISSION NO. 3 (NO. 24):** Admit that Deposition Exhibit 101 is authentic and may be admitted at trial without further foundation.

**RESPONSE:** Admits.

**REQUEST FOR ADMISSION NO. 4 (NO. 25):** Admit that the athletic facility Edgewood College is building at Lacy Road in Fitchburg includes outdoor soccer, baseball and softball fields, an outdoor track and outdoor tennis courts.

**RESPONSE:** Denies. Plaintiff and its representatives have no personal knowledge of the status or progress of the athletic facility referenced. Upon information and belief, Susan VanderSanden will confirm that there is no current building activity on site or even planned, that the College is still in the process of acquiring the land, and that any project is at least 10 years out. Accordingly, Edgewood College is not presently building anything.

Exhibit P
Declaration of Sarah Zylstra

## INTERROGATORIES

**INTERROGATORY NO. 1 (NO. 9):** For every Request to Admit for which your answer is anything other than an unqualified admit, identify all factual and legal bases and any supporting documents for your denial or qualified admission.

**RESPONSE:** See above as to each Request to Admit.

**INTERROGATORY NO. 2 (NO. 10):** If you deny Request for Admissions 1, 2 or 3 above, identify the person or persons at Edgewood High School with knowledge of Edgewood High School's enrollment from 2006 through present and the creator of Deposition Exhibit 101.

**RESPONSE:** Not applicable.

**INTERROGATORY NO. 3 (NO. 11):** Identify the person who edited/removed the language "other generally light uses" from the draft master plan contained in Deposition Exhibit 54 to the final version that was submitted to the City of Madison.

**RESPONSE:** Plaintiff has no knowledge or information pertaining to who, when or why this language appeared in Deposition Exhibit 54 but not in the final, approved Master Plan.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1 (NO. 29):** All drafts or previous versions of Edgewood Campus's 2014 Master Plan.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 2 (NO. 30):** All communications relating to the development of the 2014 Master Plan, including but not limited to all communications relating or referring to the documents contained in Deposition Exhibit 54, and any communications with Ed Taylor related to the language regarding the Open Space Plan.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 3 (NO. 31):** All documents, including but not limited to proposals, applications, supporting materials, and pre- or post-award reports, that you submitted to the Goodman Foundation related to the grant you were awarded in 2015.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 4 (NO. 32):** All communications related to or referencing the Goodman Foundation grant you were awarded in 2015, including but not limited to communications related to securing the grant or seeking funding from the Goodman Foundation.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 5 (NO. 33):** All documents and communications sent to, received from or referencing or related to Rettler Corporation's proposed or actual renovation of Edgewood's athletic facilities, expansion of those facilities, or upgrades of those facilities from January 1, 2013 to present.

**RESPONSE:** Plaintiff objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The request substantially exceeds the limited relevance Rettler Corporation's work has in this case. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 6 (NO. 34):** All documents and communications related to Edgewood College's proposed athletic fields/facility on Lacy Road in Fitchburg.

**RESPONSE:** Plaintiff objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Requested documents are in possession of a third party, as this is not Plaintiff's proposed project. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 7 (NO. 35):** Any documents or communications related to or referencing use or potential use by Edgewood High School of Edgewood College's proposed athletic facility on Lacy Road in Fitchburg.

**RESPONSE:** Plaintiff objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Requested documents are in possession of a third party, as this is not Plaintiff's proposed project. Subject to that objection and without waiving the same, no such document is believed to exist after reasonable search attempts.

Exhibit P
Declaration of Sarah Zylstra

**REQUEST NO. 8 (NO. 36):** Documents sufficient to show Edgewood High School's annual enrollment numbers for each school year starting from the Fall 2012-Spring 2013 school year to the present.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 9 (NO. 37):** All documents related to any study, report, or survey concerning Edgewood's enrollment from January 1, 2013 to present.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 10 (NO. 38):** All notes or written summaries of meetings, not yet produced, between Edgewood and any member(s) or representative(s) of the Dudgeon Monroe or Vilas Neighborhood Associations, from January 1, 2013 to present.

**RESPONSE:** Plaintiff objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The request substantially exceeds the limited relevance neighborhood meetings have in this case. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 11 (NO. 39):** All communications, not previously produced, to or from Edgewood and any other individual or entity relating to Edgewood's use of its field for athletic contests, from January 1, 2013 to present.

**RESPONSE:** Plaintiff objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 12 (NO. 40):** All communications, not previously produced, with Vandewalle & Associates, or any other urban planning, architecture, or engineering firm relating to or referencing Edgewood's athletic field, from January 1, 2013 to present.

**RESPONSE:** Plaintiff objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The request substantially exceeds the

limited relevance of Vandewalle & Associates and its involvement in this case. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 13 (NO. 41):** All documents, not yet produced, related to any noise studies related to or referencing Edgewood's athletic field, from January 1, 2013 to present.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 14 (NO. 42):** All documents and communications, not yet produced, related to Talaske and/or TLC of Wauwatosa, and/or Professional Audio Designs, Inc. with respect to Edgewood's athletic field, from January 1, 2013 to present.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 15 (NO. 43):** All documents and communications related to Musco Lighting with respect to Edgewood's athletic field from January 1, 2013 to present.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 16 (NO. 44):** All documents that support or refute, show, demonstrate, or describe any alleged damages Edgewood attributes to the City's actions.

