

SARAH A. ZYLSTRA
ATTORNEY
SZYLSTRA@BOARDMANCLARK.COM
DIRECT    (608) 283 1741
FAX         (608) 283 1709

August 10, 2022

**Via Email Only**

Jonathan Ingrisano
Godfrey & Kahn, S.C.
833 East Michigan Street
Suite 1800
Milwaukee, WI  53202

RE:   Edgewood High School of the Sacred Heart, Inc. v. City of Madison, et al.
        Case No. 3:21-CV-118

Dear Jonathan:

I write to meet and confer regarding Edgewood's responses to Defendants' Second Set of Discovery.

First, with respect to a number of the requests (1-4, 8-9, 15-19, 21, 23-24, 27 and 30), you have indicated that responsive documents will be produced. Given the discovery deadline and the pretrial deadlines that are forthcoming, I am writing to inquire when you expect to produce those documents. If you could let me know the estimated date of production, I would appreciate it. We are hoping to have documents related to any upcoming deposition produced prior to the depositions next week. For example, Request No. 30 asks for communications from or to Maggie Balistreri-Clarke which is being deposed a week from Monday. We appreciate receiving those documents prior to the deposition.

**Request No. 5**

In Request No. 5, we ask for all documents and communications sent to or received from Rettler Corporation's proposed or actual renovation of Edgewood's athletic facilities from January 1, 2013 to present. Plaintiff has objected to this request as overbroad. The request is not overbroad. Rettler designed and had a contract with Edgewood for purposes of the proposed stadium that Edgewood presented to the City in 2018 as it relates to Edgewood's desire to expand and construct a stadium. Edgewood began meeting with neighborhood associations regarding that proposal and presented drawings from Rettler at least as early as 2017. The issue in question remains as to when Rettler was contacted and what it was asked to do. Edgewood produced a master plan in 2014. To the extent that Edgewood had any communications with Rettler prior to its submission of a Campus Master Plan, that would be relevant as to Edgewood's knowledge and the language that it chose in its Master Plan. Your

AUGUST 10, 2022
PAGE 2

objection stating that the request was overbroad does not indicate whether a search was done, how many records were returned based on the search or why you believe that it is overbroad. The topic itself is very narrow and Rettler had no difficulty responding to the subpoena requesting similar documents. However, the City is entitled to Edgewood's documents to the extent that Rettler did not produce or retain all of the documents that fall within the request. Please produce the documents.

**Request No. 6**

Request No. 6 sought documents and communications related to Edgewood College's proposed athletic fields in Fitchburg. You have objected that the documents are in possession of a third party. We are not requesting that you produce Edgewood College's documents but are asking whether Edgewood High School has documents related to the College's proposed facility. One of the questions is whether the high school had any communications with the College regarding use of those fields. So far, witnesses have testified that they are not aware of any such communications. If that is the case, then there will be no burden to responding. This request is not overly broad nor does your objection indicate whether a search was performed, how many documents were found or why you believe it is overly broad. Please produce the documents.

**Request No. 10**

Request No. 10 sought notes and written summaries of meetings between Edgewood and representatives of the Dudgeon-Monroe and Vilas Neighborhood Associations from January 1, 2013 to present. You again object the request is overly broad. You also suggest the request has limited relevance to this case. I disagree. Edgewood met with the neighbors in crafting its master plan that it submitted to the City in 2014. Neighbors have alleged that Edgewood made promises with respect to the use of its field, which Edgewood has asserted is not correct. The communications between Edgewood and the neighbors with respect to those neighborhood meetings would indicate statements that Edgewood had made to the neighbors as well as the neighbors understanding of those meetings. It also demonstrates that the neighborhood associations were keenly involved in any construction projects and projects involving Edgewood's outdoor space. I would like to get some idea from you about how much materials is at issue. If, for example, there were only meetings 6-8 times a year, I believe that producing the minutes and notes for those meetings is not overly broad or burdensome. If there is more than this and we can avoid motion practice on these issues, I would be willing to narrow the request notes and written summaries of meetings between Edgewood and representatives of the Dudgeon-Monroe and Vilas Neighborhood Associations from January 1, 2013 to present in which any discussion was had related to any open space of Edgewood, Edgewood's master plan, any conditional use related to Edgewood, any mention of the athletic fields or any lighting, any mention of the City related to zoning or building inspections, the Goodman Foundation grant, any sound matters/issues, any lighting

