UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

EDGEWOOD HIGH SCHOOL OF THE
SACRED HEART, INC.,

        Plaintiff,

    v.

CITY OF MADISON, WISCONSIN, *et al.*,

        Defendants.

Case No. 3:21-cv-00118-wmc

**PLAINTIFF EDGEWOOD HIGH SCHOOL OF THE SACRED HEART, INC.'S
SUPPLEMENTAL ADDITIONAL PROPOSED FINDINGS OF FACT**

Plaintiff Edgewood High School of the Sacred Heart, Inc. ("EHS"), by and through its

counsel, Godfrey & Kahn, S.C., submits the following supplemental additional proposed

findings of fact in support of its motion to supplement the summary judgment record:

101.    Mr. Tucker prepared his February 27, 2019 letter in consultation with Mr.

Strange.  Tucker Dep. at 127.  **Mr. Tucker shared multiple drafts of the letter with Mr.**

**Strange, who was therefor aware of, if not in agreement with, its contents.  See September**

**19, 2022 Declaration of Noel Sterett ("Sterett Decl.") ¶ 3, Ex. A, dkt. 78-1.[1]**

196.    Both the EHS Master Plan repeal and the Evers amendment were introduced and

referred for hearing before the Plan Commission on August 6.  Evers Dep. at 130-131.  **Mr.**

**Evers testified that the timing of the two introductions was "more a coincidence…."  Evers**

**Dep. at 129-130, dkt. 31.  However, Mr. Strange had recommended that Evers's ordinance**

**could be introduced from the floor on August 6 "for it to track with the [EHS Master Plan**

---

[1] EHS's new findings of fact to supplement its Additional Proposed Findings of Fact are set forth in **bold**.

repeal] ordinance." Ingrisano Decl. ¶ 20, Ex. M, dkt. 65-13.  Both were referred to the next Plan Commission meeting on August 26, 2019.  Evers Dep. at 143.

197.    **The Evers ordinance amendment was targeted at EHS.**  While Mr. Evers claimed his ordinance was intended to address a general flaw in the zoning ordinance (APFOF 184), the title of his introduced ordinance amendment was specific to EHS's situation upon repeal of its Master Plan.  See Ingrisano Decl. ¶ 10, Ex. 9, Dep. Ex. 19 at 36.  **Indeed, on August 14, Strange referred to both the EHS Master Plan repeal and Evers' zoning ordinance amendment as the "Edgewood ordinances." Ingrisano Decl. ¶ 17, Ex. H, dkt. 65-12.**

261.    **In Matt Tucker's February 27, 2019 letter, the City advised that the EHS lighting application plans will be reviewed for compliance with MGO Section 10.085, and that if the plans comply an electrical permit will be issued when requested.  APFOF ¶¶ 96, 97, dkt. 48.**

262.    **The City determined that "this permit can be issued without requiring amendment of the approved 2014 Master Plan."  APFOF ¶ 98, dkt. 48.**

263.    **EHS's permit application was stamped approved on February 27 and again on March 1, 2019.  APFOF ¶¶ 105-110, dkt. 48.**

264.    **On March 6, 2019, City employee Alan Harper confirmed that EHS's lighting permit had been approved and that EHS's electrical contractor could obtain the permit online, by mail, or in person.  August 25, 2022 Declaration of Jonathan R. Ingrisano ("Ingrisano Decl.") ¶ 17, Ex. J, dkt. 65-10.**

265.    **However, the following day, on March 7, 2019, George Hank advised a concerned EHS neighbor that EHS's outdoor lighting permit had not issued, that it needed**

to conform to a '68 light pole height requirement, and that if EHS submitted a conforming application the City would issue the permit.  Ingrisano Decl. ¶ 16, Ex. K, dkt. 65-11.

266.     A March 11 memorandum from Tucker to Hank concluded that the EHS lighting permit could not issue because the Master Plan was silent on the issue of outdoor lighting.  Ingrisano Decl. ¶ 19, Ex. L, dkt. 65-12.

267.     On March 13, and despite his involvement with and/or knowledge of Tucker's February 27 letter, Strange confirmed that the lighting plan had been approved but that the permit was "currently locked while staff reviews whether installation would result in a zoning violation."  Ingrisano Decl. ¶ 16, Ex. K, dkt. 65-11.

268.     On March 14, 2019, the City's Alan Harper explained to EHS's contractor that "[d]ue to the continued public outcry about the project, we have been told by the Director of our department, George Hank, not to issue this permit until further notice."  Ingrisano Decl. ¶ 17, Ex. J, dkt. 65-10.

269.     In his deposition, Hank testified that the permit was withheld based on the Open Spaces section of the Master Plan.  APFOF ¶ 124, dkt. 48.

270.     Later in the same deposition, Hank testified that the permit was withheld because of the risk that EHS would have unmet expectations if it had lights but could not play night games.  APFOF ¶¶ 125, 126, dkt. 48.

Dated:  September 19, 2022

GODFREY & KAHN, S.C.

 **s/ Jonathan R. Ingrisano**
Jonathan Ingrisano (SBN 1033977)
Mike Wittenwyler (SBN 1025895)
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
Phone: (414) 273-3500
Fax: (414) 273-5198
jingrisa@gklaw.com
mwittenw@gklaw.com

DALTON & TOMICH, PLC

*Noel W. Sterett (IL 6292008)
401 W. State St., Suite 509
Rockford, IL 61101
Phone: (815) 986-8050
Fax: (313) 859-8888
nsterett@daltontomich.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiff*

4