| | |
|---|---|
| **From:** | Sarah A. Zylstra |
| **Sent:** | Thursday, September 22, 2022 4:00 PM |
| **To:** | Ingrisano, Jonathan; Tanner G. Jean-Louis |
| **Cc:** | Noel Sterett; Knapp, Bruce; Wittenwyler, Mike |
| **Subject:** | RE: EHS -- revised key word search [GK-Active.FID3018047] |

Jonathan,

There is nothing unilateral about this impasse. We ran your search, we gave you the results and offered an alternative to narrow the results. You asked follow-up questions, which amounted to us running additional searches and provided those results to you. And, despite all of this, you still have not offered any alternative and simply note that the 11,000+ documents was close to the 10,000 number that Magistrate Crocker mentioned at the hearing. You offered no new search to run and no further limit. That is an impasse.

At this point in the litigation, your focus on 'false' hits is misguided, the goal of this exercise is to ensure that the search is ***targeted***. Discovery in general needs to be proportional and not unduly burdensome and that balance is especially important at this stage of the litigation where discovery is closed, pretrial filing deadlines are approaching, and we are now responding to your new motion to supplement your summary judgment filings.

Your search requesting every document that mentions Edgewood and either the master plan, lights, permits, or an ordinance is simply too broad and the results bear that out. This one search, as written, amounts to a near a do-over of discovery packed into one huge search. You sought to redo discovery with your motion to compel but the Court did not allow that. Magistrate Judge Crocker specifically said that the Court would not allow expansive discovery but wanted a targeted search. Moreover, while the court noted that it would not allow a search returning 10,000 documents and if such were the result, the City was not going to have to comply, that was by no means a decision that anything under 10,000 was fair game.

In any event, we have already indicated to you that the word 'permit' was overinclusive. Thus, our proposal to narrow that. In addition, the term 'Edgewood' itself is problematic as it is a street name and it is also in the domain for anyone using an Edgewood email account. But obviously, this is not a term that can be filtered out.

Another problem with the search relates to how constituents both supporting and opposing Edgewood sent comments to the City. Many sent separate emails to different City employees. Because they sent them to different employees, while the text is the much the same, the emails are not and thus, they are not duplicates. Further, most of those emails from constituents have been produced as part of the Legistar record but because how they were produced in Legistar, they cannot be filtered out of the production as duplicates. Finally, after constituents were emailing multiple City employees with the same email generally, one City employee had an out of office reply that indicated that if the person was sending an email to comment on the Edgewood matter, to please not resend their email messages to avoid adding to/confusing the record. While we have not reviewed a statistically significant sample, from the records we have reviewed, we believe the emails from constituents may exceed 20% of the records.

There are also newsletter/listervs from successive Alders (primarily Allen Arntsen) broadly discussing happenings in District 13, which mention upcoming Edgewood meetings/hearings that are occurring and what is on the agendas, etc.

A good portion of these type of documents are not ***false*** hits per se but simply have little to no probative value given the circumstances.





In the motion to the Court seeking this discovery and your oral argument to the Magistrate, your primary claimed justification for additional searching was the lack of internal emails. Our proposed search specifically targeted that and such will be a significant burden on its own as it contains 2,766 documents totaling 10,132 pages. We need time to review and turn around those documents and we are now less than 30 days from our deadline. Unless you will agree to a narrower, more proportional search, we can wait no longer to put the issue to the Court and will plan to do so.

Sarah



**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Wednesday, September 21, 2022 9:14 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

It is important to note that you want to want to exclude relevant documents but are unwilling or unable to identify where my tailored search terms – which included narrowed custodians, narrowed timeframe, and narrowed terms from March 11 – produce false or irrelevant hits. As I noted below, your narrowed search would exclude (a) relevant external communications, (b) attachment hits, and (c) 75% of the hits generated by “Edgewood OR EHS” AND “permit,” and you are aren’t being transparent as to why that is appropriate. Without an understanding of any false hits you are getting, the page counts are pointless. **We of course would be willing to further tailor a search to exclude false and irrelevant hits, but we can’t do that in the dark.** Conversely, your proposed revisions would have the effect to exclude more than false positives.

And if filtering against your prior productions won’t significantly reduce the hits, that is actually just a confirmation of the insufficiency of the original searches.

You’ve unilaterally declared an impasse. Please follow-up by either expeditiously identifying false hits or immediately moving for relief.

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com



*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

---

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Tuesday, September 20, 2022 8:25 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

---

Jonathon,

We do believe the word permit is overinclusive as we explained. It is of course true that for any search, using a limit might mean that a document that is relevant might be excluded. That is not a basis for rejecting the proposed search.

