UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

EDGEWOOD HIGH SCHOOL OF THE
SACRED HEART, INC.,

          Case No. 3:21-cv-00118-wmc

     Plaintiff,

 v.

CITY OF MADISON, WISCONSIN, *et al.*,

     Defendants.

---

## DECLARATION OF JONATHAN R. INGRISANO

---

I, Jonathan R. Ingrisano, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am one of the attorneys for Edgewood High School of the Sacred Heart, Inc. ("EHS") in the above captioned matter.  I make this declaration on personal knowledge and on my knowledge and familiarity with the activities and records in this case.

2.  Attached hereto as <u>Exhibit A</u> is a true and correct copy of an email stream of the parties' search term negotiations and discussions beginning on September 7 through the date and time of this declaration's execution.

3.  Attached hereto as <u>Exhibit B</u>  is a true and correct copy of an email stream between the parties in which the City on January 20, 2022 described its available MINUS or "but not" search functionality.  Despite identifying it in January, the City has never proposed using it.  I recognized the MINUS functionality late in this process after reviewing earlier correspondence and raised with the City incorporating it into the parties' search criteria to reduce false or irrelevant hits.  The City has agreed to that to date.

4.  Attached hereto as <u>Exhibit C</u>  is a true and correct copy of an email stream in which the City provided pdf examples of what it contended were "false" or irrelevant hits during

its testing of EHS's proposed search terms.  In reviewing the eight pdfs attached as example "false hits," I searched them for "Edgewood" and determined that six of the eight "false" hits would have been eliminated with MINUS / "but not" searching, including "Edgewood Ave," "Edgewood College," "Edgewood Dr*" and domain references to "Edgewood" unrelated to EHS.  Two of the "false" hit pdfs totaled together more than 600 pages.

5.      I have practiced commercial litigation for over twenty years.  I have been involved in significant electronic discovery during my career and am conversant with e-discovery practice.  Based on this, and upon conferring with my firm's litigation support specialist, I am aware of no impediment to the City's attorneys' filtering from its review sets those documents that have already been produced.  The Boardman firm, like most sophisticated and sizable law firms, certainly has litigation document review and management software, such as FTK or Relativity, that easily facilitates such de-duplication.  I am aware of no technical reason why this cannot or has not yet been done with regard to the City's search efforts.

I declare under penalty of perjury that the foregoing is true and correct.

 Executed this 27th day of September, 2022.

_s/Jonathan R. Ingrisano_
Jonathan R. Ingrisano

27959194.2

2