# EXHIBIT A

# EXHIBIT A

| | |
|---|---|
| **From:** | Ingrisano, Jonathan |
| **Sent:** | Tuesday, September 27, 2022 10:08 AM |
| **To:** | Sarah A. Zylstra |
| **Cc:** | Tanner G. Jean-Louis; Noel Sterett; Wittenwyler, Mike; Knapp, Bruce |
| **Subject:** | RE: EHS -- revised key word search [GK-Active.FID3018047] |

Sarah:

I'm sorry that my confusion and disagreement was interpreted as scorn.  That was not my intention.

To clarify, you've run repeated searches because I repeatedly revised my proposed search criteria to find compromise and to allow you to test the search results.  To no avail.

EHS and the City both produced their documents as searchable image files.  Neither produced metadata.  Thank you for clarifying that my client and my firm did not affirmatively remove metadata nor did it otherwise act improperly with respect to our documents.

I will proceed with the understanding that your search criteria remains as it did on September 14.

Thank you.

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

**GODFREY&KAHN**S.C.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Tuesday, September 27, 2022 9:50 AM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Cc:** Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>; Noel Sterett <nsterett@daltontomich.com>; Wittenwyler, Mike <mwittenw@gklaw.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathon,

In responding to your email late last night, your criticism of our searching is unwarranted.  We have run every search you have requested (I believe 8 so far) and the two alternatives we've suggested to try to limit the search have been met with scorn.

We will run the three new searches you request below (as revised by your second email) and let you know the results.

As for the parties' production, the City did not produce tiff format images but searchable pdfs that were bate stamped.  My statement in my declaration that you have not produced load files is a true statement as you have confirmed.  The statement was not meant to suggest that you were required to or anything nefarious by Edgewood but only that we

1

could not try to filter documents in other ways that might reduce the count.  I did not suggest or imply that the City had produced load files but had you asked for such and were amenable to do the same, I would have provided those.

In terms of load files, we did make a request for that as it relates to the Wood Communication and Vandewalle documents, which were documents that we subpoenaed but that you reviewed first for privilege.  In producing those, you gave us pdfs without metadata for us to be able to organize those chronologically.  We believe that likely received native files and because of that, you can review those chronologically but we cannot.  Despite asking twice for a load file for those documents, you did not provide one.

The City's position remains the same because we haven't been able to reach agreement on any proposal but we are continuing to work with you to try to reach agreement.

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Tuesday, September 27, 2022 9:36 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Cc:** Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>; Noel Sterett <nsterett@daltontomich.com>; Wittenwyler, Mike <mwittenw@gklaw.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

I have to put my submission to bed by 10:30 this morning.  If I don't hear from you before then, I will assume that your position remains the same, at least for the time being.

As I understand it, your proposed search criteria remains the same as you expressed on September 14.  If the City has revised its position from the "to/from" domain requirements and the "light* permit" and "electrical permit" criteria you expressed that day, please let me know.

My proposal is set forth in my email below from last night (and includes the 12 month scope and 9 custodians described earlier).  The only addition is that I would include "Edgewood Dr*" as a MINUS term and revise #2 to be "Edgewood* permit" to capture any references to the possessive.

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

# GODFREY║KAHN s.c.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Ingrisano, Jonathan
**Sent:** Monday, September 26, 2022 10:25 PM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Cc:** Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>; Noel Sterett <nsterett@daltontomich.com>; Wittenwyler, Mike <mwittenw@gklaw.com>; Knapp, Bruce <bknapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

The MINUS functionality gives you the ability to more narrowly exclude the "false" / irrelevant hits that you are complaining about but that you have chosen to remedy by not searching outside emails or attachments.  It is aggravating that I have to both remind you of your own functionality and attempt to craft the searches using it.  You are more familiar with the "false" / irrelevant hits and should craft the resulting search.  Nevertheless:

1.  (Edgewood OR EHS) AND permit AND (light* OR field OR Goodman OR stadium OR electric* OR appli*) MINUS ("Edgewood Ave*" OR "Edgewood College" OR "Edgewood Campus School" OR "permitting" or "permitted")

2.  "Edgewood permit"

3.  (Edgewood OR EHS) AND ("master plan" OR ordinance) MINUS ("Edgewood Ave*" OR "Edgewood College" or "Edgewood Campus School")

Using MINUS, I assume that a document will only be excluded if the MINUS term, "Edgewood Ave" for example, is the only "Edgewood" term that hits.  In other words, if "Edgewood," "master plan," and "Edgewood Ave" are all in document it will still register as a "hit."  Let me know if that is not the case.  You should farm the Arnsten listservs / newsletters for terms that could be used to excluded them.  I can't – I am not familiar with them.  Were the results of searches 1-3 above de-duped against each other to avoid double counting?

