UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

EDGEWOOD HIGH SCHOOL OF THE
SACRED HEART, INC.,

        Plaintiff,

v.

Case No.: 3:21-cv-00118-wmc

CITY OF MADISON, WISCONSIN, *et al*.

        Defendants.

---

### PLAINTIFF'S OBJECTIONS TO BILL OF COSTS

---

Plaintiff Edgewood High School of the Scared Heart, Inc. ("EHS"), hereby objects to Defendants' Bill of Costs filed in the above-captioned matter.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The costs that may be taxed under that rule are limited to those enumerated in 28 U.S.C. § 1920: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies were necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters. Thus, "§ 1920 defines the term 'costs' as used in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). The Supreme Court has emphasized the "narrow scope of taxable costs." Taniguchi v. Kan Pacific Saipan, Ltd., 566 U.S. 560, 573 (2012). "Taxable costs are limited to relatively minor,

incidental expenses.... [T]axable costs are limited by statute and are modest in scope...." Id. Whether a particular cost is within the scope of § 1920 is an issue of statutory construction and thus a question of law. In re Ricoh Co., Ltd. Patent Litig., 661 F.3d 1361, 1364 (Fed. Cir. 2011).

"Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005). That presumption does not, however, relieve the prevailing party of the burden of establishing that potentially recoverable costs it incurred were reasonable and necessary. Telular Corp. v. Mentor Graphics Corp., No. 01 C 431, 2006 WL 1722375 at *1 (N.D. Ill. June 16, 2006).

EHS objects to three categories of expenses from Defendants' Bill of Costs.

1. EHS objects to $1,089.82 in video deposition expenses related to the videographer for the deposition of Michael Elliott. "[I]n addition to being authorized by statute, the cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." Little v. Mitsubishi Motors N. Am., Inc., 514 F.3d 699, 702 (7th Cir. 2008). Here there was not even a slight reason to believe that Mr. Elliott would not be available for trial – he is a Wisconsin resident, the then-President of the Plaintiff, and a material witness for the Plaintiff. "[T]he need for preserving a domestic witness's testimony by video-recording is small when [the prevailing party] has failed to provide a legitimate basis for that witness's proffered unavailability." E.g., Life Plans Inc. v. Security Life of Denver Ins. Co., 52 F. Supp. 3d 893, 897 (N.D. Ill. 2014) (quotations omitted).

2. EHS objects to the total of $105 in deposition shipping costs set forth in the various invoices submitted in Defendants' Bill of Costs. Incidental costs in depositions such as shipping, binding, and tabbing are generally not taxable, as these costs are not identified in Section 1920. U.S. ex rel. Long v. GSDMIdea City, LLC, 807 F.3d 125, 133 (5th Cir. 2015) (citing Wahl v. Carrier Mfg. Co., 511 F.2d 209, 217 (7th Cir. 1975)).

3. For this same reason EHS objects to $1,041.58 of deposition costs associated with exhibits from the depositions. Defendants' proffered invoices reflect either "PDFs of [witness] Exhibits via E-mail" or more generically "Exhibits." In short, the Defendants are seeking costs associated with vendors' scanning and emailing to counsel the exhibits of depositions – copies of which are otherwise available with the transcript. This convenience cost for processing and shipping exhibits is not permitted under Section 1920 nor reasonably shifted to EHS. For the same reasons that shipping transcripts are not a permissible cost, shipping deposition exhibits by email is similarly not permitted.

EHS therefore objects to a combined $2,236.37 of the City's Bill of Costs.

Dated: January 23, 2023                    Respectfully submitted,

                                           GODFREY & KAHN, S.C.

                                           *s/Jonathan R. Ingrisano*
                                           Mike B. Wittenwyler (SBN 1025895)
                                           Jonathan R. Ingrisano (SBN 1033977)
                                           833 East Michigan Street, Suite 1800
                                           Milwaukee, WI 53202
                                           Phone: (414) 273-3500
                                           Fax: (414) 273-5198
                                           mwittenw@gklaw.com
                                           jingrisa@gklaw.com

                                           DALTON & TOMICH, PLC

                                           *Noel W. Sterett (IL 6292008)
                                           401 W. State St., Suite 509

Rockford, IL 61101
Phone: (815) 986-8050
Fax: (313) 859-8888
nsterett@daltontomich.com
*Admitted *Pro Hac Vice*

*Attorneys for Plaintiff*

28681161.1