IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDGEWOOD HIGH SCHOOL
OF THE SACRED HEART, INC.,

    Plaintiff,

    v.                                                   Case No. 3:21-CV-118

CITY OF MADISON, WISCONSIN;
CITY OF MADISON ZONING BOARD
OF APPEALS; CITY OF MADISON
PLAN COMMISSION; and CITY OF
MADISON COMMON COUNCIL,

    Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANTS' BILL OF COSTS**

**INTRODUCTION**

    Edgewood's objects to a few line items in Defendants' Bill of Cost such as shipping fees, processing fees, or video recording fees, all of which were associated with the depositions in this case and all of which were actually charged by the court reporting service and paid by Defendants. However, as this Court has recognized previously, "the court need not conduct a painstaking inspection of the costs to determine that certain costs are 'reasonable and necessary' to the litigation" because "market incentives will do a better job keeping costs in check than the court could possibly do after the fact." *Z Trim Holdings, Inc. v. Fiberstar, Inc.*, No. 07-CV-161-BBC, 2008 WL 3843507, at *2 (W.D. Wis. Aug. 12, 2008), *dismissed*, 316 F. App'x 975 (Fed. Cir. 2008). After all, at the time of a deposition, a party cannot know whether it will prevail and be awarded costs. And while "the party seeking costs must at least show that the costs were incurred for the case at hand[,] … once it is established that costs were incurred for issues related

1

to the case at hand, costs should generally be accepted so long as they fall into one of the categories of costs statutorily authorized for reimbursement." *Id.*

Of those categories, "28 U.S.C. § 1920(2) authorizes taxation of *costs associated with the taking of deposition*, including both stenographic transcripts and video recording in the same case." *Id.* at *1 (emphasis added). These costs include the costs of video recordings, shipping costs, and costs associated with processing exhibits, all of which Plaintiff has objected to.

## ARGUMENT

**A. The Costs of the Video Deposition of Mr. Elliott were Reasonable and Necessary.**

A 1993 amendment to FRCP 30 removing the requirement that a party who videotapes a deposition must obtain a transcript "at the party's own expense" demonstrates that "the rule-makers intended to allow the costs of both video-recording and stenographic transcription to be taxed to the losing party." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Edgewood objects to the cost of videotaping the deposition of Edgewood's former president, Michael Elliot, arguing that "there was not even a slight reason to believe that Mr. Elliott would not be available for trial – he is a Wisconsin resident, the then-President of the Plaintiff, and a material witness for the Plaintiff." (Dkt. 108 at 2).

Plaintiff's objection is unfounded. First, Defendants were well aware that Mr. Elliot was retiring prior to trial, after which point he would no longer be under Edgewood's control, and Defendants had no way of knowing where he might live after retirement or whether he may be subject to the Court's subpoena power. (Elliott Dep., Dkt. 33, 17:23-25, indicating he was retiring in June 2022). In fact, Mr. Elliott testified that he had a home in St. George, Utah. (*Id.* 18:14-19). It is the very fact that Mr. Elliot was such a key witness that dictated that his deposition testimony by video must be preserved. It is not "unreasonable for [a] defendant to

'play it safe' by videotaping depositions . . . in circumstances in which there is even a slight chance that the witness may not be present at trial." *Z Trim Holdings*, 2008 WL 3843507, at *1; *see also* S*unbeam Prod., Inc. v. Homedics, Inc.*, No. 08-CV-376-SLC, 2010 WL 2571983, at *1 (W.D. Wis. June 21, 2010) ("Although it is possible that [the party] could have survived without videotaping these depositions" playing it safe was not unreasonable.) Indeed, Defendants did not videotape all depositions, but rather, only Mr. Elliott because he was such a key witness and his retirement presented circumstances where he might not be available for trial.

Additionally, prior to Mr. Elliot's deposition, Edgewood videotaped the deposition of Alder Tag Evers, despite having no reason to believe that Alder Evers would be unavailable for trial. (*See* Dkt. 31). If Edgewood was videotaping the City's representatives and had the benefit of analyzing body language and voice intonation, and Defendants were deprived the ability to do the same for Edgewood's representatives, Edgewood would gain a tactical advantage. That alone is sufficient to justify the costs of video depositions. *See Z Trim Holdings*, at *1 (not unreasonable to videotape depositions when the other side is doing the same); *see also In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 856 (N.D. Ill. 2015).

**B. The Court Reporter's Shipping and Handling Costs were Reasonable and Necessary.**

Edgewood cites Fifth Circuit law for the proposition that shipping costs associated with a deposition are generally not taxable, but the Seventh Circuit disagrees. "[C]osts 'incidental' to the taking of the depositions . . . such as per diem and delivery charges by the court reporter" are recoverable. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995).

The costs of processing exhibits are also recoverable. *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d at 856 (approving $932.10 in exhibit charges and $525 in handling/processing charges). "[I]t is not unreasonable to request copies of the exhibits used during a deposition, for

3

even if the exhibits have been produced in discovery, it could be that the deponent, attorney, or both marked on the exhibit during the deposition, making the deposition copy unique." *Id.* "Plus, exhibits are often authenticated during a deposition, and it may be necessary for attorneys to use the marked exhibit in order to benefit from that authentication." *Id.* Edgewood cites no law for its position that the costs of processing and shipping exhibits are not permitted.

## CONCLUSION

For the reasons stated above, Defendants Bill of Costs should be approved and the costs described therein should be taxed against Edgewood.

Respectfully submitted,

*/s/ Sarah A. Zylstra*
Sarah A. Zylstra, State Bar No. 1033159
Tanner G. Jean-Louis, State Bar No. 1122401
BOARDMAN & CLARK LLP
1 South Pinckney Street, Suite 410
P. O. Box 927
Madison, WI 53701-0927
Telephone: (608) 257-9521
Facsimile: (608) 283-1709
szylstra@boardmanclark.com
tjeanlouis@boardmanclark.com
*Attorneys for Defendants*