**RESPONSE:** Plaintiff objects to this request to the extent it would call for production of documents protected by the attorney client and/or work product privileges. Plaintiff further objects to this request as overly broad, vague and ambiguous with respect to "refute" and "describe." Subject to that objection and without waiving the same, documents evidencing Plaintiff's damages calculations will be produced in response to this request.

**REQUEST NO. 17 (NO. 45):** All documents and communications concerning or reflecting the costs associated with transporting equipment to off-site home night games, including any costs paid to U-Haul from February 22, 2019 to present.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 18 (NO. 46):** Documents sufficient to show all night home games scheduled for Edgewood athletic teams (for teams that use a field ) from February 22, 2019 to present, where those night home games were originally scheduled to be played, where they were actually played, if any were cancelled, the reason for cancellation and whether the games were re-scheduled.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 19 (NO. 47):** Documents sufficient to show each instance that an Edgewood home night game (for any Edgewood athletic team that uses a field) was "bumped" from a field because the field booked another group/event, including providing the date of the originally scheduled game, the sports team that was bumped, the facility that bumped Edgewood, whether the home night game was played or cancelled or re-scheduled, and if re-scheduled, where and when it was held. This request is for the time period of February 22, 2019, to present.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 20 (NO. 48):** All documents and communications relating to Edgewood's rental of off-campus athletic fields for night games, including but not limited to facilities Breese Stevens, Middleton High School, and the Reddan soccer complex from January 1, 2013 to present.

**RESPONSE:** Plaintiff objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The request substantially exceeds the relevance and relevant time period off-campus athletic fields have in this case. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 21 (NO. 49):** The entire contents of the "file" that Chris Zwettler indicated was on the back of his desk and that he referred to multiple times during his deposition. *See, e.g.*, Zwettler Dep. at 42.

**RESPONSE:** Plaintiff objects to this request as mischaracterizing Mr. Zwettler's testimony. Mr. Zwettler made one reference to a "folder" on his desk at page 42, and made no other references to a "file" or "folder" during his deposition. Subject to that objection, and

Exhibit P
Declaration of Sarah Zylstra

without waiving the same, documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 22 (NO. 50):** All drafts or final versions of any other Accreditation Report for Edgewood High School since the Accreditation Report that was issued on October 11-14, 2015, and marked as Deposition Exhibit 50.

**RESPONSE:** No such documents are believed to exist in Plaintiff's possession, custody or control after reasonable search attempts.

**REQUEST NO. 23 (NO. 51):** All documents related to R.F.'s decision to leave Edgewood mentioned in ¶18 of Zwettler's declaration, dkt. #50. Defendants will agree to keep this information confidential pursuant to a protective order.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 24 (NO. 52):** Documents sufficient to identify R.F.'s identity, including name, current address, phone number, and his/her/their dates of attendance at Edgewood. Defendants will agree to keep this information confidential pursuant to a protective order.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 25 (NO. 53):** R.F.'s student file, including but not limited to documents sufficient to show classes, grades, financial aid, and any disciplinary issues. Defendants will agree to keep this information confidential pursuant to a protective order.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, but instead is intended to harass and embarrass. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 26 (NO. 54):** All documents reflecting or referring to Edgewood's efforts to develop partnerships with local parochial schools from January 1, 2013 to present, including but not limited to all communications related to hosting parochial school athletic events.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has a

substantial number of programs, events, and initiatives run by different representatives / custodians that cannot be reasonably or fairly searched for such a broad request. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 27 (NO. 55):** All communications with representatives of Susan G. Komen Foundation, or any acting on behalf of Susan G. Komen Foundation, relating to any partnership with Edgewood High School or use of Edgewood's athletic field, and all documents relating to the same from January 1, 2013 to present.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

**REQUEST NO. 28 (NO. 56):** All documents and communications relating to the use of any auditorium or gymnasium owned by Edgewood High School or the use of the Edgedome by non- profit organizations or community partners, from January 1, 2013 to present.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 29 (NO. 57):** All documents related or referring to Shawn Schey, including but not limited to Edgewood's request that Shawn Schey step down from the Neighborhood Liaison Committee from January 1, 2013 to present.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff stands on this objection unless and until the Request is narrowed.

**REQUEST NO. 30 (NO. 58):** All communications from or to Maggie Balistreri-Clarke related to Edgewood's master plan, Edgewood High School's athletic field or any communications Ms. Balistreri-Clarke had with third parties, including an employees or officials of the City of Madison, on behalf or related to Edgewood High School from January 1, 2012 to present.

**RESPONSE:** Documents, not previously produced, will be produced in response to this Request to the extent they are in the possession, custody and control of the Plaintiff.

Dated: August 8, 2022

ATTORNEYS FOR PLAINTIFF

By: ______________________________

Jonathan Ingrisano
State Bar No. 1033977
Mike Wittenwyler
State Bar No. 1025895
GODFREY KAHN S.C.
833 East Michigan Street
Suite 1800
Milwaukee, WI 53202
Phone: 414-273-3500
Fax: 414-273-5198
jingrisano@gklaw.com
mwittenwyler@gklaw.com

*Noel W. Sterett
DATLON & TOMICH, PLC
IL Bar No. 6292008
401 W. State Street
Rockford, IL 61101
Phone: 815-986-8050
nsterett@daltontomisch.com

*Admitted Pro Hac Vice

27505835.2

Exhibit P
Declaration of Sarah Zylstra