matters/issue, any meeting at which Vandewalle, Musco, Potter Lawson or Wood Communication attended or presented information, or any formal agreements between the neighborhood and Edgewood.

**Request No. 11**

In Request No. 11, we sought communications not previously produced to or from Edgewood from any other individual or entity relating to Edgewood's use of its field for athletic contests from January 1, 2013 to present. You have objected to the request as overbroad but again you have not indicated what search you have undertaken to determine its breadth and the number of likely documents. Edgewood has made numerous arguments regarding the use of its field for athletic contests, and has even proposed facts in summary judgment as to its use going back 100 years. This request is directly related to those statements. While we disagree that the request is overbroad, especially given the centrality of Edgewood's use of its field to the claims and defenses in this case, the City is willing to accept documents and communications sufficient to show all athletic contests and other events scheduled to take place on Edgewood's athletic field from 2013 to the present, the date and time of those events, whether those events took place, and if they were cancelled, the reason for the cancellation. We would also want documents or communications sufficient to show all instances between 2013 and the present in which an outside entity requested to use Edgewood's field and were denied, as well as the reasons for the denial. Please let us know if you will produce those documents.

**Request No. 12**

Request No 12 sought communications between Edgewood and Vandewalle and Associates relating to or referring to Edgewood's athletic field from January 1, 2013 to present. You have objected that it is overly broad. Vandewalle and Associates was intimately involved in Edgewood's request to amend its master plan, to build a stadium, and has been involved throughout with Edgewood's attempts to get lights for its athletic field. You have not indicated how and why the request is overly broad. Moreover, we have sought similar documents from Vandewalle and have received them, albeit we do not know whether Edgewood has documents that Vandewalle has not produced. To the extent that you have documents that Vandewalle has not produced, they are relevant and should be produced. (With respect to your claim of privilege, that is addressed more fully below).

**Request No. 13 and 14**

Request No. 13 requested documents related to any noise study related to or referencing Edgewood's athletic field from January 1, 2013 to present. Request No. 14 sought all documents and communications related to Talaske and/or TLC of Wauwatosa and/or Professional Audio Designs, Inc. with respect to Edgewood's athletic field from 2013 to

Exhibit Q
Declaration of Sarah Zylstra

AUGUST 10, 2022
PAGE 4

present. You have objected that both requests were not reasonably calculated to lead to the discovery of admissible evidence. This is not a proper objection under the federal rules. Further, it is our understanding that Talaske and/or TLC and/or Professional Audio Designs conducted noise studies with respect to Edgewood holding athletic contests on its athletic field. While Edgewood produced a particular report to the neighbors and the City, to the extent that there were other studies that showed greater noise impacts, or to the extent that Edgewood sought to influence the professionals with respect to the levels of noise related to its athletic contests, this would be highly relevant and admissible. Please produce the documents.

**Request No. 16**

Request No. 16 sought documents that support or refute, show, demonstrate or describe any alleged damages Edgewood attributes to the City. You have objected and indicated that subject to the objections, documents evidencing plaintiff's damages calculations will be produced. To be clear, if you have documents that refute or demonstrate that the damages are not what Edgewood claims, those documents are sought by this request. Please clarify that you will produce any documents that refute or cast doubt on Edgewood's damages that it is claiming. If you are withholding those documents in response to this request based upon your objection, please so state.