I have explained that we believe your proposed search that involves 16 proposed custodians and returns 11,599 documents and 62,854 pages is overly broad and unduly burdensome, especially given that discovery is closed, summary judgment has been briefed and the parties need to be working on their pretrial submissions. (And of course, you have now filed a motion and brief to supplement summary judgment that requires a response.) I recognize that the court allowed one more targeted search but this is not targeted.

Further, while we will try to determine the results for filtering out hits from prior productions, we do not believe that will be sufficient given these large numbers.

Your suggestion that we just produce documents without reviewing them with a claw back is not acceptable. I know of no attorney that would do that. I have a responsibility to my client to review documents before production, especially as your request covers the time period of Edgewood's first lawsuit against the City.

What I know is that we have made a suggestion to make the search more targeted. While you have criticized and rejected that suggestion, you have not offered any limit in return.

I believe we are at an impasse. Unless you are willing to propose or agree to a more targeted search, we should probably just put the issue to Magistrate Judge Crocker.



**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Monday, September 19, 2022 6:13 PM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

EHS cannot agree to the search limitations you've proposed.

Both of the modifications the City is suggesting – (a) requiring "@cityofmadison.com" be in both the "to" and "from" fields and (b) qualifying the "permit" search term with "light*" and "electrical" – will clearly exclude responsive, relevant documents.

The domain limitation will exclude two types of relevant information. First, by searching only the emails themselves, it will exclude search term "hits" that appear in attachments but where the search terms themselves do not appear in the forwarding email. For example, CITY-DEF-052752-052753 (Tucker's 3/11/19 memo to Hank and the forwarding email) would not have hit in your search. Second, it will exclude "hits" that are from or to third parties not employed by the City of Madison. While purely internal communications were notably absent from the City's prior productions, they were not our only concern and the existence of relevant external communications not previously produced was certainly highlighted in the August 17 production. For example, the City's proposed domain limitation would have excluded Alder Evers's August 22, 2019 communication with Ethan Brodsky in CITY-DEF-052801, George Hank's March 7 communication to Ethan Brodsky in CITY-DEF-052788, and Alan Harper's March 14, 2019 email to Jennifer Luhman in CITY-DEF-052785.

Narrowing the "permit" search term to require that it be connected with "light*" or "electrical" will necessarily exclude almost 2000 (or 75%) of the 2,599 documents that otherwise contain "Edgewood OR EHS" and "permit." These documents are from the critical custodians during the most relevant year. Such a search would not have caught the Alan Harper email, which doesn't use the City's suggested phraseology but instead contains "Edgewood permit" (which would not "hit" your proposed search). Indeed, the City's August 17 and September 2 productions are full of references to alternative formulations – "lighting plans," "lighting projects," and "lighting applications" -- but which contain only limited references to the City's proposed search formulation.

The goal of this exercise is to narrow the number of documents to review by reducing the ***false*** "hits." The City's searches reduce the number of documents for review at the clear risk of excluding large numbers of relevant, responsive documents. The City has not described any categories of false hits for "Edgewood OR EHS" AND "permit." EHS's proposed searches are narrowed from those the City was concerned with in March and yielded hit results near the presumptive 10,000 hit cutoff identified by Judge Crocker (EHS does not understand or agree with the City's apparent preoccupation with page count – this case has demonstrated repeated lengthy attachments that inflate page counts.)

Finally, the City can filter out the "hits" that were produced in its prior productions. The City has produced large numbers of emails to the City from supporters and opponents of EHS's field enhancements. The "hits" you are reporting certainly contain some duplication. The City's review can also be expedited by filtering for and segregating documents with potential privilege. If you eliminate the duplication and principally review for privilege, the burden of review falls largely on EHS. We would agree to a clawback, of course, for any inadvertent disclosure of privileged documents not caught in your privilege filter / screening.

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com



*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

---

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Monday, September 19, 2022 3:53 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

---

Jonathon,

I have the results from the two searches you requested. The difference in the number of documents with families is 1,909 documents and 26,188 pages.

(Edgewood OR EHS) AND permit returns 2,599 documents and 35,422 pages.

(Edgewood OR EHS) AND ("light* permit" OR "electrical permit") returns 690 docs and 9,234 pages.

Let me know if we should run the search that we proposed last week.



**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

---

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Friday, September 16, 2022 2:45 PM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Correct. You've proposed to narrow that part of the search related to the "permit" and we are looking to understand the impact of whatyou are proposing.

In addition, regarding the number of "hits," you should be able to reduce the number of "hits" by filtering out what you've already produced and/or reviewed / found non-responsive.

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

GODFREY KAHN S.C.
*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Thursday, September 15, 2022 3:02 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathon,

I believe I understand but to avoid doubt, you want to know the difference in the number of documents with families between:

(Edgewood OR EHS) AND permit

versus

("light* permit" OR "electrical permit") — (Edgewood OR EHS) AND ("light* permit" OR "electrical permit")

Is that correct?