The City should concentrate on filtering out its own previously produced documents to avoid duplication.  What you raise below -- filtering out documents that both parties happened to receive and thus that resides with Plaintiff's and Defendant's custodians -- is a different issue that hasn't been raised until now.  The City first produced documents and did so in tiff format without load files.  EHS followed suit and no party has had the benefit of the novel process you are suggesting.  I'll confirm with my litigation support specialist, but I don't believe I have ever heard of filtering one's own document production against another in the manner you suggest.  (On a related note, your affidavit's statement that EHS did not provide load files and instead "removed the metadata of all its records before production" is a blatant misrepresentation that I expect you to correct.  All parties produced tiff images without load files, starting with the City, and thus no party produced metadata.)

The City's ever-shifting numbers don't inspire confidence.  And even considering the Stouder .pst issue you cite, it still doesn't make sense that the search criteria today (versus September 7) resulted in 6,350 fewer documents and only 7,821 fewer pages.

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

# GODFREY║KAHN s.c.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If*

*you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Monday, September 26, 2022 9:07 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Cc:** Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>; Noel Sterett <nsterett@daltontomich.com>; Wittenwyler, Mike <mwittenw@gklaw.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathon,

We have proposed searches that we believe were targeted to what you were trying to achieve.  If I am understanding, you want another search run that includes a MINUS out "Edgewood Ave*," "Edgewood College," "Edgewood campus school," "permitted" and "permitting."  What search do you want these "minused out" from?  It would easier if you could please tell me the exact search you want done.

I am not sure what your confusion is surrounding my affidavit.  My point was only this. To the extent that a document that contains the words, Edgewood AND "master plan" for example, that would be responsive your latest search and that happened to be a document that an Edgewood supporter sent to City officials but also sent to Edgewood, it could be in the Edgewood production to the City.  If so, and we had a load file from you, we could have potentially filtered the number of documents that were responsive from your broad search and removed those that were already produced by either party so there were less hits to review.

As to the page count issue, the problem was with the Heather Stouder pst. Because of a technical issue, the numbers we reported out initially (11,599 documents and 62,854 pages) did not capture fully all of the Heather Stouder emails.  It has since been fixed. Running the original search again with the corrected Heather Stouder pst results in 13,419 documents totaling 68,171 pages.  As a result, the 7,069 documents totaling 60,350 pages is correct.

**BoardmanClark**

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Monday, September 26, 2022 6:15 PM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Cc:** Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>; Noel Sterett <nsterett@daltontomich.com>; Wittenwyler, Mike <mwittenw@gklaw.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

To confirm, my most recent search revision resulted in 7,069 hits with families.

Today, in reviewing the parties' communications on these issues, I noted your January 20, 2022 correspondence on your search functionality. I don't understand why you have not proposed reducing "false" / irrelevant hits using the MINUS feature you previously identified, which you said "operates similar to a but not." If you MINUS out "Edgewood Ave*," "Edgewood College," "Edgewood campus school," "permitted" and "permitting" this should substantially reduce the "false / irrelevant hits you've identified so far. EHS would have no objection to utilizing this functionality. I would expect that functionality would also be useful in reducing the Arnsten listserv/newsletter hits.

Your contentions regarding removing documents that have been produced don't make sense to me. Given paragraph 4 of your affidavit, it sounds like you are saying that the 7,069 hits with families includes documents *EHS* produced in discovery in this litigation. How can that be? How can our discovery production have gotten into your system such that the two are being searched together? Honestly, I have never heard of such a thing and I'm hard pressed to understand any reason that this should have occurred. Similarly, I don't understand how Boardman's litigation document database cannot de-dupe against what the City itself has already produced. To our knowledge, all of the doc review / litigation database software (FTK, Relativity, etc.) has this functionality. If the 300-500 dupe estimate is accurate, given the page length of the City's average document produced, I believe de-duping could reduce your page count issue by more than 20,000 pages.

With respect to Arnsten, again I think the MINUS function identified should substantially reduce the listserv/newsletter issue you say you are seeing. As Tag Evers's predecessor in the district during key events, I don't think we can just exclude him.

Finally, I don't understand your page counts. You said on September 15 that our original September 7 search with families was 11,599 documents, spanning 62,854 pages. However, per your email this afternoon, my most recent search yields 7,069 documents totaling 60,350 pages. The search reduced documents (hits with families) by 4,530. But pages were reduced by only 2,504. Assuming every document must be at least one page, I don't understand how narrowing the search could reduce the number of documents *by more than* the number of pages. Something is amiss.