**Request No. 20**

Request No. 20 sought all documents and communications related to Edgewood's rental of off-campus athletic fields for night games from January 1, 2013 to present. You have objected that the request is overly broad and it exceeds the relevant time period. You have produced some invoices for Edgewood's rental of fields. I am unclear for what time period you have produced records and whether you have produced all the documents for that time period. I am willing to compromise on the dates, but I need to clarification from you about your production. Have you produced all of the documents related to field rental for a particular time period and if so, for what time period? Or have you produced only select documents?

**Request No. 25**

For Request No. 25, we sought R.F.'s student file. You have objected to producing that document, suggesting that it is not reasonably calculated to lead to the discovery of admissible evidence and is intended to harass and embarrass. That is incorrect. Mr. Zwettler has made a statement that R.F. left Edgewood because of the time and travel complications created by Edgewood's inability to hold night games or practices on site. Zwettler Dec., dkt. 50, at ¶ 18. The City is entitled to explore whether R.F. may have left Edgewood for other

AUGUST 10, 2022
PAGE 5

reasons that may present itself in R.F.'s student file. Accordingly, the documents are relevant. Please produce the document.

**Request No. 26**

Request No. 26 sought documents reflecting or referring to Edgewood's efforts to develop partnerships with local parochial schools from January 1, 2013 to present, including hosting parochial school athletic events. You have objected that the request is overbroad and that plaintiff has a substantial number of programs, events and initiatives that cannot be reasonably or fairly searched for such a broad request. I am open to narrowing the request to communications related to hosting parochial school athletic events during this time period. With that narrowing, will you produce the documents.

**Request No. 29**

Request No. 29 sought all documents related to or referring to Shawn Schey. You have objected that the request is overly broad. Mr. Elliott has made statements and Edgewood has put in declarations with respect to summary judgment that Edgewood requested that Shawn Schey step down from the neighborhood liaison committee due to what Edgewood contends was her inaccuracy in presenting information. As Shawn Schey is a witness in this matter, I am entitled to any documents relating or referencing her. It appears to me that searching her name would be relatively easy and therefore I do not understand the objection as it being overly broad or unduly burdensome. What searches have you performed for Ms. Schey and what were the resulting hits when searching for that information? Please advise.

**Withholding Vandewalle and Wood Communication Documents on the Basis of Privilege**

With respect to my subpoena on Vandewalle and Associates as well as Wood Communication, you indicated that you believe some of those documents were protected based on the attorney-client privilege, asserting that Vandewalle and Wood Communication were part of the "control group" for Edgewood. You and I agreed that you would receive those documents initially and determine whether you were going to claim privilege on any of those documents. We agreed that I was not conceding that any documents were privileged but reserved my right to challenge your assertion of privilege once we determined whether you would actually exercise your claim of privilege on any documents.

On Tuesday, August 9, you provided the subpoena documents and indicated that for the Vandewalle documents, you withheld 23 files on the basis of one or more privileges and with respect to the Wood Communication, you withheld 118 files on the basis of privilege. Your identification of the number of documents is insufficient for me to make a proper challenge to your claim of privilege of those documents. I am unable to determine, for example,

AUGUST 10, 2022
PAGE 6

whether documents for which you claim privilege even include an attorney on the communication, or if the communication relates to the seeking or giving of legal advice. Please provide a more robust privilege log and provide an explanation as to why you believe the withheld documents are privileged. Have you withheld any documents or communications that have not involved Edgewood's outside counsel providing legal advice? Please advise. Given the timeline to trial, I am willing to allow you to produce the documents *in camera* to the court for the court to make a determination of privilege if that would expedite the matter.

If you would like to discuss these matters by phone, I am available Thursday, August 11, in the afternoon, and Friday, August 12, in the afternoon.

Thank you.

Very Truly Yours,

BOARDMAN & CLARK LLP

Sarah A. Zylstra

SAZ/ja

\\msnfs2\share\DOCS\WD\25981\424\A4612926.DOCX