Sarah



**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Thursday, September 15, 2022 10:57 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

No problem. I wrote:

*The suggested search revisions would exclude a search for ("Edgewood" OR "EHS") AND "permit." Without the suggested domain limitations you are proposing, what is the "hit" total, inclusive of families, for that search versus with what you are proposing – ("Edgewood" OR "EHS") AND ("light* permit" OR "electrical permit")?*

I assume that you are seeking to limit that part of the search related to "permit" to ("light* permit" OR "electrical permit") because you are saying that searching "Edgewood" AND "permit" is resulting in irrelevant false hits. I'm asking to see the comparative number of "hits" (w/ families) to determine the materiality of this issue. In other words, how many "hits" are eliminated by switching to your proposed language: ("light* permit" OR "electrical permit")

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

GODFREY KAHN S.C.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

---

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Thursday, September 15, 2022 10:49 AM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

---

Can you clarify? I am not understanding. I thought your question was what is the result if we run the search we proposed but did not include the limit that "@cityofmadison.com" be in both the "to" domain and the "from" domain.



SARAH A. ZYLSTRA (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Thursday, September 15, 2022 10:27 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Thanks, Sarah.

We'll give this some thought. However, please take a look again at my third question – I don't think you answered it. It did not relate to the domain limitations, but to the impact of your variance on the "permit" term-related searches.

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

GODFREY KAHN S.C.
*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

---

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Thursday, September 15, 2022 9:24 AM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

---

Jonathon,

Thank you for your questions. Your questions caused us to go back and re-examine the results from your original search. To clarify, the results from your original search with families is 11,599 documents and 62,854 pages.

In answer to your questions:

1. The 11,599 documents includes families.
2. That is correct, we believe this search would not hit any documents unless they were attached to an email that hit. We have understood that your goal with this discovery was to find more internal emails, so we crafted a search that was targeted at internal emails.
3. Without the domain limitations, the total number of hits with our proposed search terms is 8,632 documents totaling 56,580 pages. We believe that it is too burdensome to review.

Sarah



**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Wednesday, September 14, 2022 10:26 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]
**Importance:** High

Sarah:

Thanks for the summary. A couple of follow-up questions to better understand what you are proposing and to give us a bit more transparency:

1. Are 9,076 hits you identified the raw total hits or does it include the "families" (i.e., emails and attachments)?
2. Won't the domain limitations you are proposing act to exclude attachment "hits" where the domain limitations are not met by the underlying email?
3. The suggested search revisions would exclude a search for ("Edgewood" OR "EHS") AND "permit." Without the suggested domain limitations you are proposing, what is the "hit" total, inclusive of families, for that search versus with what you are proposing – ("Edgewood" OR "EHS") AND ("light* permit" OR "electrical permit")?

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com
GODFREY KAHN S.C.
*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Tuesday, September 13, 2022 1:51 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathon,

Thank you for your patience as we have worked through the search. The City has run the search you requested. We have not yet run the search for the two personal email accounts you requested (Rummel's gmail and Evers' personal). We wanted to wait and get consensus on the search before asking those custodians to run it on their personal email accounts.

The total number of documents on the other custodians is 9,076 and total number of pages is 23,196.

We believe those numbers are still too high. We are suggesting limiting the search to the following text:

(Edgewood OR EHS) AND ("master plan" OR "light* permit" OR "electrical permit" OR light* OR ordinance)

and requiring that "@cityofmadison.com" be in both the "to" domain and the "from" domain. This would reduce the amount to 2,766 documents and 10,132 pages.

We note that the word permit can be both a noun and a common verb and therefore we have tried to limit that reference to the noun.

Please let us know your thoughts.

Sarah



**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Wednesday, September 7, 2022 9:29 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>
**Subject:** EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

Here is EHS's proposal on the supplemental search ordered by the Court.

1. Limit time to October 1, 2018 through December 1, 2019.
2. Custodians.
    a. Hank
    b. Tucker
    c. Parks
    d. Stouder
    e. Moskowitz
    f. Thiele
    g. General Building Inspection email
    h. Rewey (new)
    i. Harper (new)
    j. Strange
    k. Evers' personal
    l. District 13 (Evers)
    m. District 2 (Heck)
    n. District 6 (Rummel)
    o. District 5 (Bidar)
    p. Rummel's gmail
3. Search terms:

(Edgewood OR EHS) AND (“master plan” OR permit OR light* OR field OR stadium OR ordinance)

Please let me know your thoughts. We are happy to review preliminary “hit” counts with you and discuss any appropriate adjustments.

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

**GODFREY KAHN S.C.**

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.