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

# GODFREY&KAHN s.c.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Monday, September 26, 2022 4:07 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Cc:** Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>; Noel Sterett <nsterett@daltontomich.com>; Wittenwyler, Mike <mwittenw@gklaw.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathon,

The results of your search with families are follows:

a.   (Edgewood OR EHS) AND permit AND (light* OR field OR Goodman OR stadium OR electric* OR appli*)

1,502 docs 26,309 pages

b.   "Edgewood permit"

4 docs 10 pages

c.   (Edgewood OR EHS) AND ("master plan" OR ordinance)

5,563 docs 34,031 pages

The total number is 7,069 documents totaling 60,350 pages

We are still working on removing documents that have been produced but we do not expect it to reduce the numbers by more than 300-500 documents.

It is correct that the aldermanic emails carried over between alders, and that Eskrich, Arnsten, and Evers all had the same email address (district13@cityofmadison.com). That is exactly why we suggested narrowing the time period so that only Alder Evers' emails are included. We cannot limit Alder Arnsten's emails to just "from" him without also applying that limit to Alder Evers, which we understand that you do not want to do.  Therefore, the search as it is being run currently captures Alder Arnsten's "to" emails as well as "from" etc.  Alder Arnsten had a number of newsletter/listserv type emails.  We believe that Alder Arnsten's emails have less probative value, which is why we suggested the limit we did.

We believe the limit we proposed about having the search apply once Alder Evers took office reduces the total numbers by about 1,300 documents.  We believe the 7,000+ number is still too high.  Taking it down by 1,300 as well as removing the production makes it a more manageable number.

Sarah

**BoardmanClark**

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Monday, September 26, 2022 1:13 PM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Cc:** Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>; Noel Sterett <nsterett@daltontomich.com>; Wittenwyler,

Mike <mwittenw@gklaw.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

That is not correct. You had led us to believe that the aldermanic emails were by district and that same email domain carried over between alders. Allen Arnsten was the interim alder from August 7, 2018 through April 16, 2019, and who we know had relevant communications related to EHS's efforts during that period of time. He would have been the relevant alder during the first six months of the search period, and thus was the alder during the periods of key events, including October 2018 and February / March 2019. I don't think searching the District 13 email for the whole year period poses a burden, particularly when the City has produced emails from another District 13 alder, Sara Eskrich, who preceded even Arnsten.

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

**GODFREY**｜**KAHN**ˢ·ᶜ·

This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Monday, September 26, 2022 12:47 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Cc:** Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>; Noel Sterett <nsterett@daltontomich.com>; Wittenwyler, Mike <mwittenw@gklaw.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** Re: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathan,

We are experiencing a technical issue with Heather Stouder's PST file. We are working to resolve it as quickly as possible and hope to get an answer to you this afternoon. In the meantime, we were hoping for clarification on one issue: among your narrowed custodians, you list 'District 13 (Evers).' I take that to mean you are most interested in Alder Evers, and not previous alders. The District 13 email address was used by all District 13 alders, so the PST contains documents and communications belonging to previous alders. If we limit the search of the District 13 PST to the time period between April 10, 2019 (the date Alder Evers took office) and October 15, 2019, we believe that could help narrow the number of documents. Is that acceptable?

Thank you,
Sarah

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT <u>+1 608-283-1741</u>
PHONE <u>608-257-9521</u>
FAX <u>608-283-1709</u>
<u>SZYLSTRA@BOARDMANCLARK.COM</u>
<u>BOARDMANCLARK.COM</u>

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at <u>szylstra@boardmanclark.com</u> or via telephone at <u>(608) 257-9521</u>. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Sarah A. Zylstra
**Sent:** Monday, September 26, 2022 10:18:33 AM
**To:** Ingrisano, Jonathan <<u>jingrisa@gklaw.com</u>>
**Cc:** Tanner G. Jean-Louis <<u>TJeanLouis@boardmanclark.com</u>>; Noel Sterett <<u>nsterett@daltontomich.com</u>>; Knapp, Bruce <<u>BKnapp@gklaw.com</u>>; Wittenwyler, Mike <<u>mwittenw@gklaw.com</u>>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

We have been working on these searches this morning but had a few technical glitches.  We will get you the results as soon as possible.  We are cognizant of your deadline and we have prioritized this.



**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at <u>szylstra@boardmanclark.com</u> or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <<u>jingrisa@gklaw.com</u>>
**Sent:** Monday, September 26, 2022 8:11 AM
**To:** Sarah A. Zylstra <<u>szylstra@boardmanclark.com</u>>
**Cc:** Tanner G. Jean-Louis <<u>TJeanLouis@boardmanclark.com</u>>; Noel Sterett <<u>nsterett@daltontomich.com</u>>; Knapp, Bruce <<u>BKnapp@gklaw.com</u>>; Wittenwyler, Mike <<u>mwittenw@gklaw.com</u>>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]
**Importance:** High

Sarah:

I find it hard to believe that the revised searches we proposed last week yielded only a reduction of 67 documents (11,599 hits w/ families as of 9/14 versus 11,532 as of 9/23).  I also don't understand why you can't run the Alder limitation we've proposed given your stated ability and desire to restrict searches that are to or from the "cityofmadison.com" domain.

To date, you've proposed no compromise from your September 13 search limitations. I don't believe the problems with you revised search, which I communicated on September 19, are disputed – that it will exclude relevant outside communications, attachments, and 75% of the hits in the "permit"-related search.

As a final compromise, EHS will suggest the following:

1. Reduce the custodians to nine (Hank, Tucker, Parks, Stouder, Strange, District 13 (Evers), District 2 (Heck), District 6 (Rummel) and District 5 (Bidar). Further, only the "from" emails and attachments from Districts 2, 6 and 5 emails would need to be searched. Note that 27 custodians were originally included in your March 11, 2022 searches, and 16 were included in our September 7 proposed terms.

2. Reduce the time period by almost two months – from October 1, 2018 to October 15, 2019. This will still cover the key event upon which EHS's claims are predicated:
   a. Tucker's 10/18 "no games" determination.
   b. EHS's 2/19 permit application and the City's non-issuance
   c. The April/May 2019 notices of violation
   d. The ZBA appeal denial in July 2019
   e. The August 2019 Evers ordinance and the EHS Master Plan repeal, and the related legislative proceedings until the Evers ordinance was enacted.
   As it stands now, this critical year period (10/18 though 10/19) has not functionally been searched under the five limited searches you apparently undertook in March.

3. Revise the search and break it out given the City's claimed limitations on search functionality, de-duping across the searches:
   a. (Edgewood or EHS) AND permit AND (light* OR field OR Goodman OR stadium OR electric* or appli*) [This drops "games," "athletics" and "practice."]
   b. "Edgewood permit"
   c. (Edgewood or EHS) AND ("master plan" OR ordinance)) [This drops "light*, "field" and "stadium."]

Finally, while we believe these revised searches should substantially reduce the page counts you are saying are unreasonable, we continue to dispute that page counts are relevant. Page counts are a poor indicator of burden. For example, the eight examples of "false" / irrelevant hits you forwarded on September 23 included three clearly irrelevant attachments with page counts numbering 75, 244 and 265 pages each. Such documents may inflate the "page count" but pose no true review burden.

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

**GODFREY & KAHN** S.C.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Friday, September 23, 2022 4:58 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Cc:** Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathon,

It results in more hits because some of the documents in the first search are also contained in the second search.  We ran them separately.  I believe if you combine them and remove the overlap the total is 11,532 docs and 62,755 pages.

In terms of the Alder limitation, we are still trying to figure that out and will get back to you on that as soon as we can.

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741                  BOARDMAN & CLARK LLP
PHONE 608-257-9521                       1 SOUTH PINCKNEY ST STE 410
FAX 608-283-1709                         PO BOX 927
SZYLSTRA@BOARDMANCLARK.COM               MADISON, WI 53701-0927
BOARDMANCLARK.COM

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Friday, September 23, 2022 4:32 PM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Cc:** Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** Re: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

How did narrowing the searches result in more hits?  And do you apply the limitations on the alders' emails discussed below?

Jonathan Ingrisano
Godfrey & Kahn, S.C.

> On Sep 23, 2022, at 4:07 PM, Sarah A. Zylstra <szylstra@boardmanclark.com> wrote:

**[EXTERNAL] This message originated from outside your domain.**

Jonathon,

The City has run the two searches.  Here are the results.

1.  ((Edgewood OR EHS) AND permit AND (light* OR field OR Goodman OR stadium OR electric* OR games OR athletic OR appli* OR practice OR class)) OR "Edgewood permit"

    2,495 docs w/ families totaling 35,254 pages

2.  (Edgewood OR EHS) AND ("master plan" OR light* OR field OR stadium OR ordinance)

11,378 docs w/ families totaling 62,203 pages

Sarah

**SARAH A. ZYLSTRA (SHE/HER)**
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Sarah A. Zylstra
**Sent:** Friday, September 23, 2022 2:28 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltonmich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Jonathon,

Here are some samples relating to the word permit.

**SARAH A. ZYLSTRA (SHE/HER)**
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Sarah A. Zylstra
**Sent:** Friday, September 23, 2022 11:48 AM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltonmich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler,

Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Jonathon,

We will get you some samples regarding the word permit.

We will run the two new searches and let you know the results (hopefully later this afternoon).

In addition, we will continue to work with you on any further refinement of the search.  However, we still feel we need to get a motion on file today.  It is now less than 30 days from the deadline of production.  By the time we brief the issues and Magistrate Crocker decides them, at best we will have 3 weeks to respond and may have less than that.  We are happy to withdraw the motion if we can come to agreement while it is pending.

Thanks,

Sarah

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Friday, September 23, 2022 10:24 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

Given the additional detail you provided, and further given the limitations you've acknowledge in the City's search capabilities, we would suggest the following:

First, we could break up the single search into two to narrow the "permit" search.

1. ((Edgewood OR EHS) AND permit AND (light* OR field OR Goodman OR stadium OR electric* OR games OR athletic OR appli* OR practice OR class)) OR "Edgewood permit"

    2.   (Edgewood OR EHS) AND ("master plan" OR light* OR field OR stadium OR ordinance)

Second, EHS would agree that for the City alders' inboxes – except Tag's – you can restrict the searches to those that are "from" or "cc / bcc" the alder accounts. This will eliminate all of that 20% of the emails received from constituents, but would still capture the alders' responses, forwards, and internal emails.

Third, the City should be able to de-dupe its hits from those it has already produced.

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

**GODFREY KAHN** S.C.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Ingrisano, Jonathan
**Sent:** Friday, September 23, 2022 9:51 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltontmich.com>; Knapp, Bruce <bknapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

Based on some of the new details you are providing below, I am exploring some alternative searches and will have something for you today. As part of that, can you give me some examples of where ("Edgewood OR "EHS") AND "permit" was overly inclusive within that date range?

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

**GODFREY KAHN** S.C.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Thursday, September 22, 2022 4:00 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltontmich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathan,

There is nothing unilateral about this impasse. We ran your search, we gave you the results and offered an alternative to narrow the results. You asked follow-up questions, which amounted to us running additional searches and provided those results to you. And, despite all of this, you still have not offered any alternative and simply note that the 11,000+ documents was close to the 10,000 number that Magistrate Crocker mentioned at the hearing. You offered no new search to run and no further limit. That is an impasse.

At this point in the litigation, your focus on 'false' hits is misguided, the goal of this exercise is to ensure that the search is **targeted**. Discovery in general needs to be proportional and not unduly burdensome and that balance is especially important at this stage of the litigation where discovery is closed, pretrial filing deadlines are approaching, and we are now responding to your new motion to supplement your summary judgment filings.

Your search requesting every document that mentions Edgewood and either the master plan, lights, permits, or an ordinance is simply too broad and the results bear that out. This one search, as written, amounts to a near a do-over of discovery packed into one huge search. You sought to redo discovery with your motion to compel but the Court did not allow that. Magistrate Judge Crocker specifically said that the Court would not allow expansive discovery but wanted a targeted search. Moreover, while the court noted that it would not allow a search returning 10,000 documents and if such were the result, the City was not going to have to comply, that was by no means a decision that anything under 10,000 was fair game.

In any event, we have already indicated to you that the word 'permit' was overinclusive. Thus, our proposal to narrow that. In addition, the term 'Edgewood' itself is problematic as it is a street name and it is also in the domain for anyone using an Edgewood email account. But obviously, this is not a term that can be filtered out.

Another problem with the search relates to how constituents both supporting and opposing Edgewood sent comments to the City. Many sent separate emails to different City employees. Because they sent them to different employees, while the text is the much the same, the emails are not and thus, they are not duplicates. Further, most of those emails from constituents have been produced as part of the Legistar record but because how they were produced in Legistar, they cannot be filtered out of the production as duplicates. Finally, after constituents were emailing multiple City employees with the same email generally, one City employee had an out of office reply that indicated that if the person was sending an email to comment on the Edgewood matter, to please not resend their email messages to avoid adding to/confusing the record. While we have not reviewed a statistically significant sample, from the records we have reviewed, we believe the emails from constituents may exceed 20% of the records.

There are also newsletter/listervs from successive Alders (primarily Allen Arntsen) broadly discussing happenings in District 13, which mention upcoming Edgewood meetings/hearings that are occurring and what is on the agendas, etc.

A good portion of these type of documents are not **false** hits per se but simply have little to no probative value given the circumstances.

In the motion to the Court seeking this discovery and your oral argument to the Magistrate, your primary claimed justification for additional searching was the lack of internal emails. Our proposed search specifically targeted that and such will be a significant burden on its own as it contains 2,766 documents totaling 10,132 pages. We need time to review and turn around those documents and we are now less than 30 days from our deadline. Unless you will agree to a narrower, more proportional search, we can wait no longer to put the issue to the Court and will plan to do so.

Sarah



**BoardmanClark**

### SARAH A. ZYLSTRA (SHE/HER)
ATTORNEY

| | |
|---|---|
| DIRECT +1 608-283-1741 | BOARDMAN & CLARK LLP |
| PHONE 608-257-9521 | 1 SOUTH PINCKNEY ST STE 410 |
| FAX 608-283-1709 | PO BOX 927 |
| SZYLSTRA@BOARDMANCLARK.COM | MADISON, WI 53701-0927 |
| BOARDMANCLARK.COM | |

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Wednesday, September 21, 2022 9:14 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

It is important to note that you want to want to exclude relevant documents but are unwilling or unable to identify where my tailored search terms – which included narrowed custodians, narrowed timeframe, and narrowed terms from March 11 – produce false or irrelevant hits.  As I noted below, your narrowed search would exclude (a) relevant external communications, (b) attachment hits, and (c) 75% of the hits generated by "Edgewood OR EHS" AND "permit," and you are aren't being transparent as to why that is appropriate.  Without an understanding of any false hits you are getting, the page counts are pointless.  **We of course would be willing to further tailor a search to exclude false and irrelevant hits, but we can't do that in the dark.**  Conversely, your proposed revisions would have the effect to exclude more than false positives.

And if filtering against your prior productions won't significantly reduce the hits, that is actually just a confirmation of the insufficiency of the original searches.

You've unilaterally declared an impasse.  Please follow-up by either expeditiously identifying false hits or immediately moving for relief.

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

**GODFREY & KAHN** s.c.

This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-

*3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Tuesday, September 20, 2022 8:25 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathon,

We do believe the word permit is overinclusive as we explained.  It is of course true that for any search, using a limit might mean that a document that is relevant might be excluded.  That is not a basis for rejecting the proposed search.

I have explained that we believe your proposed search that involves 16 proposed custodians and returns 11,599 documents and 62,854 pages is overly broad and unduly burdensome, especially given that discovery is closed, summary judgment has been briefed and the parties need to be working on their pretrial submissions.  (And of course, you have now filed a motion and brief to supplement summary judgment that requires a response.)  I recognize that the court allowed one more targeted search but this is not targeted.

Further, while we will try to determine the results for filtering out hits from prior productions, we do not believe that will be sufficient given these large numbers.

Your suggestion that we just produce documents without reviewing them with a claw back is not acceptable.  I know of no attorney that would do that.  I have a responsibility to my client to review documents before production, especially as your request covers the time period of Edgewood's first lawsuit against the City.

What I know is that we have made a suggestion to make the search more targeted.  While you have criticized and rejected that suggestion, you have not offered any limit in return.

I believe we are at an impasse. Unless you are willing to propose or agree to a more targeted search, we should probably just put the issue to Magistrate Judge Crocker.

**BoardmanClark**

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify

us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Monday, September 19, 2022 6:13 PM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>; Wittenwyler, Mike <mwittenw@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

EHS cannot agree to the search limitations you've proposed.

Both of the modifications the City is suggesting – (a) requiring "@cityofmadison.com" be in both the "to" and "from" fields and (b) qualifying the "permit" search term with "light*" and "electrical" – will clearly exclude responsive, relevant documents.

The domain limitation will exclude two types of relevant information.  First, by searching only the emails themselves, it will exclude search term "hits" that appear in attachments but where the search terms themselves do not appear in the forwarding email.  For example, CITY-DEF-052752-052753 (Tucker's 3/11/19 memo to Hank and the forwarding email) would not have hit in your search.  Second, it will exclude "hits" that are from or to third parties not employed by the City of Madison.  While purely internal communications were notably absent from the City's prior productions, they were not our only concern and the existence of relevant external communications not previously produced was certainly highlighted in the August 17 production.  For example, the City's proposed domain limitation would have excluded Alder Evers's August 22, 2019 communication with Ethan Brodsky in CITY-DEF-052801, George Hank's March 7 communication to Ethan Brodsky in CITY-DEF-052788, and Alan Harper's March 14, 2019 email to Jennifer Luhman in CITY-DEF-052785.

Narrowing the "permit" search term to require that it be connected with "light*" or "electrical" will necessarily exclude almost 2000 (or 75%) of the 2,599 documents that otherwise contain "Edgewood OR EHS" and "permit."  These documents are from the critical custodians during the most relevant year.  Such a search would not have caught the Alan Harper email, which doesn't use the City's suggested phraseology but instead contains "Edgewood permit" (which would not "hit" your proposed search).  Indeed, the City's August 17 and September 2 productions are full of references to alternative formulations – "lighting plans," "lighting projects," and "lighting applications" -- but which contain only limited references to the City's proposed search formulation.

The goal of this exercise is to narrow the number of documents to review by reducing the ***false*** "hits."  The City's searches reduce the number of documents for review at the clear risk of excluding large numbers of relevant, responsive documents.  The City has not described any categories of false hits for "Edgewood OR EHS" AND "permit."  EHS's proposed searches are narrowed from those the City was concerned with in March and yielded hit results near the presumptive 10,000 hit cutoff identified by Judge Crocker  (EHS does not understand or agree with the City's apparent preoccupation with page count – this case has demonstrated repeated lengthy attachments that inflate page counts.)

Finally, the City can filter out the "hits" that were produced in its prior productions.  The City has produced large numbers of emails to the City from supporters and opponents of EHS's field enhancements.  The "hits" you are reporting certainly contain some duplication.  The City's review can also be expedited by filtering for and segregating documents with potential privilege.  If you eliminate the duplication and principally review for privilege, the burden of review falls largely on EHS.  We would

agree to a clawback, of course, for any inadvertent disclosure of privileged documents not caught in your privilege filter / screening.

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

# GODFREY&KAHN s.c.

This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Monday, September 19, 2022 3:53 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathon,

I have the results from the two searches you requested. The difference in the number of documents with families is 1,909 documents and 26,188 pages.

(Edgewood OR EHS) AND permit returns 2,599 documents and 35,422 pages.

(Edgewood OR EHS) AND ("light* permit" OR "electrical permit") returns 690 docs and 9,234 pages.

Let me know if we should run the search that we proposed last week.

# BoardmanClark

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Friday, September 16, 2022 2:45 PM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp,

Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Correct.  You've proposed to narrow that part of the search related to the "permit" and we are looking to understand the impact of whatyou are proposing.

In addition, regarding the number of "hits," you should be able to reduce the number of "hits" by filtering out what you've already produced and/or reviewed / found non-responsive.

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

# GODFREY⫶⫶KAHN s.c.

This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Thursday, September 15, 2022 3:02 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

[EXTERNAL] This message originated from outside your domain.

Jonathon,

I believe I understand but to avoid doubt, you want to know the difference in the number of documents with families between:

> (Edgewood OR EHS) AND permit

versus
> (Edgewood OR EHS) AND ("light* permit" OR "electrical permit")

Is that correct?

Sarah

# BoardmanClark

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify

us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Thursday, September 15, 2022 10:57 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

No problem.  I wrote:

*The suggested search revisions would exclude a search for ("Edgewood" OR "EHS") AND "permit."  Without the suggested domain limitations you are proposing, what is the "hit" total, inclusive of families, for that search versus with what you are proposing – ("Edgewood" OR "EHS") AND ("light\* permit" OR "electrical permit")?*

I assume that you are seeking to limit that part of  the search related to "permit" to ("light\* permit" OR "electrical permit") because you are saying that searching "Edgewood" AND "permit" is resulting in irrelevant false hits.  I'm asking to see the comparative number of "hits" (w/ families) to determine the materiality of this issue.  In other words, how many "hits" are eliminated by switching to your proposed language: ("light\* permit" OR "electrical permit")

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

# GODFREY KAHN s.c.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Thursday, September 15, 2022 10:49 AM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Can you clarify?  I am not understanding.  I thought your question was what is the result if we run the search we proposed but did not include the limit that "@cityofmadison.com" be in both the "to" domain and the "from" domain.

# BoardmanClark

**SARAH A. ZYLSTRA** (SHE/HER)

ATTORNEY

| | |
|---|---|
| DIRECT +1 608-283-1741 | BOARDMAN & CLARK LLP |
| PHONE 608-257-9521 | 1 SOUTH PINCKNEY ST STE 410 |
| FAX 608-283-1709 | PO BOX 927 |
| SZYLSTRA@BOARDMANCLARK.COM | MADISON, WI 53701-0927 |
| BOARDMANCLARK.COM | |

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Thursday, September 15, 2022 10:27 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

Thanks, Sarah.

We'll give this some thought.  However, please take a look again at my third question – I don't think you answered it.  It did not relate to the domain limitations, but to the impact of your variance on the "permit" term-related searches.

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

# GODFREY⫶KAHN s.c.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Thursday, September 15, 2022 9:24 AM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

[EXTERNAL] This message originated from outside your domain.

Jonathon,

Thank you for your questions.  Your questions caused us to go back and re-examine the results from your original search.  To clarify, the results from your original search with families is 11,599 documents and 62,854 pages.

In answer to your questions:

1.   The 11,599 documents includes families.

2. That is correct, we believe this search would not hit any documents unless they were attached to an email that hit. We have understood that your goal with this discovery was to find more internal emails, so we crafted a search that was targeted at internal emails.
3. Without the domain limitations, the total number of hits with our proposed search terms is 8,632 documents totaling 56,580 pages. We believe that it is too burdensome to review.

Sarah

**BoardmanClark**

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Wednesday, September 14, 2022 10:26 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>; Knapp, Bruce <BKnapp@gklaw.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]
**Importance:** High

Sarah:

Thanks for the summary.  A couple of follow-up questions to better understand what you are proposing and to give us a bit more transparency:

1. Are 9,076 hits you identified the raw total hits or does it include the "families" (i.e., emails and attachments)?
2. Won't the domain limitations you are proposing act to exclude attachment "hits" where the domain limitations are not met by the underlying email?
3. The suggested search revisions would exclude a search for ("Edgewood" OR "EHS") AND "permit."  Without the suggested domain limitations you are proposing, what is the "hit" total, inclusive of families, for that search versus with what you are proposing – ("Edgewood" OR "EHS") AND ("light* permit" OR "electrical permit")?

Jonathan

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com
**GODFREY KAHN** s.c.
This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by

*the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**From:** Sarah A. Zylstra <szylstra@boardmanclark.com>
**Sent:** Tuesday, September 13, 2022 1:51 PM
**To:** Ingrisano, Jonathan <jingrisa@gklaw.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>
**Subject:** RE: EHS -- revised key word search [GK-Active.FID3018047]

**[EXTERNAL] This message originated from outside your domain.**

Jonathon,

Thank you for your patience as we have worked through the search. The City has run the search you requested. We have not yet run the search for the two personal email accounts you requested (Rummel's gmail and Evers' personal). We wanted to wait and get consensus on the search before asking those custodians to run it on their personal email accounts.

The total number of documents on the other custodians is 9,076 and total number of pages is 23,196.

We believe those numbers are still too high. We are suggesting limiting the search to the following text:

(Edgewood OR EHS) AND ("master plan" OR "light* permit" OR "electrical permit" OR light* OR ordinance)

and requiring that "@cityofmadison.com" be in both the "to" domain and the "from" domain. This would reduce the amount to 2,766 documents and 10,132 pages.

We note that the word permit can be both a noun and a common verb and therefore we have tried to limit that reference to the noun.

Please let us know your thoughts.

Sarah

**BoardmanClark**

**SARAH A. ZYLSTRA** (SHE/HER)
ATTORNEY

DIRECT +1 608-283-1741
PHONE 608-257-9521
FAX 608-283-1709
SZYLSTRA@BOARDMANCLARK.COM
BOARDMANCLARK.COM

BOARDMAN & CLARK LLP
1 SOUTH PINCKNEY ST STE 410
PO BOX 927
MADISON, WI 53701-0927

This is a transmission from the law firm of Boardman & Clark LLP and may contain information which is privileged, confidential, and protected by the attorney-client and/or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately via email at szylstra@boardmanclark.com or via telephone at (608) 257-9521. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.

**From:** Ingrisano, Jonathan <jingrisa@gklaw.com>
**Sent:** Wednesday, September 7, 2022 9:29 AM
**To:** Sarah A. Zylstra <szylstra@boardmanclark.com>; Tanner G. Jean-Louis <TJeanLouis@boardmanclark.com>
**Cc:** Wittenwyler, Mike <mwittenw@gklaw.com>; Noel Sterett <nsterett@daltontomich.com>
**Subject:** EHS -- revised key word search [GK-Active.FID3018047]

Sarah:

Here is EHS's proposal on the supplemental search ordered by the Court.

1. Limit time to October 1, 2018 through December 1, 2019.
2. Custodians.
    1. Hank
    2. Tucker
    3. Parks
    4. Stouder
    5. Moskowitz
    6. Thiele
    7. General Building Inspection email
    8. Rewey (new)
    9. Harper (new)
    10. Strange
    11. Evers' personal
    12. District 13 (Evers)
    13. District 2 (Heck)
    14. District 6 (Rummel)
    15. District 5 (Bidar)
    16. Rummel's gmail
3. Search terms:

    (Edgewood OR EHS) AND ("master plan" OR permit OR light* OR field OR stadium OR ordinance)

Please let me know your thoughts.  We are happy to review preliminary "hit" counts with you and discuss any appropriate adjustments.

**Jonathan Ingrisano** | Attorney
414.287.9611 direct | jingrisa@gklaw.com

**GODFREY KAHN** S.C.

*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.